**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
Ian R. Winters
Sean C. Southard
Stephanie R. Sweeney
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

In re:  :  Chapter 11

FIRESTAR DIAMOND, INC.  :  Case No. 18-10509 (SHL)

        Debtor.  :  Joint Administration Requested

---

In re:  :  Chapter 11

A. JAFFE, INC.  :  Case No. 18-10510 (SHL)

        Debtor.  :  Joint Administration Requested

---

In re:  :  Chapter 11

FANTASY, INC.  :  Case No. 18-10511 (SHL)

        Debtor.  :  Joint Administration Requested

---

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES**

Firestar Diamond, Inc. ("Firestar"), A. Jaffe, Inc. ("A. Jaffe") and Fantasy, Inc. ("Fantasy"), the debtors and debtors-in-possession (each a "Debtor" and collectively the "Debtors") in the above-referenced chapter 11 cases (the "Bankruptcy Cases"), by and through their undersigned proposed counsel, hereby move (the "Motion") for entry of an order in substantially the form annexed hereto as **Exhibit A** authorizing the joint administration of these Bankruptcy Cases for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. In support of the Motion, the Debtors rely upon the Declaration of Mihir Bhansali, President of the Debtors, pursuant to Local Bankruptcy Rule 1007-2 (the "Bhansali Declaration"), filed contemporaneously herewith, and respectfully represent as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**GENERAL BACKGROUND**

4. On February 26, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code, commencing the Bankruptcy Cases in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2

5. The Debtors remain in possession of their assets and have continued to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Bankruptcy Cases.

7. A detailed description of the Debtors' businesses and the facts precipitating the filing of the Bankruptcy Cases are set forth in the Bhansali Declaration. Those facts are incorporated herein by reference.

## RELIEF REQUESTED

8. Pursuant to Bankruptcy Rule 1015(b), the Debtors seek entry of an order directing joint administration of the Bankruptcy Cases for procedural purposes only. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. See 11 U.S.C. § 101(2). Accordingly, the Court is authorized to grant the relief requested herein.

## BASIS FOR RELIEF

9. The joint administration of these Bankruptcy Cases is in the best interest of the Debtors, their creditors, and all parties-in-interest. Absent entry of an order directing joint administration of these Bankruptcy Cases, day-to-day administration would require duplicative notices, applications and orders. Joint administration eliminates these issues, thereby saving the Debtors' estates significant time and expense. Not only will joint administration provide a definite and tangible benefit to the estates, but it will not harm the rights of creditors, because

this Motion requests only administrative, and not substantive, consolidation of the estates. Additionally, (a) the Court would be relieved of the burden of entering duplicative orders and maintaining duplicative dockets and files, and (b) the United States Trustee for the Southern District of New York's (the "U.S. Trustee") supervision of the administrative aspects of the Bankruptcy Cases would be simplified.

10. Joint administration of interrelated chapter 11 cases is routinely approved by courts in this district under similar circumstances and is generally non-controversial.  See, e.g., In re NII Holdings, Inc., No. 14-12611 (SCC) ( Bankr. S.D.N.Y. Sep. 16, 2014); In re Genco Shipping & Trading Limited, et. al., No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014); In re Legend Parent, Inc., No. 14-10701 (REG) (Bankr. S.D.N.Y. Mar. 21, 2014); In re Sbarro LLC, No. 14-10577 (MG) (Bankr. S.D.N.Y. Mar. 12, 2014).

11. Accordingly, the Debtors request that the Clerk of the United States Bankruptcy Court for the Southern District of New York (the "Clerk of the Court") maintain one file and one docket for the three jointly administered cases under the case number of Firestar and that the Clerk of the Court administer the Bankruptcy Cases under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ X
                                                                   :
In re:                                                             :   Chapter 11
                                                                   :
FIRESTAR DIAMOND, INC., et al.,                                    :   Case No. 18-10509 (SHL)
                                                                   :
                                  Debtors.                         :   (Jointly Administered)
                                                                   :
------------------------------------------------------------------ X

12. All pleadings filed and each notice mailed by the Debtors will include a footnote listing the Debtors and the last four digits of their tax identification numbers.  Moreover, the full

tax identification numbers and previous names, if any, will be listed in the petition for each Debtor. Such petitions are publicly available to all parties, including on a website to be maintained by the Debtors' notice and claims agent, and will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements for bankruptcy captions governed by Bankruptcy Rule 2002(n) have been satisfied.

13. The Debtors also request that a docket entry, substantially similar to the following, be entered on the dockets of A. Jaffe and Fantasy:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of Firestar Diamond, Inc., A. Jaffe, Inc. and Fantasy, Inc. The docket in Bankruptcy Case No. 18-10509 (SHL) should be consulted for all matters affecting these cases.

