**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
Ian R. Winters
Sean C. Southard
Stephanie R. Sweeney
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FIRESTAR DIAMOND, INC. | : | Case No. 18-10509 (SHL) |
| | : | |
| Debtor. | : | Joint Administration Requested |
| | : | |

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| A. JAFFE, INC. | : | Case No. 18-10510 (SHL) |
| | : | |
| Debtor. | : | Joint Administration Requested |
| | : | |

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FANTASY, INC. | : | Case No. 18-10511 (SHL) |
| | : | |
| Debtor. | : | Joint Administration Requested |
| | : | |

---

**DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO USE EXISTING CASH MANAGEMENT SYSTEM AND MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND (II) WAIVING REQUIREMENTS OF 11 U.S.C. § 345(b)**

**TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:**

Firestar Diamond, Inc. ("Firestar"), A. Jaffe, Inc. ("A. Jaffe") and Fantasy, Inc. ("Fantasy" and collectively, with Firestar and A. Jaffe, the "Debtors") debtors and debtors-in-possession in the above-referenced cases (the "Chapter 11 Cases"), by and through their proposed attorneys, Klestadt Winters Jureller Southard & Stevens, LLP, hereby move (the "Motion") for entry of interim and final orders pursuant to sections 105(a), 363, 1107 and 1108 of Title 11 of the United States Code (the "Bankruptcy Code") (I) authorizing, but not requiring, the Debtors to continue use of their existing cash management systems and maintain existing bank accounts and business forms and (II) waiving the requirements of 11 U.S.C. § 345(b) to the extent the Bank Accounts contain funds in excess of the amounts insured by the Federal Deposit Insurance Corporation or otherwise are not fully insured. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Mihir Bhansali, President of the Debtors, Pursuant to Local Bankruptcy Rule 1007-2 (the "Bhansali Declaration"). In further support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105(a), 345(b), 363, 1107 and 1108 of the Bankruptcy Code and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

## INTRODUCTION

4.      On February 26, 2018 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code commencing the above-referenced Chapter 11 Cases.

5.      The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6.      As of the date hereof, no creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases.

7.      The Court and interested parties are respectfully referred to the Bhansali Declaration for background regarding the Debtors, their business operations, their capital and debt structures and the events leading up to the filing of the Chapter 11 Cases.

## RELIEF REQUESTED

8.      The Office of the United States Trustee ("U.S. Trustee") has established certain operating guidelines for debtors-in-possession in order to supervise the administration of chapter 11 cases. These guidelines require chapter 11 debtors to, among other things, (a) close all existing bank accounts and open new debtor-in-possession bank accounts, (b) establish one debtor-in-possession account for all estate monies required for the payment of taxes including payroll taxes, (c) maintain a separate debtor-in-possession account for cash collateral and (d) obtain checks for all debtor-in-possession accounts which bear the designation "debtor-in-possession," the bankruptcy case number and the type of account. These requirements are designed to provide a clear line of demarcation between pre-petition and post-petition

transactions and operations and to prevent the inadvertent post-petition payment of pre-petition claims.

9. The Debtors request authorization to maintain their Existing Bank Accounts (as defined below) and continue to use their Business Forms (as defined below) in the same manner in which they existed prior to the Petition Date. As further described below, the Debtors' cash management system is coordinated among the Debtors and various third parties including the Debtors' customers and financial institutions. Maintenance of the Debtors' Existing Bank Accounts and Business Forms is necessary to avoid delay and confusion and prevent disruption to the Debtors' customers and business operations.

### THE DEBTORS' PREPETITION CASH MANAGEMENT SYSTEMS AND BUSINESS FORMS

10. As of the Petition Date, the Debtors maintain eight (8) bank accounts, including seven with HSBC Bank USA, N.A. ("HSBC") and one with Israel Discount Bank of New York ("IDB"). Of the eight bank accounts, four (4) are operating accounts, two (2) are payroll accounts, one (1) is a petty cash and manual check account and one (1) is a sweep account. A list of the Debtors' accounts, as well as the last four digits of the account numbers, is annexed as **Exhibit A** (collectively, the "Bank Accounts").

