J. Christopher Shore
Owen C. Pell
Michele J. Meises
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020-1095
Telephone:     (212) 819-8200
Facsimile:     (212) 354-8113

*Attorneys for the Ministry of Corporate Affairs of the Union of India*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., et al.,[1] | Case No. 18-10509 (SHL) |
| Debtors. | Jointly Administered |

**JOINDER OF THE MINISTRY OF CORPORATE AFFAIRS
OF THE UNION OF INDIA TO OBJECTION OF PUNJAB NATIONAL BANK
TO DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING SALE
AND ASSIGNMENT OF DEBTORS' ASSETS FREE AND CLEAR
<u>OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES</u>**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE

The Ministry of Corporate Affairs of the Union of India (the "**Ministry**"), by and through its undersigned counsel, submits this joinder (the "**Joinder**") to the Objection of Punjab National Bank (the "**PNB Objection**") [ECF No. 148] to the Debtors' Motion for Entry of Order Approving the Sale and Assignment of the Debtors' Assets Free and Clear of All Lien, Claims,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number, are as follows: Firestone Diamond, Inc. (2729); Fantasy, Inc. (1673); and A. Jaffe, Inc. (4756).

Interests and Encumbrances [ECF No. 60] (the "**Sale Motion**").[2] In support of this Joinder, the Ministry respectfully represents as follows:

1. On March 23, 2018, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the Sale Motion, seeking authority to sell substantially all of their assets as a whole or to sell separately (a) the assets of Firestar Diamond, Inc. and Fantasy, Inc. and (b) the assets of A. Jaffe, Inc. ("**A. Jaffe**").

2. On May 1, 2018, the Debtors adjourned all but the A. Jaffe auction [ECF No. 136]. On May 5, 2018, the Debtors filed a Notice of Results of Business Line Auction for A. Jaffe Assets [ECF No. 141] (the "**Notice of Results**"). Although the Notice of Results identified a winning bidder and backup bidder for the A. Jaffe assets, it did not provide any other information on the winning and backup bids, including the proposed purchase prices or the terms of the proposed sale, so as to allow parties in interest to assess the proposed sale.

3. The Debtors' lack of transparency and haste in selling the Debtors' assets are subverting the very process that this Court and the U.S. Trustee have put in place to sort out the tangled affairs of the Debtors. As shown by the PNB Objection, there is a good faith basis for concern that the A. Jaffe assets are commingled with assets derived from fraudulent transactions tied to the Modi fraud. This is the likely cause of the disappointing auction results. Only the process established by the Court involving the Examiner can sort out the circumstances of the Debtors' assets so as to allow an auction process to maximize value.

4. It is undisputed that the Debtors entered chapter 11 *after* asset freezing orders were entered in India with respect to a fraud perpetrated by Nirav Modi and others. Those freezing orders named the Debtors as subsidiaries of various Modi-companies implicated in the

---

[2] The Debtors agreed to extend the deadline for the Ministry to file this Limited Objection from May 8, 2018 to May 10, 2018.

Modi financial fraud. Those orders also specifically froze the assets of Mihir Bhansali, a major shareholder in the Modi companies tied to the fraud. Indeed, according to Nirav Modi, "70% of the company reports to Mihir Bhansali, CEO of Firestar Diamond."[3] Bhansali also is the sole director of the Debtors and continues to advise the Debtors and the Chief Restructuring Officer about the Debtors' businesses and presumably the sales process. Notably, after *both* the entry of the freezing orders *and* the chapter 11 petitions in these cases, Bhansali transferred the deed to his $7.1 million New York apartment to his wife (as reflected in public records).

5. To date, the Court and the U.S. Trustee have tried to limit the funds leaving the Debtors' estates and have appointed the Examiner to conduct an investigation of the Debtors and their management (including Bhansali), including to assess how the assets of the estates have been affected by the Modi financial fraud. The Examiner has filed a work plan and a proposed budget [ECF No. 139]. But the Examiner's work is only just starting.

6. The Ministry supports the process that the Court has established for examining the Debtors. For example, it is important to find out whether the Debtors and their management properly valued the A. Jaffe assets, and, if not, how that affected the sales process. It also is important to find out the extent to which the A. Jaffe's assets are the product of fraudulent financial transfers, and, if so, what effect that has on rights in those assets and any sales process. Moreover, to the extent that Bhansali is tied to or has furthered any fraudulent transfers, it will be important to rectify this issue so that his ongoing involvement with the Debtors does not undermine the value of the Debtors' estates.

7. In advocating approval of the A. Jaffe auction, the Debtors assert that they have achieved the best possible result. That assertion, however, is speculative, given the unanswered

---

[3] Pavan Lall, *Can Nirav Modi Win New York?*, FORTUNE INDIA, Oct. 5, 2015, https://www.fortuneindia.com/people/can-nirav-modi-win-new-york/100365.

questions above, and the facts revealed in the PNB Objection. All these open questions highlight the need to honor the process established by the Court, as opposed to rushing to sell estate assets. Accordingly, the Ministry objects to the process by which the Debtors are pursuing the Sale Motion as undermining the transparency and investigation that is integral to this case, and thus also joins in the concerns expressed in the PNB Objection. To the extent the Debtors or discovery by the Examiner or PNB ultimately reveals more about the A. Jaffe assets or the auction process, the Ministry reserves its right to supplement this Joinder.

## CONCLUSION

WHEREFORE the Ministry respectfully objects to the Sale Motion and requests that the Court grant such other and further relief as the Court deems just and proper.

Dated: May 10, 2018
      New York, New York

By:   */s/ J. Christopher Shore*
J. Christopher Shore
Owen C. Pell
Michele J. Meises
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020-1095
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
E-mail: cshore@whitecase.com
       owen.pell@whitecase.com
       michele.meises@whitecase.com

*Attorneys for the Ministry of Corporate Affairs of the Union of India*