JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Proposed Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| FIRESTAR DIAMOND INC., *et al.*,[1] | : | Case No. 18-10509 (SHL) |
| Debtors. | : | Jointly Administered |

**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES**

Richard Levin, not individually but solely as chapter 11 trustee (the "**Trustee**") for the above-captioned debtors (the "**Debtors**"), submits this motion (the "**Motion**") for an order under 11 U.S.C. §§ 105 and 363 and Federal Rule of Bankruptcy Procedure 6004 authorizing the Trustee to sell certain assets of Firestar Diamond, Inc. ("**Firestar**") free and clear of liens and other interests. In support of the Motion, the Trustee respectfully states:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc.(1673), and A. Jaffe, Inc. (4756).

2693706.2

**JURISDICTION & VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2) in which the Court may constitutionally enter a final order, and the Trustee consents to the entry of a final order by the Court. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. This Motion is made under sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**BACKGROUND**

3. On February 26, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases (collectively, the "**Chapter 11 Cases**"). On June 14, 2018, the Court entered an order approving the appointment of the Trustee. [Dkt. 227.]

4. The Trustee is now managing the Debtors' estates to maximize recoveries for the Debtors' creditors. Before the Petition Date, each of the Debtors conducted business as wholesalers of fine jewelry. One of Firestar's major customers is Navy Exchange, which operates retail outlets at various U.S. military bases. Navy Exchange currently holds an assortment of jewelry owned by Firestar (collectively, the "**Inventory**").

5. The Trustee intends to market and sell Firestar's interests in the Inventory to the best and highest bidder. In connection with the sale of the Inventory, the Trustee also intends to sell certain related intellectual property assets (the "**IP**," together with the Inventory, the "**Transferred Assets**").

6. Navy Exchange has advised the Trustee that it does not object to the Trustee's selling Firestar's interests in the Transferred Assets to a third party.

7. Consequently, the Trustee and his professionals have been in discussions with prospective buyers for the Inventory. Of these, Unique Designs, Inc. ("**UDI**") has submitted the highest and best offer to date.

8. Accordingly, on July 18, 2018, the Trustee agreed, subject to any potential overbids and the Court's approval, to the terms for the sale of Firestar's interest in the Transferred Assets, free and clear of all liens and other interests, on an "AS IS," "WHERE IS," and "WITH ALL FAULTS" basis to UDI for consideration in an amount equal to 48% of the aggregate Cost Value[2] of the Inventory as of July 1, 2018 (the "**Purchase Price**"), minus an amount equal to the greater of (a) the proceeds of all inventory sold on or after July 1, 2018, net of any direct expenses of sale, including, without limitation, salary, wages, fringe benefits, taxes (including taxes for which Seller may be liable under Section 6.02 of the Asset Purchase Agreement), and other direct expenses of Debtor's employees at the Navy Stores through the Closing Date and (b) 48% of the Cost Value of the Inventory sold from July 1, 2018 through the Closing Date.

9. On the Closing Date, UDI will deliver 50% of the Purchase Price to the Trustee in cash and a secured promissory note for the remaining 50%. Copies of the proposed Asset Purchase Agreement and related agreements with all exhibits (collectively, the "**Sale Agreement**") are attached hereto as Exhibit A.

10. To ensure UDI's disinterestedness in these chapter 11 cases, the Trustee obtained a disinterestedness declaration, made under penalty of perjury by UDI's principal, Tejas Shah (the "**Shah Declaration**"), disclosing: (i) any connections with Firestar International Limited, Firestar Holdings Limited, Synergies Corporation, Firestar Group, Inc., Firestar Diamond International, Inc., AVD Trading, Inc., and Nirav Modi, Inc., or with any of their agents,

---

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Agreement.

representatives, or affiliates; and (ii) any communications relating to the purchase of the Debtors' assets with the entities noted above since February 21, 2018, Mihir Bhansali since May 18, 2018, or Ajay Gandhi since June 21, 2018. A copy of the Shah Declaration is attached hereto as Exhibit B.

11. UDI has advised the Trustee that time is of the essence in consummating this sale. To accommodate UDI's needs, the Trustee proposes the following sale procedures (the "**Sale Procedures**"):

> A. Immediately after filing this Motion, the Trustee will notify all known interested parties of the terms of UDI's offer and advise them that the deadline to submit an overbid to the Trustee is August 8, 2018, which is 21 days after the date of the filing and service of this Motion;
>
> B. If the Trustee receives any overbids, he will solicit final bids from each of the bidders.
>
> C. The Trustee will select the highest and best bid to present to the Court for its approval at the hearing on this Motion.

