**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- X
                                                                    :
In re                                                               :    Chapter 11
                                                                    :
FIRESTAR DIAMOND INC., *et al.*,[1]                                 :    Case No. 18-10509 (SHL)
                                                                    :
                          Debtors.                                  :    Jointly Administered
                                                                    :
------------------------------------------------------------------- X

## ORDER AUTHORIZING EMPLOYMENT OF JENNER & BLOCK LLP AS ATTORNEYS FOR THE CHAPTER 11 TRUSTEE *NUNC PRO TUNC* TO JUNE 14, 2018

The Trustee Richard Levin has filed an application (the "**Application**") for an order authorizing him to retain and employ Jenner & Block LLP as his attorneys *nunc pro tunc* to June 14, 2018, under sections 105(a), 327, 1104 and 1106 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules, and the Court's *Order Pursuant to 11 U.S.C. §§ 1104(d) Directing the Appointment of a Chapter 11 Trustee* [Dkt. 216], and the Court's *Order Approving The Appointment Of Chapter 11 Trustee* [Dkt. 227]. The Court has reviewed the Application, the Declaration of Angela M. Allen (the "**Allen Declaration**"), the Disinterestedness Declaration of Richard Levin (the "**Levin Declaration**") attached to the United States Trustee's *Application For Order Approving Appointment Of Chapter 11 Trustee*" ("**UST Application**") [ECF 157], and has heard statements in support of the Application at a hearing held before the Court (the "**Hearing**") and any objections to the relief requested in the Application.

The Court finds it has jurisdiction and authority over this matter under 28 U.S.C. §§ 157 and 1334, the Application is a core proceeding under 28 U.S.C. § 157(b)(2), and venue of this

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc.(1673), and A. Jaffe, Inc. (4756).

proceeding and the Application in this district is proper under 28 U.S.C. § 1409. Based on the Application, the Levin Declaration and the Allen Declaration, the Court finds (a) Jenner & Block does not hold or represent an interest adverse to the Debtors or their estates and (b) Jenner & Block is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, the relief requested in the Application is in the best interests of the Trustee, the Debtors' estates, their creditors, and other parties in interest, the Trustee has provided appropriate notice of the Application under the circumstances and no other or further notice is required. Any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation, it is **ORDERED**:

1. The Trustee's employment of Jenner & Block LLP as his attorneys *nunc pro tunc* to June 14, 2018 in accordance with the terms and conditions set forth in the Application and the Allen Declaration is approved.

2. Jenner & Block is authorized to provide the Trustee with the professional services as described in the Application. Specifically, but without limitation, Jenner & Block will:

    a. represent and assist the Trustee in the discharge of his duties and responsibilities under section 1106 of the Bankruptcy Code, the orders of this Court, and applicable law;

    b. assist the Trustee and represent him in the preparation of motions, applications, notices, orders and other documents necessary in the discharge of the Trustee's duties;

    c. represent the Trustee at hearings and other proceedings before this Court (and, to the extent necessary, any other court);

    d. analyze and advise the Trustee regarding any legal issues that arise in connection with the discharge of his duties;

    e. assist the Trustee with the operation of the Debtors' businesses and in his investigation of the acts, conduct, assets, liablities and financial condition of the Debtors; and

  f. perform all other necessary legal services on behalf of the Trustee in connection with the chapter 11 cases.

 3. Jenner & Block may apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the chapter 11 cases under sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

 4. The U.S. Trustee's requests for information and additional disclosures as set forth in The Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, apply to Jenner & Block's compensation in these chapter 11 cases.

 5. Jenner & Block may not charge a markup to the Trustee on fees billed by contract attorneys or review attorneys on Jenner & Block's electronic discovery team.

 6. Jenner & Block shall ensure that any contract attorneys or review attorneys on Jenner & Block's electronic discovery team or non-attorneys who are employed by Jenner & Block in connection with the work performed for the Trustee will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

 7. Jenner & Block shall provide at least ten business days' notice to the Trustee, Debtors, the United States Trustee, and any official committee before any increases in the rates set forth in the Application or the Allen Declaration are implemented and shall file a copy of such notice with the Court. The United States Trustee retains all rights to object to any rate increase on any ground, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase under section 330 of the Bankruptcy Code.

18-10509-shl    Doc 306    Filed 07/20/18    Entered 07/20/18 11:59:50    Main Document
Pg 4 of 4

8.      The Trustee and Jenner & Block may take all actions necessary to effectuate the relief granted in this Order.

9.      This Court shall have exclusive jurisdiction to hear and determine all matters arising from or relating to this Order and its implementation.

10.      This Order shall be effective and enforceable immediately upon its entry.

Dated: July 20, 2018
       New York, New York

                            */s/ Sean H. Lane*
                            The Honorable Sean H. Lane
                            United States Bankruptcy Judge