JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF CHAPTER 11 TRUSTEE'S MOTION FOR ORDER ESTABLISHING PROCEDURES FOR TRUSTEE TO SELL ASSETS FREE AND CLEAR OF ALL LIENS AND OTHER INTERESTS

On August 8, 2018, Chapter 11 Trustee Richard Levin (the "**Trustee**") filed the annexed

*Chapter 11 Trustee's Motion For Order Establishing Procedures For Trustee To Sell Assets Free And Clear*

*Of All Liens And Other Interests* (the "**Sale Procedures Motion**").

A hearing on the Sale Procedures Motion will be held before the Honorable Sean H. Lane

of the United States Bankruptcy Court for the Southern District of New York on **August 22, 2018**

**at 2:00 p.m. (Eastern Daylight Time)**, or as soon thereafter as counsel may be heard (the

"**Hearing**"), in Courtroom 701 of the United States Bankruptcy Court for the Southern District of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and A. Jaffe, Inc. (4756).

New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004, to consider the Sale Motion.

Objections, if any, to approval of the Sale Procedures Motion and entry of the proposed order must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the Bankruptcy Court (with a copy to the Judge's chambers); and (iv) be served upon (a) counsel to the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Richard Morrissey, Esq.); (b) counsel to the Trustee, Jenner & Block LLP, 919 Third Avenue, New York, New York 10022 (Attn: Richard Levin, Esq.); (c) counsel to the Debtors, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st St., 17th Floor, New York, NY 10036 (Attn: Ian Winters, Esq.); (d) counsel to Israel Discount Bank of New York, Troutman Sanders LLP, 875 Third Avenue, New York, New York 10022 (Attn: Brett D. Goodman, Esq.) and Troutman Sanders LLP, 600 Peachtree Street, NE., Suite 3000, Atlanta, Georgia (Attn: Harris B. Winsberg, Esq. and Matthew R. Brooks, Esq.); (e) counsel to HSBC Bank USA, National Association, Allen & Overy LLP 1221 Avenue of the Americas, New York, New York 10020 (Attn: Ken Coleman, Esq.); and (f) counsel to Punjab National Bank, Cleary, Gottlieb, Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean O'Neal) so as to be received by each of them no later than 5:00 p.m. (Eastern Daylight Time) on August 15, 2018 (the "**Objection Deadline**").

If no responses or objections are served by the Objection Deadline, the relief may be granted as requested in the Sale Procedures Motion without further notice or a hearing. You need not appear at the Hearing if you do not object to the relief requested in the Sale Procedures Motion. The Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

Dated: August 8, 2018
      New York, New York

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ Marc Hankin
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com

*Counsel for the Chapter 11 Trustee*

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- X
                                                    :
In re                                               :          Chapter 11
                                                    :
FIRESTAR DIAMOND INC., *et al.*,[2]                 :          Case No. 18-10509 (SHL)
                                                    :
                    Debtors.                        :          Jointly Administered
                                                    :
---------------------------------------------------------------------- X

**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER ESTABLISHING PROCEDURES FOR**
**TRUSTEE TO SELL ASSETS FREE AND CLEAR OF LIENS AND OTHER INTERESTS**

Richard Levin, not individually but solely as chapter 11 trustee (the "**Trustee**") for the

above-captioned debtors (the "**Debtors**"), moves under 11 U.S.C. §§ 105 and 363 and Federal Rule

of Bankruptcy Procedure 6004 for an order establishing procedures for the Trustee to sell assets

of Debtors Firestar Diamond, Inc., Fantasy, Inc., and A. Jaffe, Inc. free and clear of liens and other

interests. In support of the Motion, the Trustee respectfully states:

---

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Firestar Diamond, Inc. (2729), Fantasy, Inc.(1673), and A. Jaffe, Inc. (4756).

## JURISDICTION & VENUE

1.      The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2) in which the Court may constitutionally enter a final order, and the Trustee consents to the entry of a final order by the Court. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.      This Motion is made under sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), among other sections and Rules.

## BACKGROUND

3.      On February 26, 2018, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases. On June 14, 2018, the Court entered an order approving the appointment of the Trustee. [Dkt. 227.]

4.      The Trustee is now managing the Debtors' estates to maximize recoveries for the Debtors' creditors. Before the date of the filing of the chapter 11 petitions, each of the Debtors conducted business as wholesalers of fine jewelry. The Trustee has already sold a substantial amount of property of the estates.

5.      The Trustee has substantial inventory and intellectual property that remain to be sold. The Trustee has concluded that to maximize the proceeds of sale, the assets should be sold at public sales in lots, but not necessarily all at once. The Trustee anticipates several sales over the coming few months as he is able to determine the allocation of the assets into lots and to assemble the assets for sale, some of which will not be physically available for a few months. The Trustee intends to offer each lot for sale as it becomes available. In some cases, multiple lots will be offered at the same time. Subject to inventory availability and other factors over which the Trustee has

limited or no control, the Trustee intends to complete substantially all sales under this procedure

no later than early November, 2018.

6.        The Trustee has employed a jewelry expert and appraiser to advise him on the

values of the estate's inventory and on the market for sales, but the Trustee has not requested

formal appraisals of the inventory, because the number of individual items in the inventory is

large, and appraisals of all items would be unduly expensive and unnecessary to enhance the

value the Trustee expects to realize by competitive bidding for the lots of inventory.

