UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**ORDER ESTABLISHING SALE PROCEDURES FOR TRUSTEE TO SELL <u>ASSETS FREE AND CLEAR OF ALL LIENS AND OTHER INTERESTS</u>**

Upon the motion (the "**Sale Procedures Motion**") of Richard Levin, not individually but solely in his capacity as chapter 11 trustee (the "**Trustee**") for Firestar Diamond, Inc. ("**Firestar**"), Fantasy, Inc. ("**Fantasy**") and A. Jaffe, Inc. ("**A. Jaffe**" and collectively, with Firestar and A. Jaffe, the "**Debtors**"), for an order (the "**Order**"), *inter alia*, under section 363 of the United States Bankruptcy Code and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") authorizing and approving procedures for the public sale of the Debtors' assets free and clear of liens, claims, interests, and encumbrances, described in and under the terms and conditions of a form of Bill of Sale for the Transferred Assets; and the Court having conducted a hearing on the Sale Procedures Motion on August 22, 2018 (the "<u>Sale Hearing</u>"); and the Court having considered the Sale Procedures Motion, all responses filed thereto, if any, as well as any evidence presented at the hearing; and the Court having jurisdiction to consider and determine the Sale Motion in accordance with 28 U.S.C. §§ 157 and 1334; and appropriate notice under the circumstances of the Sale Procedures Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc.(1673), and A. Jaffe, Inc. (4756).

IT IS ORDERED:

1. The proposed sale procedures described in the Sale Procedures Motion, including the form of the Notice of Public Sale and of the Notice of Proposed Sale, for sales of lots of inventory and intellectual property that are property of the estates are approved, and the Trustee is authorized (but not required) to conduct public sales of such property in the manner described in the Sale Procedures Motion.

2. The Sale Procedures Motion, when combined with each Notice of Proposed Sale, shall be deemed to be a motion under Bankruptcy Rule 6004(c) for authority to sell property free and clear of liens, claims, encumbrances, and other interests, with any such interests to attach to the proceeds of sale.

3. As adequate protection for any entity that asserts a lien or other interest in the property to be sold, the lien or other interest shall attach to the proceeds of sale to the same extent, validity and priority, if any, as it attaches to the property itself, subject to the disposition of proceeds in accordance with the Sixth Cash Collateral Order and the *Stipulation And Order Between Chapter 11 Trustee Richard Levin And Punjab National Bank Regarding The Allocation Of Sale Proceeds*, entered July 26, 2018 [Dkt.327].

4. The Trustee shall file and serve each Notice of Public Sale no later than 14 days before the date of the public sale.

5. The time for objection or other response to each Notice of Proposed Sale shall be seven calendar days after the filing and service of the Notice of Proposed Sale. The Trustee shall set a hearing before this Court on any such objection or other response.

6. Each Notice of Proposed Sale that attaches a proposed order approving the sale as shall constitute a presentment under Local Bankruptcy Rule 9074-1(b), and the Court may issue the order immediately after the conclusion of the objection period.

7. *The Court finds that* (i) The Trustee's certification in a Notice of Proposed Sale that the public sale process was conducted regularly and without any appearance of collusion among bidders and (ii) the buyer's declaration in the form attached as Exhibit C to this Motion shall constitute adequate *prima facie* evidence of the buyer's good faith within the meaning of Bankruptcy Code section 363(m); absent an objection, no additional evidence of good faith shall be required for the Court to find that the buyer purchased the property in "good faith" as that term is used in section 363(m) of the Bankruptcy Code.

8. Only parties who have previously filed a request for notice in these cases, parties who file with the Court and serve on the Trustee a request for notice under Bankruptcy Rule 2002(i), and the United States Trustee are entitled to notice of each proposed sale under the sale procedures approved by this Order, *which Notice shall be conducted by email*. Each Notice of Proposed Sale will be sent by email to the party requesting notice unless the party specifically requests first class mail notice. If the party has not previously provided an email address for notice, *it must do so now or it may not receive Notice*, the Claims and Noticing Agent, Omni Management Group, may request an email address from ~~the~~ *any* party *that has not previously provided an email for notice;* unless the party responds to the Claims and Noticing Agent with either an email address or a specific request for first class mail, the Claims and Noticing Agent need not provide notice of the proposed sales to that party.

9. An order approving a proposed sale under the sale procedures approved by this Order shall be effective and enforceable immediately, notwithstanding the 14-day stay under Bankruptcy Rule 6004(h).

10. The Trustee has given appropriate notice under the circumstances of this Motion and of the proposed sale procedures, and no further or other notice is necessary.

3

Dated: August 24, 2018  /s/ *Sean H. Lane*
The Honorable Sean H. Lane
United States Bankruptcy Judge