JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF CHAPTER 11 TRUSTEE'S MOTION (I) ORDER AUTHORIZING
THE TRUSTEE TO CONDUCT RULE 2004 EXAMINATIONS AND TO ISSUE
SUBPOENAS IN SUPPORT THEREOF; AND (II) PROTECTIVE ORDER
GOVERNING TRUSTEE DISCOVERY**

On September 13, 2018, Chapter 11 Trustee Richard Levin (the "**Trustee**") filed the

annexed *Chapter 11 Trustee's Motion for (I) Order Authorizing the Trustee to Conduct Rule 2004*

*Examinations and to Issue Subpoenas in Support Thereof; and (II) Protective Order Governing Trustee*

*Discovery* (the "**Rule 2004 Motion**").

A hearing on the Rule 2004 Motion will be held before the Honorable Sean H. Lane of the

United States Bankruptcy Court for the Southern District of New York on **September 27, 2018 at**

**2:00 p.m.** (Eastern Time), or as soon thereafter as counsel may be heard (the "**Hearing**"), in

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and A. Jaffe, Inc. (4756).

Courtroom 701 of the United States Bankruptcy Court for the Southern District of New York (the

"**Bankruptcy Court**"), One Bowling Green, New York, New York 10004.

Objections, if any, to approval of the Rule 2004 Motion and entry of the proposed order

must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed with

the Bankruptcy Court (with a copy to the Judge's chambers); and (iv) be served upon (a) counsel

to the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn:

Richard Morrissey, Esq.); (b) counsel to the Trustee, Jenner & Block LLP, 919 Third Avenue, New

York, New York 10022 (Attn: Mark Hankin, Esq.); (c) counsel to the Debtors, Klestadt Winters

Jureller Southard & Stevens, LLP, 200 West 41st St., 17th Floor, New York, NY 10036 (Attn: Ian

Winters, Esq.); (d) counsel to Israel Discount Bank of New York, Troutman Sanders LLP, 875

Third Avenue, New York, New York 10022 (Attn: Brett D. Goodman, Esq.) and Troutman Sanders

LLP, 600 Peachtree Street, NE., Suite 3000, Atlanta, Georgia (Attn: Harris B. Winsberg, Esq. and

Matthew R. Brooks, Esq.); (e) counsel to HSBC Bank USA, National Association, Allen & Overy

LLP 1221 Avenue of the Americas, New York, New York 10020 (Attn: Ken Coleman, Esq.); and

(f) counsel to Punjab National Bank, Cleary, Gottlieb, Steen & Hamilton LLP, One Liberty Plaza,

New York, NY 10006 (Attn: Sean O'Neal) so as to be received by each of them no later than 5:00

p.m. (Eastern Time) on **September 20, 2018 at 5:00 p.m.** (Eastern Time) (the "**Objection**

**Deadline**").

If no responses or objections are served by the Objection Deadline, the relief may be

granted as requested in the Rule 2004 Motion without further notice or a hearing. You need not

appear at the Hearing if you do not object to the relief requested in the Rule 2004 Motion. The

Hearing may be continued or adjourned from time to time without further notice other than an

announcement of the adjourned date or dates at the Hearing or at a later hearing.

Dated: September 13, 2018
      New York, New York

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ Marc Hankin
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com

*Counsel for the Chapter 11 Trustee*

**Hearing Date and Time:** September 27, 2018 at 2:00 p.m. (Eastern Time)
**Objection Deadline:** September 20, 2018 at 5:00 p.m. (Eastern Time)

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**CHAPTER 11 TRUSTEE'S MOTION FOR (I) ORDER AUTHORIZING THE
TRUSTEE TO CONDUCT RULE 2004 EXAMINATIONS AND TO ISSUE
SUBPOENAS IN SUPPORT THEREOF; AND (II) PROTECTIVE ORDER
GOVERNING TRUSTEE DISCOVERY**

Richard Levin, not individually but solely as chapter 11 trustee (the "**Trustee**") for the

above-captioned debtors (the "**Debtors**"), files this motion (the "**Motion**"), under 11 U.S.C. §§