14. The Debtors presently intend to prepare and file consolidated monthly operating reports for Firestar and Fantasy and separate monthly operating reports for A. Jaffe. The Debtors will separately set forth distributions for each Debtor as a schedule to the extent required by the United States Trustee Operating Guidelines, with said reports to be filed in the lead case, rather than in each of the Debtors' individual cases.

15. Finally, for purposes of efficiency and in order to streamline notice of all matters that may affect creditors of any of the Debtors, the Debtors request authority to file a single consolidated list of creditors of Firestar and Fantasy in each of their Bankruptcy Cases and a separate list of creditors of A. Jaffe in its Bankruptcy Case.

## **NOTICES**

16. Notice of this Motion will be given to: (a) the Office of the U.S. Trustee; (b) all parties that have filed a notice of appearance in the Bankruptcy Cases, (c) the Debtors' secured

creditors or their counsel; (d) the Debtors' twenty (20) largest unsecured creditors; and (e) all required governmental entities. The Debtors submit that, under the circumstances, no other or further notice is required.

## **NO PRIOR NOTICE**

17. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order granting the relief requested and such other or further relief as is just and proper.

Dated:  New York, New York
        February 28, 2018

                                      KLESTADT WINTERS JURELLER
                                      SOUTHARD & STEVENS, LLP

                              By:  */s/ Ian R. Winters*
                                    Ian Winters
                                    Sean C. Southard
                                    Stephanie Sweeney
                                    200 West 41st Street, 17th Floor
                                    New York, New York 10036
                                    Tel: (212) 972-3000
                                    Fax: (212) 972-2245
                                    Email: iwinters@klestadt.com
                                                      ssouthard@klestadt.com
                                                      ssweeney@klestadt.com

                                    *Proposed Counsel to the Debtors and Debtors*
                                    *in Possession*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ X
                                                             :
In re:                                                       :   Chapter 11
                                                             :
FIRESTAR DIAMOND, INC.                                       :   Case No. 18-10509 (SHL)
                                                             :
                Debtor.                                      :   Joint Administration Requested
                                                             :
------------------------------------------------------------ X
                                                             :
In re:                                                       :   Chapter 11
                                                             :
A. JAFFE, INC.                                               :   Case No. 18-10510 (SHL)
                                                             :
                Debtor.                                      :   Joint Administration Requested
                                                             :
------------------------------------------------------------ X
                                                             :
In re:                                                       :   Chapter 11
                                                             :
FANTASY, INC.                                                :   Case No. 18-10511 (SHL)
                                                             :
                Debtor.                                      :   Joint Administration Requested
                                                             :
------------------------------------------------------------ X
```

**ORDER PURSUANT TO RULE 1015(b) OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of Firestar Diamond, Inc. ("Firestar"), A. Jaffe, Inc. ("A. Jaffe") and Fantasy, Inc. ("Fantasy"), as chapter 11 debtors and debtors in possession (each a "Debtor" and collectively the "Debtors") in the above-referenced chapter 11 cases (the "Bankruptcy Cases"), for entry of an Order directing joint administration of the Bankruptcy Cases, and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and the Motion being a core proceeding under

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and the First Day Declaration and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion justify the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. The above-captioned Bankruptcy Cases are consolidated for procedural purposes only and shall be jointly administered by this Court in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3. The Clerk of the Court shall maintain one file and one docket for the Bankruptcy Cases, which file and docket shall be the file and docket for the chapter 11 case of Firestar Diamond, Inc., Case No. 18-10509 (SHL). The caption of the jointly administered cases is to read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
FIRESTAR DIAMOND, INC., et al.,                                  :    Case No. 18-10509 (SHL)
                                                                 :
                                    Debtors.                     :    (Jointly Administered)
                                                                 :
---------------------------------------------------------------- X

    4.      All pleadings shall be filed in the captioned case listed in the paragraph above.

    5.      A docket entry shall be entered on the dockets of A. Jaffe and Fantasy to reflect the joint administration of the Bankruptcy Cases in substantially the following form:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of Firestar Diamond, Inc., A. Jaffe, Inc. and Fantasy, Inc. The docket in Bankruptcy Case No. 18-10509 (SHL) should be consulted for all matters affecting these cases.

    6.      The Debtors are authorized to file consolidated monthly operating reports for Firestar and Fantasy and separate monthly operating reports for A. Jaffe. The Debtors shall separately set forth disbursements for each Debtor as a schedule to the extent required by the United States Trustee Operating Guidelines, with said reports to be filed in the lead case, rather than in each of the Debtors' individual cases.

    1.      The Debtors are authorized to file a single consolidated list of creditors of Firestar and Fantasy in each of their Bankruptcy Cases and a separate list of creditors of A. Jaffe in its Bankruptcy Case.

3

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the estates in these Bankruptcy Cases.

8. The Debtors and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:   New York, New York
         _____, 2018

                HONORABLE SEAN H. LANE
                UNITED STATES BANKRUPTCY JUDGE