11. Firestar utilizes two of the four operating accounts, one with HSBC and one with IDB. A. Jaffe utilizes one operating account with HSBC, and Fantasy utilizes the remaining operating account with HSBC. Firestar utilizes one payroll account and the petty cash/manual check account with HSBC. A. Jaffe utilizes the remaining payroll account and the sweep account with HSBC.

12. In the ordinary course of business, the Debtors utilize all of the Bank Accounts for the purposes described above. Each of these accounts is critical to the Debtors' daily

4

operations.

13.    Further, in the ordinary course of business, the Debtors use a number of checks, business letterheads, purchase orders, invoices, envelopes, promotional materials and other business forms and correspondence (collectively, the "Business Forms"). Given that the Business Forms were used prepetition, they do not include reference to the Debtors' current status as debtors in possession. Most parties doing business with the Debtors will be aware of the Debtors' status as debtors-in-possession as a result of the notice of commencement of these Chapter 11 Cases that has been or will soon be provided to parties in interest. As is the case with the Existing Bank Accounts, requiring the Debtors to change their Business Forms would unnecessarily distract the Debtors from their restructuring efforts and impose needless expenses on the estates, without any meaningful corresponding benefit.

## BASIS FOR RELIEF

14.    Section 363(c)(1) of the Bankruptcy Code provides a debtor-in-possession with the flexibility to engage in the ordinary course transactions required to operate its business without unnecessary oversight by its creditors or the court. *See Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 384 (2d Cir. 1997); *In re Enron Corp.*, Case No. 01-16034, 2003 WL 1562202, at *15 (Bankr. S.D.N.Y. Mar. 21, 2003); *Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.)*, 207 B.R. 406, 409 (S.D.N.Y. 1997). Included within the purview of section 363(c)(1) is a debtor's ability to continue the "routine transactions" necessitated by a debtor's cash management system. *See Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.)*, 75 F.3d 1447, 1453 (10th Cir. 1996). A debtor's request for authorization to continue to use its existing cash management system has therefore been held to be entirely consistent with section 363(c)(1), which allows a debtor-in-possession to "use property of the estate in the ordinary course of business." *See*

5

*Charter Co. v. Prudential Ins. Co. of Am. (In re Charter Co.)*, 778 F.2d 617, 621 (11th Cir. 1985).

15.     In similar cases, this Court has routinely waived or modified the U.S. Trustee guidelines to allow debtors to maintain their existing cash management systems. *See, e.g.*, *In re Finlay Enterprises, Inc.*, Case No. 09-14873 (JMP) (Bankr. S.D.N.Y. Sept. 3, 2009); *In re Extended Stay Inc.*, Case No. 09-13764 (JMP) (Bankr. S.D.N.Y. July 20, 2009); *In re U.S. Shipping Partners L.P.*, Case No. 09-12711 (RDD) (Bankr. S.D.N.Y. June 18, 2009); *In re Bearing Point, Inc.*, Case No. 09-10691 (REG) (Bankr. S.D.N.Y. March 13, 2009); *In re Global Crossing, Ltd.*, Case No. 02-40188 (Bankr. S.D.N.Y. May 17, 2002); *In re Teligent, Inc.*, Case No. 01-12974 (Bankr. S.D.N.Y. June 13, 2001); *In re The Warnaco Group, Inc.*, Case No. 01-41643 (Bankr. S.D.N.Y. June 11, 2001).

16.     Courts have similarly routinely waived or modified the U.S. Trustee guidelines to allow debtors to continue to use their existing business forms, at least until the debtor's existing business form stock was depleted. *See, e.g.*, *In re Gemini Systems, LLC*, Case No. 15-10574 (Bankr. S.D.N.Y. 2015); *In re Rienzi & Sons, Inc.*, Case No. 15-40926 (NHL) (Bankr. E.D.N.Y. 2015); *In re Quirky, Inc.*, Case No. 15-12596 (MG), (Bankr. S.D.N.Y. 2015); *In re The Connaught Group, Ltd.*, Case No. 12-10512 (SMB) (Bankr. S.D.N.Y. 2012); *In re Dia Deb International Inc.*, Case No. 11-13376 (MG) (Bankr S.D.N.Y. 2011); *In re Innkeepers USA Trust*, Case No. 10-13800 (SCC) (Bankr. S.D.N.Y. Sept. 2, 2010); *In re Neff Corp.*, Case No. 10-12610 (SCC) (Bankr. S.D.N.Y. June 9, 2010); *In re Citadel Broad. Corp.*, Case No. 09-17442 (BRL) (Bankr. S.D.N.Y. Feb. 3, 2010); *In re Reader's Digest Ass'n, Inc.*, Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. Nov. 20, 2009); *In re Lear Corp.*, Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. July 31, 2009).