12. HSBC Bank USA ("**HSBC**") and Israel Discount Bank of New York ("**IDB**," together with HSBC, the "**Lenders**") each assert a security interest in substantially all of Firestar's assets, including the Transferred Assets. The Trustee is not aware of any other liens, claims, interests, or encumbrances asserted against the Transferred Assets. The Trustee has advised the Lenders of the proposed sale of the Transferred Assets, and they have informed the Trustee they do not object to the proposed sale, as long as their claimed security interests attach to the sale proceeds, consistent with the "Sixth Interim Order (I) Authorizing Debtors Firestar Diamond, Inc. and Fantasy, Inc.'s Use Of Cash Collateral, (II) Granting Adequate Protection Claims and Liens,

4

2693706.2

(III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief." [ECF 251]

## RELIEF REQUESTED

13. By this Motion, under Bankruptcy Code sections 363(b), (f) and (m) and Bankruptcy Rule 6004, the Trustee seeks:

  A. authority to sell the Transferred Assets under the terms of the proposed Sale Agreement and related agreements to UDI, or to another bidder offering the highest and best bid, free and clear of all liens and other interests, with all such interests to attach to the sale proceeds;

  B. a finding that UDI (or such other successful bidder) is a purchaser in good faith within the meaning of Bankruptcy Code section 363(m);

  C. a finding that the Trustee has given adequate notice under the circumstances of this Motion and the proposed sale and no further or other notice is necessary;

  D. a provision that the Order granting the relief sought in this Motion will not be stayed for fourteen days after entry under Bankruptcy Rule 6004(h), but will be effective and enforceable immediately.

## BASIS FOR RELIEF

**A. The Proposed Sale of the Transferred Assets is in the Best Interests of the Debtors' Estates.**

14. The Bankruptcy Code permits a trustee to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In approving a transaction under section 363(b)(1), courts consider whether the trustee exercised sound business judgment. *See In re Chateaugay Corp.*, 973 F.2d 141, 144-45 (2d Cir. 1992) (section 363(b) was applicable because sound business judgment supported the sale of the assets); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1072 (2d Cir. 1983) (the application of section 363(b) must be supported by "some articulated business justification, other than appeasement of major creditors" and that "a judge determining a § 363(b) application [must]

5

expressly find from the evidence presented before him at the hearing a good business reason to grant such an application"); *In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003) (citing *In re Lionel Corp.*, 722 F.2d at 1071) (emphasizing the business judgment standard).

15. Although the determination of what constitutes a sufficient business reason depends on the facts and circumstances of each case, a trustee often satisfies the business judgment standard if he "acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). Courts should not generally interfere with business decisions absent a showing of "bad faith, self-interest, or gross-negligence." *Id.* at 646.

16. In the context of auctions, courts defer to a trustee's business judgment when selecting the highest and best bid. *See In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 516 (Bankr. N.D. Ala. 2002). Indeed, "the trustee or DIP is entitled to great judicial deference in deciding which bid to accept as the best and highest bid on the sale of the Debtor's assets; and although the trustee's or DIP's discretion is not without limit, the Court should not step in and assume a role and responsibility properly placed by the Code in another's hands." *In re Castre, Inc.*, 312 B.R. 426, 430-31 (Bankr. D. Colo. 2004).

17. The Trustee, after consulting with his proposed attorneys, financial advisors, and appraiser and with representatives of the Lenders, believes that the Purchase Price constitutes fair consideration for Firestar's interest in the Transferred Assets, in light of: the efforts by the Trustee and his professionals to market the Inventory and negotiate higher offers in recent weeks; the condition of the jewelry comprising the Transferred Assets; and the prevailing market conditions for such jewelry. The Trustee hopes he will receive one or more overbids for the Transferred Assets before the hearing on this Motion, which may ultimately lead to a higher price.

18. Accordingly, under section 363(b) of the Bankruptcy Code, the Trustee seeks authority to sell the Transferred Assets under the terms of the Sale Agreement.

**B. The Proposed Sale of the Transferred Assets Satisfies the Requirements of Section 363(f) of the Bankruptcy Code for a Sale Free and Clear of Liens, Claims, Interests, Charges, and Encumbrances.**

19. Except for any liabilities expressly assumed in the Sale Agreement, UDI (or such other successful bidder) is buying the Transferred Assets free and clear of all liens, claims, interests, charges, and encumbrances.

20. Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in a bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

21. Section 363(f) of the Bankruptcy Code is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the Trustee's sale of the Transferred Assets free and clear of all liens, claims, rights, interests, and encumbrances (collectively, the "**Interests**"). *See Citicorp Homeowners Services, Inc. v. Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988). The Trustee submits that each of the Interests satisfies at least one of the five conditions of § 363(f) of the Bankruptcy Code, and that such Interests will be adequately protected by either being paid in full at the time of closing, or by having it attach to the net proceeds of the sale,

7

subject to any claims and defenses the Debtors' estates may possess with respect thereto. The Trustee accordingly requests that the Transferred Assets be transferred to UDI (or such other successful bidder) free and clear of all Interests (except for any Interests that are expressly assumed), with such Interests to attach to the proceeds of the sale.

22. Section 363(f) permits the trustee to sell property "free and clear of *in rem* interests in the property, such as liens that attach to the property." *In re Motors Liquidation Co.*, 829 F.3d 135, 155 (2d Cir. 2016), *cert. denied sub nom. Gen. Motors LLC v. Elliott*, 137 S. Ct. 1813 (2017). In addition, courts have routinely held that a proposed purchaser of a debtor's assets pursuant to a section 363 sale takes free from successor liability resulting from pre-existing claims. *See Douglas v. Stamco*, 363 Fed. App'x 100, 103 (2d Cir. 2010); *In re Trans World Airlines, Inc.*, 322 F.3d 283, 292-93 (3d Cir. 2003); *In re All Am. Of Ashburn, Inc.*, 56 B.R. 186 (Bankr. N.D. Ga. 1986). Accordingly, the Trustee requests that the successful bidder shall not be liable for any of the Debtors' liabilities as a successor to the Debtors' businesses or otherwise except with respect to liabilities expressly assumed by the successful bidder in the Sale Agreement.

### C. **UDI is a Good Faith Purchaser.**

23. UDI is a good faith purchaser in accordance with section 363(m) of the Bankruptcy Code and, as such, it and its assignees and designees should be entitled to the protections afforded thereunder.

24. While the Bankruptcy Code does not define "good faith," the Second Circuit has held that a purchaser's good faith is shown "by the integrity of his conduct during the course of the sale proceedings," and may be lost by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997).

8

25. The Sale Agreement constitutes an intensely negotiated, arms'-length transaction, in which UDI has, at all times, acted in good faith within the meaning of section 363(m). Moreover, UDI has set forth in the Shah Declaration any and all relevant connections with the Debtors' former management. Accordingly, the Trustee requests that the Court find that UDI is a purchaser in good faith within the meaning of section 363(m) of the Bankruptcy Code and provide that, under Bankruptcy Rule 6004(h), the Order granting the relief sought in this Motion will not be stayed for fourteen days after entry, but will be effective and enforceable immediately upon entry.

**NOTICE**

26. For motions like this one, Bankruptcy Rule 2002(a)(2), (c)(1) and (k) and Bankruptcy Rule 6004(a) and (c) provide for twenty-one days' notice to the U.S. Trustee, the debtor, creditors, and other parties in interest, including parties that may have liens, encumbrances or other interests in a property proposed to be sold free and clear, of such a proposed sale of property other than in the ordinary course and free and clear of liens and other interests "unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a)(2). *See also* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time . . . the court for cause shown may in its discretion . . . order the period reduced.") and Fed. R. Bankr. P. 9007 (providing general authority to regulate notices).

27. Notice of this Motion has been provided to (a) the Office of the United States Trustee; (b) counsel to the Debtors; and (c) counsel to the Lenders; (d) UDI; and (e) the 2002 Service List maintained by Omni Management Group in these chapter 11 Cases.

28.     Under the circumstances, the Trustee believes that the notice given is appropriate under the circumstances and no further or other notice is necessary to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, or due process.

[Remainder of page intentionally blank]

WHEREFORE, the Trustee respectfully requests that the Court enter an Order substantially in the form of the proposed order annexed as Exhibit C:

a. authorizing the Trustee to sell the Transferred Assets under the terms of the proposed Sale Agreement to UDI or the otherwise best and highest bidder free and clear of all liens, claims, encumbrances and other interests, with all such interests to attach to the sale proceeds;

b. finding that UDI (or such other successful bidder) is a purchaser in good faith within the meaning of Bankruptcy Code § 363(m);

c. finding that the Trustee has given appropriate notice of this Motion and the proposed sale under the circumstances and no further or other notice is necessary to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, or due process;

d. providing that the Order granting the relief sought in this Motion will not be stayed for fourteen days after entry under Bankruptcy Rule 6004(h), but will be effective and enforceable immediately; and

e. Granting such other or further relief as the Court may deem just.

Dated: July 18, 2018
       New York, New York

Respectfully Submitted,

**JENNER & BLOCK LLP**

By: /s/*Marc Hankin*
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com

*Proposed Counsel for the Chapter 11 Trustee*

11

2693706.2