### PROPOSED SALE PROCEDURES

7.        To facilitate the proposed sales and reduce the court and legal time and expense

to comply with the Bankruptcy Code, the Rules, and the Local Bankruptcy Rules, the Trustee

proposes the following procedures for the sale of remaining inventory and intellectual property

and seeks this Court's approval of the procedures.

8.        For each lot that the Trustee proposes to sell, the Trustee will file with the Court a

notice of his intent to sell the lot ("**Notice of Public Sale**"). The Notice of Public Sale will be in

the form attached to this Motion as **Exhibit A** and will include a description of the property to be

sold, the procedure for potential buyers to inspect the property or otherwise conduct due

diligence from the Trustee, the date on which the Trustee will accept bids, what constitutes a

qualified bid, the date, time and place on which the Trustee will hold an auction among qualified

bidders, and the date (not less than seven days after the Trustee files with the Court a notice of

the results of the bidding process) on which the Trustee intends to consummate the sale to the

winning bidder unless an objection to the proposed sale is filed before then. The Notice of Public

Sale will also describe the terms of the sale, which are set forth in the form of **Bill of Sale** attached

to this Motion as **Exhibit B**, which the Trustee will use to document the sale, and will provide a

copy of the required **Declaration of Connections** in the form attached to this Motion as **Exhibit C**, which the Trustee will require of any buyer of the assets.

9.      The Trustee will file with the Court and serve on parties in interest as described below a notice of the bidding results ("**Notice of Proposed Sale**") in the form attached to this Motion as **Exhibit D**, which will include a description of the property to be sold, the identity of the purchaser, the purchase price, and the deadline for filing any objections to the sale. The Notice of Proposed Sale will also include the buyer's Declaration of Connections describing any connections the buyer might have with prior management of the Debtors. If an objection or other response is filed, the Trustee will promptly schedule a hearing on the objection and will not consummate the proposed sale unless and until the Court overrules the objection.

10.      The Notice of Proposed Sale will also identify any liens or other interests in the property of which the Trustee is aware based on the Debtors' books and records, their Schedules and Statements of Financial Affairs, and on public filings, so that any entity that holds such a lien or other interest receives notice of the proposed sale free and clear. The Trustee intends that this Motion, coupled with the Notice of Proposed Sale, serve as the motion required under Rule 6004(c).

11.      The Trustee will serve the Notice of Proposed Sale as required under Rule 2002. To simplify the notice requirements and save the estates the cost of notice, the Trustee requests that this Court issue an order under Rule 2002(i) limiting notice to parties in interest who comply with that Rule to request notice and limit notice to email, rather than first class mail, except for any party in interest that specifically requests first class mail. To notify all parties in interest of the Court's order under Rule 2002(i) and of the effect of the requested order under Rule 6004(c) permitting sales free and clear, the Trustee will serve a copy of the order granting this Motion on

all parties in interest in this case by email, if the Trustee has an email address for the party, or by first class mail otherwise.

## RELIEF REQUESTED

12.      By this Motion, under Bankruptcy Code sections 363(b), (f) and (m), Bankruptcy Rules 6004 and 2002, and Local Bankruptcy Rules 9074-1 and 6004-1, the Trustee seeks an order:

A.  Approving the Trustee's proposed sale procedures to apply to sales of lots of inventory and intellectual property that are property of the estates, including approval of the form of the Notice of Public Sale and of the Notice of Proposed Sale;

B.  Treating this Motion, when combined with each Notice of Proposed Sale as a motion under Bankruptcy Rule 6004(c) to authorize each sale to be free and clear of liens, claims, encumbrances, and other interests;

C.  Shortening the time for objection or other response to each Notice of Proposed Sale to seven calendar days and requiring the Trustee to set a hearing before this Court on any objection or other response to a Notice of Proposed Sale;

D.  Deeming each Notice of Proposed Sale that attaches a proposed order approving the sale as constituting a presentment under Local Bankruptcy Rule 9074-1(b) that may be entered immediately after the conclusion of the objection period;

E.  Determining that (i) the Trustee's certification in a Notice of Proposed Sale that the public sale process was conducted regularly and without any appearance of collusion among bidders and (ii) the buyer's declaration in the form attached as Exhibit C to this Motion constitute adequate *prima facie* evidence of the buyer's good faith within the meaning of Bankruptcy Code section 363(m) and

that, absent an objection, no additional evidence of good faith is required for

the Court to make a good faith finding;

F. Limiting the parties entitled to notice of each proposed sale to the extent

permitted under Bankruptcy Rule 2002(i);

G. Waiving the 14-day stay under Bankruptcy Rule 6004(h), and permitting the

order approving a proposed sale to be effective and enforceable immediately;

and

H. Finding that the Trustee has given appropriate notice under the circumstances

of this Motion and of the proposed sale procedures and that no further or other

notice is necessary.