105(a) and 1106(a)(3) and Rules 2004 and 7026(c) of the Federal Rules of Bankruptcy Procedures

(the "**Bankruptcy Rules**"), seeking: (a) an Order, substantially in the form attached as **Exhibit A**,

authorizing the Trustee, without further order of this Court, to demand and compel by way of

subpoena: (i) the oral examination, under oath, of entities ("**Discovery Parties**") the Trustee

believes might have information relating to the acts, conduct, or property or to the liabilities and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and A. Jaffe, Inc. (4756).

financial condition of the debtor, or to any matter which may affect the administration of the debtors' estates (the "**Investigation**"), and (ii) the production of documents that might be relevant to the Investigation or lead the Trustee to information relevant to the Investigation; and (b) a protective order, substantially in the form attached as **Exhibit B**, governing discovery materials produced to the Trustee. The Trustee respectfully states as follows:

## INTRODUCTION

1.      The Trustee seeks the relief requested in this Motion in an abundance of caution to ensure the Investigation is timely and efficiently completed. The Trustee expects that Discovery Parties will cooperate with the Investigation and voluntarily produce the documents relevant to the Investigation and participate in informal interviews with the Trustee and his professionals. The Trustee hopes that all of his fact finding will be conducted cooperatively in this manner and that proceeding formally will not be necessary.

2.      Nevertheless, a particular Discovery Party might not to cooperate. The Trustee respectfully submits that granting the requested relief will give him the tools he needs to deal with non-cooperation, increase the likelihood that Discovery Parties will voluntarily cooperate in the first instance, and preserve the rights of Discovery Parties to seek relief if they have legitimate grounds to object to any subpoena.

## JURISDICTION & VENUE

3.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.      The statutory predicates for the relief requested in the Motion are sections 105 and 1106 of the Bankruptcy Code and Bankruptcy Rules 2004, 7026, 7030, 9014, and 9016.

## BACKGROUND

5.      On February 26, 2018, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases. Before the petition date, each of the Debtors conducted business as wholesalers of fine jewelry.

6.      On April 20, 2018, the Court approved the appointment of John C. Carney as examiner (the "**Examiner**") in these chapter 11 cases to investigate the Debtors' potential involvement in the Nirav Modi bank fraud scheme. [Dkt. 118.] In the course of the Examiner's investigation, the Court approved six protective orders governing his discovery with respect to various parties (collectively, the "**Examiner Protective Orders**"). [Dkt. 218, 252, 253, 340, 341, 346.]

7.      On June 14, 2018, the Court approved the appointment of the Trustee. [Dkt. 227.] Since that date, the Trustee has been marshaling assets and operating the Debtors' businesses to maximize recoveries for the Debtors' creditors.

8.      On August 25, 2018, the Examiner filed the *Report of John J. Carney, Examiner* (the "**Examiner's Report**"). [Dkt. 394.]

9.      Now that the Examiner has concluded his investigation, the Trustee intends to pursue claims and causes of actions supported by the Examiner's findings for the benefit of the estates and to take other actions as required by the Trustee's duties under section 1106.

## RELIEF REQUESTED

10.      By this Motion, the Trustee seeks entry of: (a) an Order, in substantially the form attached as **Exhibit A**, authorizing the Trustee, without further order of the Court, to demand and compel by way of subpoena: (i) the oral examination, under oath, of any Discovery Party; and (ii) the production of documents from a Discovery Party that might be relevant to the Investigation or lead the Trustee to information relevant to the Investigation; and (b) a protective

order, substantially in the form attached as **Exhibit B**, governing discovery materials produced to the Trustee.

11.     The Trustee proposes the following procedures in connection with the Trustee's issuance of any subpoena:

(a)     Except as otherwise agreed by the Trustee, or subsequently ordered by the Court, a Discovery Party that receives a subpoena seeking documents (whether or not it also seeks testimony) shall, within fourteen days after service of such subpoena: (i) produce all non-privileged documents responsive to such subpoena, or (ii) file and serve a motion seeking a protective order, which the Court may hear on shortened notice no later than seven days from the filing of such motion.

(b)     If the subpoena so directs, the Discovery Party shall appear for an oral examination within seven days after service of a deposition subpoena on the Discovery Party, which notice is deemed to be reasonable.