17. The Debtors respectfully submit that maintaining the Existing Bank Accounts and Business Forms is the most efficient and cost-effective way of proceeding in these Chapter 11 Cases. The Debtors have coordinated their payroll, customer deposits and expense payments through the Existing Bank Accounts for an extended period of time. Changing these procedures would disrupt customers' payments to the Debtors, interrupt payroll and other payments and severely hamper the Debtors' abilities to efficiently and seamlessly pay their employees and operate their businesses. Strict compliance with the U.S. Trustee guidelines would require opening new accounts, instructing customers to redirect their payments, and implementing new agreements with the Debtors' financial institutions, which would cause unnecessary delay and confusion and potentially jeopardize the Debtors' relationship with their customers.

18. The Debtors' cash management procedures are ordinary, usual and essential business practices. The Debtors' cash management systems include the necessary accounting controls to enable the Debtors to trace funds through the system and ensure that transactions are adequately documented and readily ascertainable. The Debtors currently maintain and will continue to maintain detailed and accurate accounting records reflecting all transfers of funds. The Debtors will not pay, and the banks will be directed not to pay, any debts incurred before the Petition Date, except as authorized by this Court.

19. The Debtors submit that the relief requested herein is necessary to avoid immediate, irreparable harm, is consistent with relief granted in other similar chapter 11 cases and is in the best interests of the Debtors and their estates and creditors.

**NOTICE**

20. Notice of this Motion has been given by email, facsimile or personal delivery of a copy to (a) the Office of the United States Trustee; (b) all parties that have filed a notice of

appearance in the Debtors' Chapter 11 Cases; (c) the Debtors' secured creditors or their counsel; (d) the Debtors twenty (20) largest unsecured creditors; and (e) all required governmental entities. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

## NO PRIOR REQUEST

21. No previous motion for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Interim Order substantially in the form annexed hereto as Exhibit B granting the relief requested herein on an interim basis, subject to approval on a final basis, and grant such other and further relief as is just and proper.

Dated:   New York, New York
         February 28, 2018

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:  */s/ Ian R. Winters*
     Ian R. Winters
     Sean C. Southard
     Stephanie S. Sweeney
     200 West 41st Street, 17th Floor
     New York, New York 10036-7203
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: iwinters@klestadt.com
            ssouthard@klestadt.com
            ssweeney@klestadt.com

     *Proposed Counsel to the Debtors and Debtors
        in Possession*

| Name | **HSBC** <br> P.O. Box 9 <br> Buffalo, NY 14240 | **HSBC** <br> P.O. Box 9 <br> Buffalo, NY 14240 | **HSBC** <br> P.O. Box 9 <br> Buffalo, NY 14240 | **IDB Bank** <br> 565 Fifth Ave., 12th Floor <br> New York, NY 10017 |
|---|---|---|---|---|
| Title | Firestar Diamond, Inc. | Firestar Diamond, Inc. | Firestar Diamond, Inc. | Firestar Diamond, Inc. |
| Acct # | xxxxx3004 | xxxxx6799 | xxxxx9209 | xx-xx65-7 |
| Purpose | Operating | Payroll | Petty Cash and Manual Check | Operating |

| Name | **HSBC** <br> P.O. Box 9 <br> Buffalo, NY 14240 | **HSBC** <br> P.O. Box 9 <br> Buffalo, NY 14240 | **HSBC** <br> P.O. Box 9 <br> Buffalo, NY 14240 | **HSBC** <br> P.O. Box 9 <br> Buffalo, NY 14240 |
|---|---|---|---|---|
| Title | A. Jaffe, Inc. | A. Jaffe, Inc. | A. Jaffe, Inc. | Fantasy, Inc. |
| Acct # | xxxxx2460 | xxxxx2486 | xxxxx6873 | xxxxx9441 |
| Purpose | Operating | Payroll | Sweep | Operating |