**BASIS FOR RELIEF**

13.    The Bankruptcy Code permits a trustee to "use, sell, or lease, other than in the

ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In approving a

transaction under section 363(b)(1), courts consider whether the trustee exercised sound business

judgment. *See In re Chateaugay Corp.*, 973 F.2d 141, 144-45 (2d Cir. 1992) (section 363(b) was

applicable because sound business judgment supported the sale of the assets); *Comm. of Equity

Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1072 (2d Cir. 1983) (the application of

section 363(b) must be supported by "some articulated business justification, other than

appeasement of major creditors" and that "a judge determining a § 363(b) application [must]

expressly find from the evidence presented before him at the hearing a good business reason to

grant such an application"); *In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003)

(citing *In re Lionel Corp.*, 722 F.2d at 1071) (emphasizing the business judgment standard).

14.    Although the determination of what constitutes a sufficient business reason

depends on the facts and circumstances of each case, a trustee often satisfies the business

judgment standard if he "acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). Courts should not generally interfere with business decisions absent a showing of "bad faith, self-interest, or gross-negligence." *Id.* at 646.

15.     In the context of public sales by auction, courts defer to a trustee's business judgment when selecting the highest and best bid. *See In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 516 (Bankr. N.D. Ala. 2002). Indeed, "the trustee or DIP is entitled to great judicial deference in deciding which bid to accept as the best and highest bid on the sale of the Debtor's assets; and although the trustee's or DIP's discretion is not without limit, the Court should not step in and assume a role and responsibility properly placed by the Code in another's hands." *In re Castre, Inc.*, 312 B.R. 426, 430-31 (Bankr. D. Colo. 2004).

16.     The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules impose procedural requirements on sales of property of the estate. Section 363(b) permits a trustee to sell property of the estate "after notice and a hearing." Rule 6004(a) requires notice of a proposed sale of property of the estate to be given under Rule 2002(a)(2), (c)(1), (i), and (k). Rule 2002(a)(2) requires 21 days' notice of a proposed sale. Rule 2002(c)(1) requires that the notice "include the time and place of any public sale, the terms and condition as of any private sale and the time fixed for filing objections." Rule 2002(i) permits the court to limit notice to those who have served on the trustee and filed with the court a request for notice and to the United States trustee. Rule 2002(k) requires notice to the United States trustee.

17.     Local Rule 9074-1(c)(1) requires that a notice of proposed action that may be taken "after notice and a hearing" set forth "(A) a statement of the action proposed to be taken or the order to be presented, including a concise statement of the terms and conditions of, and the

10

reasons for, the proposed action or order; (B) the date by which objections or responses to the proposed action or order must be served and filed; (C) the date and time when the action will be taken or the proposed order will be presented for signature if there is no objection, and a statement that the action will be taken or the order may be entered without a hearing unless a timely objection is made; and (D) the date on which a hearing will be held if a timely objection is made." Local Rule 9074-1(c)(2) requires 21 days' notice, as required under Rule 2002, or seven days, if the Court has issued an order requiring that notice be given to fewer than all creditors, and permits objections until seven days before the scheduled hearing or presentment date if 21 days' notice is given or one day if seven days' notice is given. Under Local Rule 9074-1(c)(5), a hearing is not held unless a timely objection is filed. Local Rules 9074-1(b) and (d) permit an order to be submitted on presentment under certain conditions. And Local Rule 6004-1 imposes certain procedures to ensure fair public sales.

18.      To sell property of the estate free and clear of liens and other interests, Rule 6004(c) requires a motion under Rule 9014 "served on parties who have liens or other interests in the property to be sold." Rule 9014 governs motion practice.

19.      The Trustee believes the proposed sale procedure complies with each of these requirements. The proposed sales meet the requirements for sales out of the ordinary course of business under section 363(b). The Trustee has determined that he must sell all of the Debtors' remaining inventory and intellectual property, because the Debtors' businesses have been terminated, and converting the assets to cash is necessary to provide funds to pay creditors and other parties in interest. In the Trustee's judgment, after consultation with the jewelry industry expert he has employed, grouping the assets into lots and selling them at public sales is likely to realize greater value than transferring the property to a liquidator for sales in bulk. Because of the nature of the Debtors' businesses as wholesalers and the cost and delay that would be

11

associated with establishing a retail channel for the property, the Trustee believes it does not make sense to hold traditional "going out of business" sales. And retaining an auctioneer to sell the property would incur fees and expenses of at least 10% of sale proceeds, which would substantially impair the potential recoveries on the assets. The Trustee believes there is a robust market for diamonds and jewelry in the wholesale market and, based on his sales experience to date and numerous inquiries from potential buyers, expects that there should be robust bidding for the property.

20.     The proposed sale procedure complies with Bankruptcy Rules 6004(a) and 2002 in that it contemplates that the Trustee will give at least 21 days' notice of each public sale, including notice to the United States Trustee and to each creditor or equity security holder that files with the Court and serves on the Trustee a request for notice of proposed sales; the proposed form of notice of the time and place of the public sale; a description of the property to be sold; the terms and conditions of the sale; and, with the form of Notice of Proposed Sale, the time for filing an objection to the proposed sale.

21.     The proposed procedure complies with Local Bankruptcy Rule 9074-1(c) by providing, in the Notice of Proposed Sale, at least seven days' notice to the United States Trustee and notice parties under Bankruptcy Rule 2002(i) of the presentment of an order approving each sale and requiring the Trustee to set a hearing date on any objection or other response to such a Notice that might be filed.