(c)     As necessary to implement the foregoing, the Trustee and his counsel are authorized to sign and issue a subpoena from any United States Bankruptcy Court for the applicable district in which a Discovery Party resides, does business, maintains documents, or is found, both to obtain documents from such Discovery Party and to command the attendance of such Discovery Party at a deposition. The Trustee and his counsel also are authorized to take such actions as may be necessary in any other court to enforce subpoenas and otherwise effectuate the terms of the Court's order with respect to this Motion.

(d)     The relief requested herein and reflected in **Exhibit A** is not intended to limit the substantive rights of any Discovery Party or other party under applicable law to object to any subpoena the Trustee may serve.

4

## LEGAL AUTHORITY

**A.**    **Rule 2004 Authority**

12.    Section 1106(a)(3) of the Bankruptcy Code provides:

> [a] trustee shall . . . except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan.

11 U.S.C. § 1106(a)(3). To meet this obligation, the Trustee must have the ability to investigate and gather relevant information. Under Bankruptcy Rule 2004(a), "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Bankruptcy Rule 2004(b) allows for the discovery of information relating to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . ." Fed. R. Bankr. P. 2004(b)

13.    Bankruptcy Rule 2004's purpose is "to assist the Trustee in revealing the nature and extent of the estate; ascertaining assets; and discovering whether any wrongdoing has occurred." *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005) (citing *In re The Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); *see also In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); *In re The Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 708-09 (Bankr. S.D.N.Y. 1991).

14.     The scope of an inquiry permitted under Bankruptcy Rule 2004 is broad. *See, e.g.*, *Drexel Burnham Lambert*, 123 B.R. at 711 ("Starting with the 1978 Code there has been an expansive reading of the rule. . . . It can be legitimately compared to a fishing expedition. It can net the dolphins as well as the tuna; however, the net, in the discretion of the Court, can be carefully stitched to limit its catch.") (citing *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983)) (other internal citations omitted); *see also In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002); *In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991).

15.     Having the authority to issue subpoenas to compel document production and oral examinations under Bankruptcy Rule 2004 is central to the Trustee's ability to fulfill his statutory duties. While the Trustee hopes that most parties will voluntarily cooperate with his Investigation, the Trustee requires the ability to promptly propound discovery if a Discovery Party declines to cooperate.

16.     Moreover, the requested relief will not unduly prejudice any party that receives a subpoena issued by the Trustee. The proposed order contemplates the full preservation of each Discovery Party's substantive right to seek protective relief.

17.     This Court has granted similar relief to the Examiner in these cases. *See Order Granting Motion Of The Examiner For Entry Of An Order Pursuant To Bankruptcy Rule 2004 Authorizing The Examiner To Issue Subpoenas For The Production Of Documents And Authorizing The Examination Of Persons And Entities*, entered May 29, 2018. [Dkt. 191]. And Bankruptcy Courts in this District have granted relief similar to the relief requested in this Motion to enable chapter 11 trustees to meet their statutory duties. *See, e.g., In re Soundview Elite Ltd.*, Case No. 13-13098, Dkt. 200 (Bankr. S.D.N.Y. Feb. 26, 2014); *In re Fletcher Int'l, Ltd.*, Case No. 12-12796, Dkt. 150 (Bankr. S.D.N.Y. Nov. 9, 2012); *In re MF Global Holdings LTD*, Case No. 11-15059, Dkt. 653 (Bankr. S.D.N.Y. Nov. 23, 2009). Similar relief is warranted here to give the Trustee the flexibility necessary in order to efficiently, effectively and timely complete his Investigation.

**B.      Entry of Protective Order**

18.     The Trustee expects Discovery Parties, either voluntarily or, if approved and required, subject to the subpoena power discussed above, to produce voluminous information, some of which may contain confidential, proprietary, or private information (the "**Confidential Information**"). The Trustee recognizes that protection of such Confidential Information may be important to these Discovery Parties. Accordingly, the Trustee seeks approval of the proposed

protective order (the "**Protective Order**") attached as Exhibit B to govern the Trustee's disclosure and use of all discovery material produced to the Trustee. Before disclosing any Confidential Information to any party under paragraph 7(g) of the Protective Order, the Trustee will request the party to execute an "Acknowledgement and Agreement to be Bound" in substantially the form attached to the Protective Order.