**EXHIBIT B**

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
Ian R. Winters
Sean C. Southard
Stephanie R. Sweeney
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

*Proposed Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FIRESTAR DIAMOND, INC. | : | Case No. 18-10509 (SHL) |
| Debtor. | : | Joint Administration Requested |
| In re: | : | Chapter 11 |
| A. JAFFE, INC. | : | Case No. 18-10510 (SHL) |
| Debtor. | : | Joint Administration Requested |
| In re: | : | Chapter 11 |
| FANTASY, INC. | : | Case No. 18-10511 (SHL) |
| Debtor. | : | Joint Administration Requested |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) CONTINUE TO USE
EXISTING CASH MANAGEMENT SYSTEM AND MAINTAIN EXISTING
BANK ACCOUNTS AND BUSINESS FORMS AND (II) WAIVE
<u>REQUIREMENTS OF 11 U.S.C. § 345(b)</u>**

2

Upon the motion (the "Motion")[1] of Firestar Diamond, Inc. ("Firestar"), A. Jaffe, Inc. ("A. Jaffe") and Fantasy, Inc. ("Fantasy" and collectively, with Firestar and A. Jaffe, the "Debtors"), the above-captioned debtors and debtors-in-possession, for entry of interim and final orders (I) authorizing, but not requiring, the Debtors to continue use of their existing cash management systems and maintain existing bank accounts and business forms and (II) waiving the requirements of 11 U.S.C. § 345(b) to the extent the Bank Accounts contain funds in excess of the amounts insured by the Federal Deposit Insurance Corporation or otherwise are not fully insured; and this Court having jurisdiction to consider the Motion and the relief requested therein; and consideration of the Motion and the relief required being a core proceeding; and venue being proper before this Court; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors, their creditors, and all parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS ORDERED** as follows:

1.  The Motion is granted on an interim basis as set forth herein.

2.  The Debtors are authorized and empowered, pursuant to section 105(a) and 363(c)(1) of the Bankruptcy Code, to continue to manage their cash pursuant to the Bank Accounts maintained by the Debtors before the commencement of the Chapter 11 Cases and to collect and disburse cash in the Bank Accounts.

---

[1] Terms capitalized but not defined herein shall have the meanings assigned to them in the Motion.

3

3. The Debtors hereby are authorized to: (i) designate, maintain and continue to use any or all of their existing Bank Accounts in the names and with the account numbers existing immediately prior to the commencement of the Chapter 11 Cases, (ii) deposit funds into and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated transfers and other debits, and (iii) treat its prepetition Bank Accounts for all purposes as debtor in possession accounts.

4. All banks with whom the Debtors maintain Bank Accounts are authorized to maintain, service and administer the Bank Accounts and any other accounts opened postpetition in accordance with applicable non-bankruptcy law.

5. Unless otherwise ordered by this Court, no bank shall honor or pay any check issued or dated prior to the Petition Date; provided, however, that any such bank may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to an order of this Court, and such bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

6. The Debtors are authorized to use its existing Business Forms, including, check stock; provided, however, that the Debtors will make reasonable best efforts to include a reference to their status as debtors-in-possession on their Business Forms, and provided moreover, after the Petition Date the Debtors shall print "Debtor In Possession" and the chapter 11 case number under which this case is being administered on any new check stock and Business Forms.

7. Within two (2) business days after the entry of this Order, the Debtors shall serve a copy of this Order on HSBC and IDB.

4

8. Notwithstanding any Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") to the contrary, this Order shall be immediately effective and enforceable upon its entry.

9. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

10. The requirements of Bankruptcy Rule 6004(a) and (h) are hereby waived.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
_____, 2018

                                    HONORABLE SEAN H. LANE
                                    UNITED STATES BANKRUPTCY JUDGE