22.     The proposed procedure provides, in a different form, the protections contemplated by Local Bankruptcy Rule 6004-1. Although the Trustee has employed an appraiser, he is not obtaining formal appraisals of the property to be sold. Therefore, Local Bankruptcy Rule 6004-1 does not apply directly by its terms. However, the proposed sale procedures contemplate public sales, at which parties in an active market for diamonds and

jewelry will have an opportunity to bid on the property to be sold. As the Supreme Court has emphasized, a market test is the preferred method to determine value. *Bank of America, N.T. & S.A. v. 203 N. LaSalle St. P'shp*, 526 US 434 (1999).

23.     Finally, to obtain an order authorizing a sale free and clear of liens and other interests, Bankruptcy Rule 6004(c) requires a motion to be served on parties who have a lien or other interest in the property to be sold. Based on the Debtors' Schedules and Statements of Financial Affairs, the Trustee believes that the only liens or other interest in the property to be sold are held by HSBC Bank USA and Israel Discount Bank of New York, whose liens and claims have previously been stipulated and validated.[3] The Trustee is serving this Motion on all other creditors in these cases, and will serve each Notice of Proposed Sale on creditors who request notice. The Trustee believes that the procedure complies with Bankruptcy Rule 6004(f) without the need for a separate motion under Bankruptcy Rule 9014 to sell free and clear for each proposed sale.

24.     As adequate protection for any entity that asserts a lien or other interest in the property to be sold, the Trustee proposes that the lien or other interest attach to the proceeds of sale to the same extent, validity and priority, if any, as it attaches to the property itself, subject to the disposition of proceeds in accordance with the Sixth Cash Collateral Order and the *Stipulation And Order Between Chapter 11 Trustee Richard Levin And Punjab National Bank Regarding The Allocation Of Sale Proceeds*, entered July 26, 2018 [Dkt.327].

WHEREFORE, the Trustee respectfully requests that this Court issue an order substantially in the form of the proposed order attached as Exhibit F:

---

[3] *See Sixth Interim Order (I) Authorizing Debtors Firestar Diamond, Inc. And Fantasy, Inc.'s Use Of Cash Collateral, (II) Granting Adequate Protection Claims And Liens, (III) Modifying The Automatic Stay, (IV) Scheduling A Final Hearing, And (V) Granting Related Relief*, entered June 28, 2018 [Dkt. 251] ("**Sixth Cash Collateral Order**").

A.  Approving the Trustee's proposed sale procedures to apply to sales of lots of inventory and intellectual property that are property of the estates, including approval of the form of notice of each public sale and notice of each proposed sale;

B.  Treating this Motion, when combined with each Notice of Proposed Sale, as an adequate motion under Bankruptcy Rule 6004(c) to authorize each sale to be free and clear of liens and other interests;

C.  Shortening the time for objection or other response to each Notice of Proposed Sale to seven calendar days and requiring the Trustee to set a hearing before this Court on any objection or other response to a Notice of Proposed Sale;

D.  Deeming each Notice of Proposed Sale that attaches a proposed order approving the sale as constituting a presentment under Local Bankruptcy Rule 9074-1(b) that may be entered immediately after the conclusion of the objection period;

E.  Determining that (i) the Trustee's certification in a Notice of Proposed Sale that the public sale process was conducted regularly and without any appearance of collusion among bidders and (ii) the buyer's declaration in the form attached as Exhibit C to this Motion constitute adequate *prima facie* evidence of the buyer's good faith within the meaning of Bankruptcy Code section 363(m) and that absent an objection, no additional evidence of good faith is required for the Court to make a good faith finding;

F.  Limiting the parties entitled to notice of each proposed sale to the extent permitted under Bankruptcy Rule 2002(i);

G.  Waiving the 14-day stay under Bankruptcy Rule 6004(h), and permitting the order approving a proposed sale to be effective and enforceable immediately;

H.  Finding that the Trustee has given appropriate notice under the circumstances of this Motion and of the proposed sale procedures and that no further or other notice is necessary; and

I.  Granting such other further relief as the Court deems equitable.

Dated: August 8, 2018
        New York, New York

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Marc Hankin*
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com
*Counsel for the Chapter 11 Trustee*

**Exhibits**

A.   Form of Notice of Public Sale

B.   Form of Notice of Proposed Sale

C.   Form of Connections Declaration

D.   Form of Bill of Sale

E.   Form of Sale Order

F.   Proposed Order Approving Motion for Order Establishing Sale Procedures

**EXHIBIT A**

**Form of Notice of Public Sale**

**TRUSTEE'S NOTICE OF PUBLIC SALE OF ASSETS OF FIRESTAR DIAMONDS, INC.,
FANTASY, INC., AND A.JAFFE, INC. AND OF BID PROCEDURES**

Richard Levin, not individually but solely in his capacity as Chapter 11 Trustee of
Firestar Diamonds, Inc. and Fantasy, Inc.,[4] intends to sell property of the Debtors Firestar
Diamonds, Inc., Fantasy, Inc., and A.Jaffe, Inc. as is, where is, free and clear of all liens, claims,
interests, or other encumbrances at a Sale, on substantially the terms and conditions and through
the procedure described below. The Trustee reserves the right to modify the terms, conditions,
and procedures as he determines, in his sole discretion, may be necessary to promote a fair sale
process and to maximize the value of the estate.