19.    The Protective Order will be a uniform order governing materials received from each Discovery Party and protecting Confidential Information from public disclosure and use outside of these chapter 11 cases. The Protective Order will also streamline the discovery process, resulting in significant cost savings for the Debtors' estates, by alleviating the burden of negotiating, entering into and monitoring separate confidentiality agreements between the Trustee and each Discovery Party. Because the Protective Order is adapted from the Examiner Protective Orders and provides substantially similar protections, the Trustee believes that the Protective Order should be generally acceptable to the Discovery Parties and is appropriate given the Trustee's responsibilities in these chapter 11 cases.

20.    Additionally, in the course of his investigation, the Examiner compiled a large database of documents governed by the Examiner Protective Orders (including many documents the Trustee anticipates would also be responsive to subpoenas he intends to issue). However, the Examiner Protective Orders restricted those documents to be used solely for the purposes of the Examiner's investigation and report. The Trustee now intends to coordinate with each party to the Examiner Protective Orders to obtain access to these documents for his own purposes in these chapter 11 cases. The Protective Order will streamline this process by providing each party to the Examiner Protective Order substantially similar protections in a uniform manner.

21.    Rule 7026(c) requires movants seeking a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in

7

an effort to resolve the dispute without court action." Fed. R. Bankr. P. 7026(c). As the Discovery

Parties have not yet been identified, the Trustee is unable to confer with them. However, the

Trustee has conferred in good faith with counsel for HSBC Bank USA, N.A., Israel Discount Bank

of New York, Punjabi National Bank, and the Ministry of Corporate Affairs of the Union of India

with respect to the Examiner Protective Orders.

## NOTICE

22.    Notice of this Motion has been provided to (a) the United States Trustee; (b)

counsel to the Debtors; (c) counsel to the Debtors' secured lenders; (d) counsel to Punjabi National

Bank; and (c) the Rule 2002 service list maintained by Omni Management Group in these chapter

11 cases. The Trustee submits that, in light of the nature of the relief requested, no other or further

notice need be provided.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court grant the relief requested

in this Motion and enter: (i) an Order substantially in the form attached as **Exhibit A**; and (ii) a

protective order substantially in the form attached as **Exhibit B**.

Dated: September 13, 2018                    Respectfully submitted,
      New York, New York

**JENNER & BLOCK LLP**

By: /s/ Marc Hankin
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

8

aallen@jenner.com
*Counsel for the Chapter 11 Trustee*

**Hearing Date and Time:** September 27, 2018 at 2:00 p.m. (Eastern Time)
**Objection Deadline:** September 20, 2018 at 5:00 p.m. (Eastern Time)

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING CHAPTER 11 TRUSTEE TO CONDUCT RULE 2004 EXAMINATIONS AND TO ISSUE SUPBOENAS IN SUPPORT THEREOF

The Trustee Richard Levin has filed a motion (the "**Motion**")[2] [Dkt. __] for an order authorizing the Trustee to conduct examinations under Federal Rule of Bankruptcy Procedure 2004; and the Court having jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held on September 27, 2018 to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and A. Jaffe, Inc. (4756).

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

IT IS ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      The Trustee is authorized, under Bankruptcy Rule 2004, to demand and compel by way of subpoena: (i) the oral examination, under oath, of any Discovery Party; and (ii) the production of documents that might be relevant to the Investigation or lead the Trustee to information relevant to the Investigation.