### A.    The Property Sale

The Trustee intends to sell the following **Property**:

[Property description]

The Trustee intends to sell the Property to the person making the highest and best bid at
a public sale to be held on [date], [time], at [place] (the "**Sale**").

### B.    Terms and Conditions of Sale

The Trustee will sell the property **AS IS, WHERE IS, WITHOUT REPRESENTATIONS
OR WARRANTY OF ANY KIND**, for all cash. The other terms of the sale are set forth in the
form of Bill of Sale attached to this Notice.

### C.    Inspection of Property and Other Due Diligence

Persons interested in bidding on the Property may inspect the Property or conduct other
due diligence up to three business days before the sale by contacting Mark G. Samson, Chief
Restructuring Officer of the Debtors, by email at msamson@getzlerhenrich.com.

### D.    Key Dates and Deadlines

| Date | Deadline |
| --- | --- |
| Through _____, 2018 | Inspection and due diligence period |
| _____, 2018 [two business days before the Sale] at 5:00 p.m. ET (or later as the Trustee, in his sole discretion, allows) | Bid Deadline |
| _____, 2018 [one business day before the Sale] at 12:00 p.m. ET (or such earlier time as the bidder requests and the Trustee agrees) | Trustee to notify Bidders of their status as Qualified Bidders |
| _____, 2018 at 10:00 a.m. [Sale] | Sale, if necessary |
| _____, 2018 at 5:00 p.m. [two business days after the Sale] | Deadline to file sale results and Notice of Proposed Sale with the Court |

---

[4] In re Firestar Diamonds, Inc. and In re Fantasy, Inc., chapter 11 case nos. 18-10509-SHL and 18-10511-SHL,
United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**")

| Additional dates to be determined and announced to qualified bidders, executory contract counterparties, and parties in interest | • Deadline for objections to the Notice of Proposed Sale,<br>• Deadline for Trustee's reply to Objections, and<br>• hearing on the Proposed Sale |
|---|---|

### E.    Bidder Qualifications

A bidder may qualify as a Qualified Bidder by submitting to the Trustee evidence of financial capability that is satisfactory to the Trustee in his sole discretion.

### F.    Qualified Bids

A bid qualifies as a Qualified Bid only if it—

(1)    identifies the legal identity of the bidder and of each entity participating in connection with the bid (including any equity holder or other financial backer if the bidder is an entity specifically formed for purposes of effectuating the purchase and the complete terms of any such participation);

(2)    except for acceptance by the Trustee and approval by the Bankruptcy Court, is not subject to any contingencies or conditions to closing, including further due diligence, financing, employment-related, or third-party or regulatory approval;

(3)    is irrevocable until the earliest to occur of the first business day after (a) the closing of a sale of the Property, (b) the Trustee's notification to the bidder of the Trustee's decision not to accept the bid, and (c) 20 calendar days after the date of the Sale;

(4)    states the bidder is ready, willing, and able to perform its obligations under the form of Bill of Sale;

(5)    states that the bidder agrees to serve as a backup bidder if its bid is selected as the next highest or best bid after the winning bid;

(6)    includes the bidder's agreement that any modification to the bid at the Sale is equally binding and irrevocable as the initial bid; and

(7)    includes contact information for the person(s) the Trustee may contact with questions about the bid;

(8)    attaches a declaration under penalty of perjury in the form attached to these Bidding Procedures identifying any connections or agreements with the Debtors, any other known bidder, or any officer or director of the foregoing;

(9)    is received by the Trustee at rlevin@jenner.com, with copy to his counsel Angela Allen at aallen@jenner.com and to the Debtors' Chief Restructuring Officer Mark Samson at msamson@getzlerhenrich.com, on or before 4:00 p.m. Eastern time [two business days before the Sale, or such later time as the Trustee, in his sole discretion, allows]; and

(10)    is determined by the Trustee, in his sole discretion, to qualify as a Qualified Bid.

The Trustee intends to provide copies of Qualified Bids to the United States Trustee and to certain parties in interest in the chapter 11 cases.

19

### G.    Sale

If the Trustee receives more than one Qualified Bid, then by 10:00 A.M. Eastern Time one business day before the Sale, the Trustee will notify the bidders who submitted the Qualified Bids that they may participate in the Sale. Only a person who has submitted a Qualified Bid may bid at the Sale, which will be conducted openly and will be transcribed by a court reporter. The Trustee will permit only Qualified Bidders and such parties in interest as the Trustee invites to attend the Sale.

Each Qualified Bidder who wishes to participate in the Sale must appear in person through a duly authorized representative and must confirm at the Sale, on the record, that (i) it has not engaged in any collusion with respect to the bidding or the sale; and (ii) its Qualified Bid represents a binding, good faith, and bona fide offer to purchase the Property, if its bid is selected as the highest bid.

The Trustee will determine the rules and procedures for the Sale and will announce them at the beginning of the Sale, including rules for opening and subsequent bids, breaks, caucuses, the conclusion of the Sale, and the announcement of the result, which the Trustee will determine in his sole discretion and which will be substantially the same as customary rules and procedures for bankruptcy sales. The Trustee may modify the rules and procedures at any time.