3.      The following procedures shall apply in connection with the Trustee's issuance of any subpoena:

> a.      Except as otherwise agreed by the Trustee, or subsequently ordered by the Court, a Discovery Party that receives a subpoena seeking documents (whether or not it also seeks testimony) shall, within seven days of service of such subpoena: (i) produce all non-privileged documents responsive to such subpoena; or (ii) file and serve a motion seeking a protective order, which the Court shall hear on shortened notice no later than five days from the filing of such motion;
>
> b.      If the subpoena so directs, the Discovery Party shall appear for an oral examination within seven days of service of a deposition subpoena on the Discovery Party, which notice is deemed to be reasonable;
>
> c.      As necessary to implement the foregoing, the Trustee and his counsel are authorized to sign and issue a subpoena from any United States Bankruptcy Court for the applicable district in which a Discovery Party resides, does business, maintains documents or is found, both to obtain documents from such Discovery Party and to command the attendance of such Discovery Party at a deposition. The Trustee and his counsel also are authorized to take such actions as may be necessary in any other court to enforce subpoenas and otherwise effectuate the terms of this Order;
>
> d.      Nothing in this Order limits the substantive rights of any Discovery Party or other party under applicable law to object to or oppose any subpoena the Trustee might serve.

4.      All confidential documents produced to the Trustee shall be governed by a protective order to be issued by this Court.

5.      This Court shall retain jurisdiction to resolve any disputes arising or related to this

Order including any discovery disputes that may arise between or among the parties and to

interpret, implement and enforce the provisions of this Order.

Dated: September __, 2018                                     _____

                                                             The Honorable Sean H. Lane
                                                             United States Bankruptcy Judge

**Exhibit B**

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

## PROTECTIVE ORDER GOVERNING TRUSTEE DISCOVERY

WHEREAS, on February 26, 2018, Firestar Diamond, Inc. (10-10509-SHL), A. Jaffe, Inc. (10-10510), and Fantasy, Inc. (10-10511-SHL) (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on March 9, 2018, the Court approved the joint administration of the Debtors' bankruptcy cases;

WHEREAS, on June 14, 2018, the Court approved Richard Levin's appointment as trustee (the "Trustee") [Dkt. 227];

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and A. Jaffe, Inc. (4756).

WHEREAS, in the course of the Trustee's investigation of these cases, administration of the estates, and any litigation arising from these cases (the "Investigation"), the Trustee expects to request certain creditors, parties in interest and/or third party witnesses (each a "Producing Party") to produce to the Trustee documents or other information that might contain confidential information concerning, amongst other things, an entity's assets, liabilities, business operations, business practices, business plans, or other information that the parties believe to be confidential, proprietary, or sensitive personal, commercial, financial, or business information (the "Confidential Information"); and

WHEREAS, this Protective Order shall not modify or abridge any right or obligation that any Producing Party otherwise might have pursuant to the Bankruptcy Rules, including without limitation Rule 2004, and pursuant to any separate confidentiality agreement or stipulation entered by any entity with any other entity involved in the Debtors' bankruptcy proceeding, except that any confidentiality or non-disclosure agreement entered into by the Trustee with any Producing Party shall be superseded by this Protective Order;

NOW, THEREFORE, IT IS ORDERED:

1.      The terms of this Protective Order shall govern the disclosure, use, and disposition of discovery documents, deposition testimony, interrogatory answers, and other information produced, given, or exchanged in connection with discovery to the Trustee in these bankruptcy cases (collectively, "Discovery Material"). This Protective Order applies only to documents and information provided by a Producing Party that are not otherwise available: (a) publicly; or (b) from third parties not subject to any obligation to the Producing Party to maintain the confidentiality of the documents and information in their possession.

2.      Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order if such Producing Party in good faith reasonably believes

that such Discovery Material contains confidential, proprietary, commercially sensitive, or other sensitive information that requires the protections provided in this Protective Order ("Confidential Discovery Material").

3.      Any Producing Party may designate any Confidential Discovery Material as "Highly Confidential" under the terms of this Protective Order if such Producing Party in good faith reasonably believes that disclosure of the Confidential Discovery Material, other than as permitted under paragraph 8 of this Protective Order, is substantially likely to cause injury to the Producing Party or another person ("Highly Confidential Discovery Material").

4.      A Producing Party wishing to, in good faith, designate any Discovery Material as Confidential or Highly Confidential must clearly mark the Discovery Material with the mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as applicable.

5.      All Confidential Discovery Material and Highly Confidential Discovery Material shall be protected from disclosure in accordance with the terms, conditions and restrictions of this Protective Order.