The Trustee will determine the highest and best bid in his sole discretion. In doing so, he may consult with parties in interest in the chapter 11 cases. The resulting winning bidder must execute its Bill of Sale, as it may be modified during the Sale, at the conclusion of the Sale. Failure to do so may result in the Trustee's rejection of the bid and the selection of a different winning bidder. At the conclusion of the Sale, the Trustee may determine and announce which bid or combination of bids constitute the backup bid.

Within two business days after the Sale or after the Trustee's earlier determination to accept a sole Qualified Bid for a lot, the Trustee will file with the Bankruptcy Court a notice of the proposed sale and seek the Bankruptcy Court's approval thereof in accordance with the Bankruptcy Court's order entered August __, 2018, a copy of which is available at [Omni Management Group link].

**EXHIBIT B**

**Form of Notice of Proposed Sale**

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1600

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- X
                                                                     :
In re                                                                :         Chapter 11
                                                                     :
FIRESTAR DIAMOND INC., *et al.*,[5]                                  :         Case No. 18-10509 (SHL)
                                                                     :
                          Debtors.                                   :         Jointly Administered
                                                                     :
-------------------------------------------------------------------- X

<u>NOTICE OF PROPOSED SALE</u>

Richard Levin, Chapter 11 Trustee (the "**Trustee**") for the above-captioned debtors (the

"**Debtors**"), conducted a public sale on _____ __, 2018 of the following property of the

Debtors' estates:

[Property description {the "**Property**"}]

At the sale, the highest and best bid was made by [Buyer] ("**Buyer**") for $_____ in

cash. The Trustee intends to sell the Property to Buyer upon the Court's entry of an order

approving the sale. The Trustee certifies that the public sale process was conducted regularly and

without any appearance of collusion among bidders.

The sale will be made free and clear of all liens, claims, encumbrances, and other interests

in the Property, with any such interests to attach to the proceeds of the sale. The Trustee believes

that the only such interests in the Property are the following:

---

[5] The debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Firestar Diamond, Inc. (2729), Fantasy, Inc.(1673), and A. Jaffe, Inc. (4756).

- Security interest of HSBC Bank USA and Israel Discount Bank of New York.

On August __, 2018, the Court entered an *Order Establishing Sale Procedures For Trustee To Sell Assets Free And Clear Of All Liens And Other Interests* [Dkt. ___] (the "**Sale Procedures Order**"). Under the Sale Procedures Order, any objection or other response to the Proposed Sale must be filed with the Court and served on the parties listed in the Sale Service List maintained by Omni Management Group ([website link for list of parties entitled to notice]) in the manner specified in that list on or before the date that is seven days after the date of this Notice.

If there are no objections or other responses to the proposed sale, the Chapter 11 Trustee will present an order to the Court to approve the sale, and the Court may issue the order approving the sale without further notice or a hearing.

If there is an objection or other response, the Chapter 11 Trustee will schedule a hearing on the objection or response and notify the objector and other parties in interest of the date, time, and place of the hearing and will not consummate the proposed sale unless the Court approves.

Dated: _____ __, 2018.
New York, New York

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/_____
Marc Hankin
Carl Wedoff
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

*Counsel for the Chapter 11 Trustee*

**EXHIBIT C**

**Form of Declaration Regarding Connections**

**Declaration Regarding Connections (Firestar Diamonds, Inc. Asset Sale)**

In connection with an offer to purchase assets of Firestar Diamonds, Inc. et al. in their chapter 11 cases pending in the United States Bankruptcy Court for the Southern District of New York, case no. 18-10509-SHL, I make the following representations:

1.   I do not have a financial, corporate governance, family, or personal relationship with any of:

- Firestar International Limited,
- Firestar Holdings Limited,
- Synergies Corporation,
- Firestar Group, Inc.,
- Firestar Diamond International, Inc.,
- AVD Trading, Inc., and
- Nirav Modi Inc.,

or with any of their agents, representatives, or affiliates.

2.   I have not had any direct or indirect communications relating to the purchase of assets from Firestar Diamonds, Inc., Fantasy, Inc., or A. Jaffe, Inc.:

- with any of the entities listed in paragraph 1 since February 21, 2018,
- with Mihir Bhansali since May 18, 2018, or
- with Ajay Gandhi since June 21, 2018.

I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: _____ __, 2018

_____

Printed Name: _____

**EXHIBIT D**

**Form of Bill of Sale**

# BILL OF SALE

**THIS BILL OF SALE** is executed and delivered as of _____, 2018, by **RICHARD LEVIN, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE** ("**Seller**") **OF FANTASY, INC.**, a Delaware corporation ("**Debtor**") and _____, ("**Buyer**") (each a "**Party**"). Seller and Buyer agree:

**Transfer of Transferred Assets**. Effective as of the date hereof, for the consideration set forth below of this Bill of Sale, Seller sells, assigns, transfers, and delivers to Buyer all of Seller's right, title and interest in, to, and under the inventory listed on the attached Schedule (the "**Transferred Assets**"), in each case free and clear of all liens, claims, encumbrances, and other interests. .