6.      The failure to designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not constitute a waiver of such claim, and a Producing Party may remedy the inadvertent failure to designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by providing the Trustee supplemental written notice, whereupon all Discovery Material designated in the notice shall be thereafter fully subject to the terms, conditions, and restrictions of this Protective Order from the date the Producing Party gives such notice, and the Trustee shall make a good-faith effort to retrieve such Discovery Material if it was disclosed to any person not permitted by this Protective Order to receive the Discovery Material. Upon receipt of such supplemental written notice, any entity that receives Confidential Discovery Material or Highly Confidential Discovery Material shall also make a good faith effort to return

2705103.1

or destroy Discovery Material disclosed to any entity not permitted to receive the Discovery Material pursuant to this Order.

7.     Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part by the Trustee only to the following persons:

a.     the Trustee's employees or agents (including personnel from temporary or outside agencies providing services, such as copying or translating services) assisting the Trustee in the performance of his duties;

b.     the Trustee's retained professionals;

c.     any person shown on the face of the Discovery Material as an author or recipient of the Discovery Material;

d.     court reporters and other persons employed by the Trustee or by a Party subject to this Protective Order involved in recording deposition or hearing testimony by any means in connection with the Investigation;

e.     the Office of the United States Trustee and any person employed by the Office of the United States Trustee whose duties require access to the Confidential Discovery Material;

f.     the Court and any person employed by the Court whose duties require access to the Confidential Discovery Material; and

g.     any person not specified in subparagraphs (a) through (g) above, including any other party in interest, creditor, or counsel to such person, to whom the Trustee determines it is necessary that Confidential Material be shown for purposes of these Bankruptcy Cases, provided such person agrees to be bound by the terms of this Protective Order.

8.      Highly Confidential Discovery Material may not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part by the Trustee to any person other than those persons set forth in paragraphs 7(a)-(f) above.

9.      The Trustee shall hold Highly Confidential Discovery Material in strict confidence. The Trustee agrees that he will not provide or discuss any Highly Confidential Discovery Material with any other person or entity (including governmental units) except as required by applicable law, regulation, or legal process, and only after compliance with the terms of this Protective Order. The Trustee shall provide prompt notice to the Producing Party of any request for Highly Confidential Discovery Material, to the extent permitted by law. Nothing in this Protective Order shall prohibit the Trustee or his professionals from using in connection with the Investigation any factual information contained within any Highly Confidential Discovery Material that is not highly confidential information, is non-privileged, or does not reflect legal analysis or attorney work product.

10.     Before disclosing any Confidential Discovery Material or Highly Confidential Discovery Material to any person specified in paragraphs 7.a, 7.b, 7.d and 8 above, the Trustee shall advise such person of this Protective Order and such person shall agree in writing to be bound by the terms of this Protective Order.

11.     This Protective Order does not limit any entity's use or disclosure of its own documents or information, or documents or information obtained through other means than Trustee discovery.

12.     This Protective Order, and a Producing Party's production of any Discovery Material, or a Producing Party's compliance with this Protective Order does not:

a.      prejudice in any way the right of a Producing Party to object to a request for the production of documents that the Producing Party considers privileged from or

not subject to discovery, to move the Court for a determination that particular Discovery Material should or should not be disclosed, or to object to the relevance, materiality, competence, authenticity, or admissibility into evidence at trial of any document, testimony or other information that is subject to this Protective Order; or

b.  operate as a determination that this Protective Order's restrictions and procedures constitute adequate protection against the disclosure of Confidential Discovery Material or Highly Confidential Discovery Material or prejudice in any way a Producing Party's right to move the Court for an Order relating to the Discovery Material.

13.  A Producing Party may waive in whole or in part, without a Court Order, the provisions or protections provided under this Protective Order with respect to any of its own Discovery Material.

14.  This Protective Order shall not prejudice a Producing Party to claim that potential Discovery Material is subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege or the attorney work product doctrine or on the basis that it was prepared in anticipation of litigation or on any other ground (collectively, "Privilege") and is without prejudice to the right of any other entity (including, without limitation, the Trustee) to contest any such claim. This Protective Order, and the production of any information to the Trustee, also shall not waive or prejudice any applicable rights or immunities of the Producing Party, including rights under 28 U.S.C. §§ 1602-1611, and the Trustee shall not assert that participation in discovery is a waiver of any applicable immunities.