**Title to Assets**. Whenever and as often as reasonably requested to do so by Buyer, Seller agrees to acknowledge, execute, and deliver such other instruments of transfer and take such other action as may be required more effectively to transfer to, and vest in, Buyer all of Seller's right, title, and interest in, to, and under the Transferred Assets.

**Purchase Price**. In consideration of the transaction contemplated hereby (the "**Transaction**"), Buyer shall, subject to the terms and conditions of this Bill of Sale, pay Seller an aggregate amount of $_____ (the "**Purchase Price**").

**"AS IS" Transaction**. Buyer acknowledges and agrees that Seller makes no representations or warranties whatsoever, statutory, express, or implied, with respect to any matter relating to Debtor's diamond and jewelry businesses (the "**Business**") or with respect to the Transferred Assets, including income to be derived or expenses to be incurred in connection with the Business or the Transferred Assets, the physical condition of any personal property comprising any part of the Transferred Assets, the value or transferability of the Transferred Assets (or any portion thereof), or the merchantability or fitness for any particular purpose as to any portion of the Transferred Assets. Buyer acknowledges that Buyer has had an opportunity to conduct an independent inspection and investigation of the physical condition of the Transferred Assets. Accordingly, Buyer accepts the Transferred Assets at the closing date "AS IS," "WHERE IS," and "WITH ALL FAULTS," subject to the provisions of this Bill of Sale providing that the sale of the Transferred Assets is free and clear of all liens, claims, encumbrances, and other interests.

**Binding Effect**. This Bill of Sale shall be binding upon, and inure to the benefit of, Seller's and Buyer's respective successors and assigns.

**Counterparts**. This Bill of Sale may be executed in several counterparts (including by fax or PDF via email), each of which when so executed will be deemed to be an original and all of which will together constitute one and the same agreement.

**Governing Law; Venue**. This Bill of Sale is and shall be deemed to be a contract entered into and made under the laws of the State of New York and shall in all respects be governed, construed, applied and enforced in accordance with the laws of the State of New York, without reference to its conflict of laws principles. Any action, claim, suit, or proceeding arising out of, based upon or relating to this Bill of Sale or the Transaction (an "**Action**") shall be brought solely in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). Each

Party agrees that it will not bring any Action in any other court; but if the Bankruptcy Court does not have jurisdiction, any Action shall be heard and determined solely in the appropriate courts located in the County of New York. **EACH PARTY IRREVOCABLY WAIVES TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW ANY AND ALL RIGHT SUCH PARTY MAY HAVE TO TRIAL BY JURY IN ANY ACTION.**

**Seller's Capacity as Trustee of the Debtor; Limitation on Liability**. Buyer acknowledges that Seller is the Chapter 11 trustee of the Debtor's estate and that Seller enters into this Bill of Sale solely in his capacity as Chapter 11 trustee of the Debtor's estate and not in his personal capacity, and no liability or obligations accrue to him personally as a result of this Bill of Sale. Buyer acknowledges and understands that (i) case no. 18-10509-SHL was filed as a voluntary case and that the Seller has very limited information regarding the Debtor and its assets, and the sale of the Transferred Assets is "as is" "where is" as set forth in Section 4 of this Bill of Sale and (ii) any claim that it may assert under this Bill of Sale or under the Transaction will be made solely against the Debtor's bankruptcy estate.

> **RICHARD LEVIN, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE OF FANTASY INC.**
>
> _____
>
> **[BUYER]**
>
> By: _____
> Name:
> Title:

28

**Schedule of Transferred Assets**

**EXHIBIT E**

**Form of Order Approving Sale of Assets**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[6] | (Jointly Administered) |

### ORDER AUTHORIZING SALE OF CERTAIN INVENTORY
### FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND
### ENCUMBRANCES AND GRANTING RELATED RELIEF

On August __, 2018, this Court entered an *Order Establishing Sale Procedures For Trustee To Sell Assets Free And Clear Of All Liens And Other Interests* [Dkt. ___] (the "**Sale Procedures Order**"). Under the Sale Procedures Order, any objection or other response to the Proposed Sale must be filed with the Court and served as provided in the Sale Procedures Order on or before the date that is seven days after the date of filing with the Court and service of a Notice of Proposed Sale as provided in the Sale Procedures Order.

On _____ __, 2018, the Chapter 11 Trustee Richard Levin filed and served a Notice of Proposed Sale to sell the Property identified therein to _____ ("**Buyer**"). No objection or other response to the Notice of Proposed Sale has been filed with the Court. Based on the Sale Procedures Order, the Notice of Proposed Sale, the Trustee certification therein and the affidavit of service thereof, the Buyer's Declaration of Connections filed with the Notice of Proposed Sale, and the record in these chapter 11 cases, the Court finds  (i) there is a good business reason for the sale (ii) the purchase price is a reasonable price for the Property; (iii) the Buyer is purchasing the Property in good faith within the meaning of 11 U.S.C. § 363(m); (iv) the Trustee has given

---

[6]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and A. Jaffe, Inc. (4756).

appropriate notice under the circumstances of the Proposed Sale and no other or further notice is necessary; and (v) in light of the absence of any objection or other response to the Notice of Proposed Sale, any party with a lien, claim, encumbrance, or other interest in or against the Inventory has consented to the sale free and clear within the meaning of 11 U.S.C. § 363(f)(2).