15.  If information subject to a claim of Privilege is nevertheless produced to the Trustee, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel

with respect to, any claim of Privilege. If a Producing Party inadvertently or mistakenly produces privileged information, the Trustee shall, upon written request by the Producing Party after the discovery of such inadvertent or mistaken production, promptly return the privileged information to the Producing Party and destroy all notes or work product reflecting the contents of such privileged material.

16.     Entering into this Protective Order shall not prevent any person from waiving any claim of Privilege, in whole or in part, or seeking a court order challenging any claim of Privilege or seeking a court order requiring discovery of a Privileged document. Nor shall it prejudice any person in defending a claim of Privilege.

17.     The following procedures shall govern any challenges to confidentiality designations:

   a.     If a Party reasonably believes that information should not be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, it must specify to the Producing Party in writing: (i) the information in issue; and (ii) its grounds for questioning the confidentiality designation.  The Producing Party must respond in writing within seven days, or within such additional time as is reasonable (taking into account the number of documents or other information in issue) and is agreed to by counsel for the challenging party or as ordered by the Court.

   b.     If the party challenging the confidentiality designation remains not satisfied after following the protocol detailed in paragraph 17(a), it may move the Court to lift the confidentiality designation.  The burden of establishing that information has been properly designated as Confidential Discovery Material or Highly Confidential Discovery Material is on the Producing Party.  Until the Court rules, the confidentiality designation shall remain in effect.

18.     Entry of this Order shall constitute entry of an order in accordance with Local Rule 9018-1 allowing the Trustee to file Confidential Discovery Material or Highly Confidential Discovery Material in this Court under seal without prior approval or order of the Court. Confidential Discovery Material or Highly Confidential Discovery Material attached as an exhibit to any filing shall be filed under seal in accordance with the procedures set forth in Local Rule 9018-1 or other applicable rules. Absent the Producing Party's agreement, which shall not be unreasonably withheld or delayed, Confidential Discovery Material or Highly Confidential Discovery Material quoted in a filing shall be redacted in the version of the filing filed on the Court's ECF system, and unredacted versions of the filing shall be filed under seal in accordance with local rules.

19.     In the event the Trustee receives a request or is required (whether by law, oral questions, government action, interrogatories, requests for information or documents, subpoena, civil investigative demand, or similar process) to provide any Confidential Discovery Material or Highly Confidential Discovery Material, the Trustee shall provide written notice to counsel of the Producing Party within seven business days of receipt of any such request and the Producing Party shall, in turn, indicate in writing to the Trustee whether it objects to such production or provision of any Confidential Discovery Material or Highly Confidential Discovery Material within five business days of receipt of such notice. The Trustee shall neither produce nor provide any Confidential Discovery Material nor Highly Confidential Discovery Material until the objection by the Producing Party to the production or provision of any Confidential Discovery Material or Highly Confidential Discovery Material, if any, is finally resolved by the Court. If no timely objection is asserted by the Producing Party, the Trustee, in his sole discretion, may produce or provide the Confidential Discovery Material or Highly Confidential Discovery Material in accordance with the request.

20.     Nothing in this Order shall preclude any entity, its counsel or any other person from disclosing or using, in any manner or for any purpose, its own information or any information or documents not obtained in discovery in these cases, if such information is lawfully obtained from a non-party having the right to disclose such information, even though the same information or copies of the same documents may have been produced in discovery in these cases and designated as Confidential Discovery Material or Highly Confidential Discovery Material.

21.     Nothing in this Order shall limit the Trustee's ability to produce or discuss the content of any Confidential Discovery Material or Highly Confidential Discovery Material to or with any governmental or regulatory agency that is investigating matters relating to the Debtors or related entities or related individuals, including without limitation the Department of Justice, the FBI, the IRS and the U.S. Postal Inspection Service.