Now, therefore, IT IS ORDERED:

1.      The Trustee is authorized under 11 U.S.C. § 363(b) and (f) and Fed. R. Bankr. P. 6004 to sell the estates' interest in the Property to the Buyer under the Bill of Sale attached as Exhibit A to this Order, which agreement is approved in its entirety.

2.      The sale of the Property to the Buyer shall be free and clear of all liens, claims, encumbrances, constructive trust, or other interests, with any such interests to attach to the proceeds of the sale.

3.      Under Fed. R. Bankr. P. 6004(h), this Order shall not be stayed for fourteen days after entry, but shall be effective and enforceable immediately.


Dated: _____ __, 2018                    _____
                                                    The Honorable Sean H. Lane
                                                    United States Bankruptcy Judge

**EXHIBIT F**

**Proposed Order Granting Motion for Order Establishing Sale Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[7] | (Jointly Administered) |

**[PROPOSED] ORDER ESTABLISHING SALE PROCEDURES FOR TRUSTEE TO SELL**
**ASSETS FREE AND CLEAR OF ALL LIENS AND OTHER INTERESTS**

Upon the motion (the "**Sale Procedures Motion**")[8] of Richard Levin, not individually but solely in his capacity as chapter 11 trustee (the "**Trustee**") for Firestar Diamond, Inc. ("**Firestar**"), Fantasy, Inc. ("**Fantasy**") and A. Jaffe, Inc. ("**A. Jaffe**" and collectively, with Firestar and A. Jaffe, the "**Debtors**"), for an order (the "**Order**"), *inter alia*, under section 363 of the United States Bankruptcy Code and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") authorizing and approving procedures for the public sale of the Debtors' assets free and clear of liens, claims, interests, and encumbrances, described in and under the terms and conditions of a form of Bill of Sale for the Transferred Assets; and the Court having conducted a hearing on the Sale Procedures Motion on August 22, 2018 (the "Sale Hearing"); and the Court having considered the Sale Procedures Motion, all responses filed thereto, if any, as well as any evidence presented at the hearing; and the Court having jurisdiction to consider and determine the Sale Motion in accordance with 28 U.S.C. §§ 157 and 1334; and appropriate notice under the circumstances of the Sale Procedures Motion having been provided,

---

[7] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc.(1673), and A. Jaffe, Inc. (4756).

[8] Capitalized terms not otherwise defined in this Order have the meaning ascribed to them in the Sale Procedures Motion.

and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

IT IS ORDERED:

1.      The proposed sale procedures described in the Sale Procedures Motion, including the form of the Notice of Public Sale and of the Notice of Proposed Sale, for sales of lots of inventory and intellectual property that are property of the estates are approved, and the Trustee is authorized (but not required) to conduct public sales of such property in the manner described in the Sale Procedures Motion.

2.      The Sale Procedures Motion, when combined with each Notice of Proposed Sale, shall be deemed to be a motion under Bankruptcy Rule 6004(c) for authority to sell property free and clear of liens, claims, encumbrances, and other interests, with any such interests to attach to the proceeds of sale.

3.      As adequate protection for any entity that asserts a lien or other interest in the property to be sold, the lien or other interest shall attach to the proceeds of sale to the same extent, validity and priority, if any, as it attaches to the property itself, subject to the disposition of proceeds in accordance with the Sixth Cash Collateral Order and the *Stipulation And Order Between Chapter 11 Trustee Richard Levin And Punjab National Bank Regarding The Allocation Of Sale Proceeds*, entered July 26, 2018 [Dkt.327].

4.      The time for objection or other response to each Notice of Proposed Sale shall be seven calendar days after the filing and service of the Notice of Proposed Sale. The Trustee shall set a hearing before this Court on any such objection or other response.

5.      Each Notice of Proposed Sale that attaches a proposed order approving the sale as shall constitute a presentment under Local Bankruptcy Rule 9074-1(b), and the Court may issue the order immediately after the conclusion of the objection period.

6.      (i) The Trustee's certification in a Notice of Proposed Sale that the public sale process was conducted regularly and without any appearance of collusion among bidders and (ii) the buyer's declaration in the form attached as Exhibit C to this Motion shall constitute adequate *prima facie* evidence of the buyer's good faith within the meaning of Bankruptcy Code section 363(m); absent an objection, no additional evidence of good faith shall be required for the Court to find that the buyer purchased the property in "good faith" as that term is used in section 363(m) of the Bankruptcy Code.

7.      Only parties who have previously filed a request for notice in these cases, parties who file with the Court and serve on the Trustee a request notice under Bankruptcy Rule 2002(i), and the United States Trustee are entitled to notice of each proposed sale under the sale procedures approved by this Order.

8.      An order approving a proposed sale under the sale procedures approved by this Order shall be effective and enforceable immediately, notwithstanding the 14-day stay under Bankruptcy Rule 6004(h).

9.      The Trustee has given appropriate notice under the circumstances of this Motion and of the proposed sale procedures, and no further or other notice is necessary.

Dated: _____ __, 2018                    _____
                                                   The Honorable Sean H. Lane
                                                   United States Bankruptcy Judge

124556.5