22.     If any document subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, work product doctrine, common interest privilege, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege is nevertheless produced by a Producing Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the document is privileged or otherwise protected from disclosure, and the Trustee may not argue that the Producing Party failed to take reasonable steps to prevent production of the privileged materials in support of an argument that any privilege has been waived. If a Producing Party discovers through any means that it has produced materials that are subject to a claim of privilege, the Producing Party may provide written notice to the Trustee that the material was produced, which notice may include a statement of the basis for the Producing Party's contention that the material is privileged. If a notice is given pursuant to this paragraph by a Producing Party with respect to a document then in custody of the Trustee, the Trustee shall promptly return to the Producing Party that document

(and all copies thereof) within its possession, custody, or control as to which the claim of privilege has been made. In addition, the Trustee shall destroy all notes or work product reflecting the contents of such document made after notification of the claim of privilege, and shall not use such document, or the information contained therein, for any purpose in this action or in any other action. However, in the event the Trustee objects to any such privilege claim, counsel for the Trustee shall be permitted, in lieu of destroying any notes or work product reflecting the contents of the document, to set aside such materials in a secure place and manner that prevents (or, if applicable, redact such materials in a manner that prevents) the purportedly privileged information from being further disclosed or reviewed until the privilege claim is resolved or the Court issues a ruling on the privilege claim. Nothing in this paragraph shall increase or diminish the rights of an entity to contest, or change the manner in which such entity may contest, any privilege claim to the extent and in the manner permitted by law. Under Federal Rule of Evidence 502(d), the provisions of this paragraph shall apply in this case, as well as in any other Federal or State proceeding. Notwithstanding the foregoing, (i) affirmative use of a document by the Producing Party in the action waives privilege with respect to it, and of other information to extent provided by Federal Rule of Evidence 502(a); and (ii) upon use in the proceedings by another of a document, the Producing Party must promptly assert any claimed privilege over it and request return or destruction thereof.

23.    This Protective Order shall continue in effect after the closing of the Debtors' cases.

24.    The Trustee shall instruct each person who received Confidential Discovery Material or Highly Confidential Discovery Material pursuant to paragraphs 7.a, 7.b, 7.d, 7.g and 8 above to return or destroy such Confidential Discovery Material or Highly Confidential Discovery Material. If any such person elects to destroy the Confidential Discovery Material or

2705103.1

Highly Confidential Discovery Material, it shall certify to the Trustee in writing that such confidential Discovery Material or Highly Confidential Discovery Material has been destroyed.

25.     Nothing in this Protective Order prohibits a Producing Party from seeking further protection of Discovery Material by application to the Court in accordance with the terms of this Protective Order.

26.     Nothing in this Protective Order modifies or abridges any right or obligation that any entity otherwise may have under the Bankruptcy Rules, including without limitation Rule 2004, and pursuant to any individual non-disclosure agreement or other separate confidentiality agreements or stipulations entered into by any entity with any other entity involved in the Debtors' bankruptcy proceeding, except that any confidentiality or non-disclosure agreement entered into by the Trustee with any Producing Party shall be superseded by this Protective Order.

27.     This Protective Order is without prejudice to the right of any entity to seek further relief from the Court, or modify the terms of this Order, upon good cause shown, with notice to the Trustee. The Trustee may agree to modify the times and dates set forth in this Order without the need to obtain consent of the Court.

28.     The Court shall have and shall retain, after the closing of the Debtors' cases, exclusive jurisdiction over any matter arising under or related to this Protective Order.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | Case No. 18-10509 (SHL) |
| Debtors. | Jointly Administered |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY
## PROTECTIVE ORDER GOVERNING TRUSTEE DISCOVERY

I, _____, under penalty of perjury, 28 U.S.C. §1746, declare as follows:

1.      Information, including documents and things, designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as defined in the Protective Order Governing Trustee Discovery entered in the above-captioned action (the "Protective Order"), is being provided to me pursuant to the restrictions of the Protective Order.

2.      I have been given a copy of and have read the Protective Order.

3.      I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

4.      I submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcement of the Protective Order.

5.      I acknowledge that violation of the Protective Order may result in penalties for contempt of court.

6.      I agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

Name: _____

Job Title: _____

Employer: _____

Signed this ____ day of _____, 20___.

2705103.1