JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

## PROTECTIVE ORDER GOVERNING TRUSTEE DISCOVERY

WHEREAS, on February 26, 2018, Firestar Diamond, Inc. (10-10509-SHL), A. Jaffe, Inc. (10-10510), and Fantasy, Inc. (10-10511-SHL) (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on March 9, 2018, the Court approved the joint administration of the Debtors' bankruptcy cases;

WHEREAS, on June 14, 2018, the Court approved Richard Levin's appointment as trustee (the "Trustee") [Dkt. 227];

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

2705103.1

WHEREAS, in the course of the Trustee's investigation of these cases, administration of the estates, and any litigation arising from these cases (the "Investigation"), the Trustee expects to request certain creditors, parties in interest and/or third party witnesses (each a "Producing Party") to produce to the Trustee documents or other information that might contain confidential information concerning, amongst other things, an entity's assets, liabilities, business operations, business practices, business plans, or other information that the parties believe to be confidential, proprietary, or sensitive personal, commercial, financial, or business information (the "Confidential Information"); and

WHEREAS, this Protective Order shall not modify or abridge any right or obligation that any Producing Party otherwise might have pursuant to the Bankruptcy Rules, including without limitation Rule 2004, and pursuant to any separate confidentiality agreement or stipulation entered by any entity with any other entity involved in the Debtors' bankruptcy proceeding, except that any confidentiality or non-disclosure agreement entered into by the Trustee with any Producing Party shall be superseded by this Protective Order;

NOW, THEREFORE, IT IS ORDERED:

1. The terms of this Protective Order shall govern the disclosure, use, and disposition of discovery documents, deposition testimony, interrogatory answers, and other information produced, given, or exchanged in connection with discovery to the Trustee in these bankruptcy cases (collectively, "Discovery Material"). This Protective Order applies only to documents and information provided by a Producing Party that are not otherwise available: (a) publicly; or (b) from third parties not subject to any obligation to the Producing Party to maintain the confidentiality of the documents and information in their possession.

2. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order if such Producing Party in good faith reasonably believes

2705103.1

that such Discovery Material contains confidential, proprietary, commercially sensitive, or other sensitive information that requires the protections provided in this Protective Order ("Confidential Discovery Material").

3.  Any Producing Party may designate any Confidential Discovery Material as "Highly Confidential" under the terms of this Protective Order if such Producing Party in good faith reasonably believes that disclosure of the Confidential Discovery Material, other than as permitted under paragraph 8 of this Protective Order, is substantially likely to cause injury to the Producing Party or another person ("Highly Confidential Discovery Material").

4.  A Producing Party wishing to, in good faith, designate any Discovery Material as Confidential or Highly Confidential must clearly mark the Discovery Material with the mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as applicable.

5.  All Confidential Discovery Material and Highly Confidential Discovery Material shall be protected from disclosure in accordance with the terms, conditions and restrictions of this Protective Order.

6.  The failure to designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not constitute a waiver of such claim, and a Producing Party may remedy the inadvertent failure to designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by providing the Trustee supplemental written notice, whereupon all Discovery Material designated in the notice shall be thereafter fully subject to the terms, conditions, and restrictions of this Protective Order from the date the Producing Party gives such notice, and the Trustee shall make a good-faith effort to retrieve such Discovery Material if it was disclosed to any person not permitted by this Protective Order to receive the Discovery Material. Upon receipt of such supplemental written notice, any entity that receives Confidential Discovery Material or Highly Confidential Discovery Material shall also make a good faith effort to return

or destroy Discovery Material disclosed to any entity not permitted to receive the Discovery Material pursuant to this Order.

7. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part by the Trustee only to the following persons:

    a. the Trustee's employees or agents (including personnel from temporary or outside agencies providing services, such as copying or translating services) assisting the Trustee in the performance of his duties;

    b. the Trustee's retained professionals;

    c. any person shown on the face of the Discovery Material as an author or recipient of the Discovery Material;

    d. court reporters and other persons employed by the Trustee or by a Party subject to this Protective Order involved in recording deposition or hearing testimony by any means in connection with the Investigation;

    e. the Office of the United States Trustee and any person employed by the Office of the United States Trustee whose duties require access to the Confidential Discovery Material;

    f. the Court and any person employed by the Court whose duties require access to the Confidential Discovery Material; and

    g. any person not specified in subparagraphs (a) through (g) above, including any other party in interest, creditor, or counsel to such person, to whom the Trustee determines it is necessary that Confidential Material be shown for purposes of these Bankruptcy Cases, provided such person agrees to be bound by the terms of this Protective Order.

2705103.1

8. Highly Confidential Discovery Material may not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part by the Trustee to any person other than those persons set forth in paragraphs 7(a)-(f) above.

9. The Trustee shall hold Highly Confidential Discovery Material in strict confidence. The Trustee agrees that he will not provide or discuss any Highly Confidential Discovery Material with any other person or entity (including governmental units) except as required by applicable law, regulation, or legal process, and only after compliance with the terms of this Protective Order. The Trustee shall provide prompt notice to the Producing Party of any request for Highly Confidential Discovery Material, to the extent permitted by law. Nothing in this Protective Order shall prohibit the Trustee or his professionals from using in connection with the Investigation any factual information contained within any Highly Confidential Discovery Material that is not highly confidential information, is non-privileged, or does not reflect legal analysis or attorney work product.

10. Before disclosing any Confidential Discovery Material or Highly Confidential Discovery Material to any person specified in paragraphs 7.a, 7.b, 7.d and 8 above, the Trustee shall advise such person of this Protective Order and such person shall agree in writing to be bound by the terms of this Protective Order.

11. This Protective Order does not limit any entity's use or disclosure of its own documents or information, or documents or information obtained through other means than Trustee discovery.

12. This Protective Order, and a Producing Party's production of any Discovery Material, or a Producing Party's compliance with this Protective Order does not:

   a. prejudice in any way the right of a Producing Party to object to a request for the production of documents that the Producing Party considers privileged from or

2705103.1

        not subject to discovery, to move the Court for a determination that particular Discovery Material should or should not be disclosed, or to object to the relevance, materiality, competence, authenticity, or admissibility into evidence at trial of any document, testimony or other information that is subject to this Protective Order; or

    b.    operate as a determination that this Protective Order's restrictions and procedures constitute adequate protection against the disclosure of Confidential Discovery Material or Highly Confidential Discovery Material or prejudice in any way a Producing Party's right to move the Court for an Order relating to the Discovery Material.

13.    A Producing Party may waive in whole or in part, without a Court Order, the provisions or protections provided under this Protective Order with respect to any of its own Discovery Material.

14.    This Protective Order shall not prejudice a Producing Party to claim that potential Discovery Material is subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege or the attorney work product doctrine or on the basis that it was prepared in anticipation of litigation or on any other ground (collectively, "Privilege") and is without prejudice to the right of any other entity (including, without limitation, the Trustee) to contest any such claim. This Protective Order, and the production of any information to the Trustee, also shall not waive or prejudice any applicable rights or immunities of the Producing Party, including rights under 28 U.S.C. §§ 1602-1611, and the Trustee shall not assert that participation in discovery is a waiver of any applicable immunities.

15.    If information subject to a claim of Privilege is nevertheless produced to the Trustee, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel

2705103.1

with respect to, any claim of Privilege. If a Producing Party inadvertently or mistakenly produces privileged information, the Trustee shall, upon written request by the Producing Party after the discovery of such inadvertent or mistaken production, promptly return the privileged information to the Producing Party and destroy all notes or work product reflecting the contents of such privileged material.

16. Entering into this Protective Order shall not prevent any person from waiving any claim of Privilege, in whole or in part, or seeking a court order challenging any claim of Privilege or seeking a court order requiring discovery of a Privileged document. Nor shall it prejudice any person in defending a claim of Privilege.

17. The following procedures shall govern any challenges to confidentiality designations:

   a. If a Party reasonably believes that information should not be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, it must specify to the Producing Party in writing: (i) the information in issue; and (ii) its grounds for questioning the confidentiality designation. The Producing Party must respond in writing within seven days, or within such additional time as is reasonable (taking into account the number of documents or other information in issue) and is agreed to by counsel for the challenging party or as ordered by the Court.

   b. If the party challenging the confidentiality designation remains not satisfied after following the protocol detailed in paragraph 17(a), it may move the Court to lift the confidentiality designation. The burden of establishing that information has been properly designated as Confidential Discovery Material or Highly Confidential Discovery Material is on the Producing Party. Until the Court rules, the confidentiality designation shall remain in effect.

2705103.1

18. Entry of this Order shall constitute entry of an order in accordance with Local Rule 9018-1 allowing the Trustee to file Confidential Discovery Material or Highly Confidential Discovery Material in this Court under seal without prior approval or order of the Court. Confidential Discovery Material or Highly Confidential Discovery Material attached as an exhibit to any filing shall be filed under seal in accordance with the procedures set forth in Local Rule 9018-1 or other applicable rules. Absent the Producing Party's agreement, which shall not be unreasonably withheld or delayed, Confidential Discovery Material or Highly Confidential Discovery Material quoted in a filing shall be redacted in the version of the filing filed on the Court's ECF system, and unredacted versions of the filing shall be filed under seal in accordance with local rules.

19. In the event the Trustee receives a request or is required (whether by law, oral questions, government action, interrogatories, requests for information or documents, subpoena, civil investigative demand, or similar process) to provide any Confidential Discovery Material or Highly Confidential Discovery Material, the Trustee shall provide written notice to counsel of the Producing Party within seven business days of receipt of any such request and the Producing Party shall, in turn, indicate in writing to the Trustee whether it objects to such production or provision of any Confidential Discovery Material or Highly Confidential Discovery Material within five business days of receipt of such notice. The Trustee shall neither produce nor provide any Confidential Discovery Material nor Highly Confidential Discovery Material until the objection by the Producing Party to the production or provision of any Confidential Discovery Material or Highly Confidential Discovery Material, if any, is finally resolved by the Court. If no timely objection is asserted by the Producing Party, the Trustee, in his sole discretion, may produce or provide the Confidential Discovery Material or Highly Confidential Discovery Material in accordance with the request.

20. Nothing in this Order shall preclude any entity, its counsel or any other person from disclosing or using, in any manner or for any purpose, its own information or any information or documents not obtained in discovery in these cases, if such information is lawfully obtained from a non-party having the right to disclose such information, even though the same information or copies of the same documents may have been produced in discovery in these cases and designated as Confidential Discovery Material or Highly Confidential Discovery Material.

21. Nothing in this Order shall limit the Trustee's ability to produce or discuss the content of any Confidential Discovery Material or Highly Confidential Discovery Material to or with any governmental or regulatory agency that is investigating matters relating to the Debtors or related entities or related individuals, including without limitation the Department of Justice, the FBI, the IRS and the U.S. Postal Inspection Service.

22. If any document subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, work product doctrine, common interest privilege, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege is nevertheless produced by a Producing Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the document is privileged or otherwise protected from disclosure, and the Trustee may not argue that the Producing Party failed to take reasonable steps to prevent production of the privileged materials in support of an argument that any privilege has been waived. If a Producing Party discovers through any means that it has produced materials that are subject to a claim of privilege, the Producing Party may provide written notice to the Trustee that the material was produced, which notice may include a statement of the basis for the Producing Party's contention that the material is privileged. If a notice is given pursuant to this paragraph by a Producing Party with respect to a document then in custody of the Trustee, the Trustee shall promptly return to the Producing Party that document

2705103.1

(and all copies thereof) within its possession, custody, or control as to which the claim of privilege has been made. In addition, the Trustee shall destroy all notes or work product reflecting the contents of such document made after notification of the claim of privilege, and shall not use such document, or the information contained therein, for any purpose in this action or in any other action. However, in the event the Trustee objects to any such privilege claim, counsel for the Trustee shall be permitted, in lieu of destroying any notes or work product reflecting the contents of the document, to set aside such materials in a secure place and manner that prevents (or, if applicable, redact such materials in a manner that prevents) the purportedly privileged information from being further disclosed or reviewed until the privilege claim is resolved or the Court issues a ruling on the privilege claim. Nothing in this paragraph shall increase or diminish the rights of an entity to contest, or change the manner in which such entity may contest, any privilege claim to the extent and in the manner permitted by law. Under Federal Rule of Evidence 502(d), the provisions of this paragraph shall apply in this case, as well as in any other Federal or State proceeding. Notwithstanding the foregoing, (i) affirmative use of a document by the Producing Party in the action waives privilege with respect to it, and of other information to extent provided by Federal Rule of Evidence 502(a); and (ii) upon use in the proceedings by another of a document, the Producing Party must promptly assert any claimed privilege over it and request return or destruction thereof.

23.     This Protective Order shall continue in effect after the closing of the Debtors' cases.

24.     The Trustee shall instruct each person who received Confidential Discovery Material or Highly Confidential Discovery Material pursuant to paragraphs 7.a, 7.b, 7.d, 7.g and 8 above to return or destroy such Confidential Discovery Material or Highly Confidential Discovery Material upon the earlier of (i) entry of a final decree closing the Debtors' cases, or (ii) a direction from the Trustee; provided, however, that each person who received Confidential

2705103.1

Discovery Material or Highly Confidential Discovery Material pursuant to paragraphs 7.a. and 7.b may maintain or destroy such Confidential Discovery Material or Highly Confidential Discovery Material in accordance with such persons' internal document policies and procedures. If any such person elects to destroy the Confidential Discovery Material or Highly Confidential Discovery Material, it shall certify to the Trustee in writing that such confidential Discovery Material or Highly Confidential Discovery Material has been destroyed in a manner consistent with that persons' internal document policies and procedures and in such a manner as to ensure that the confidentiality of the material is maintained.

25. Nothing in this Protective Order prohibits a Producing Party from seeking further protection of Discovery Material by application to the Court in accordance with the terms of this Protective Order.

26. Nothing in this Protective Order modifies or abridges any right or obligation that any entity otherwise may have under the Bankruptcy Rules, including without limitation Rule 2004, and pursuant to any individual non-disclosure agreement or other separate confidentiality agreements or stipulations entered into by any entity with any other entity involved in the Debtors' bankruptcy proceeding, except that any confidentiality or non-disclosure agreement entered into by the Trustee with any Producing Party shall be superseded by this Protective Order.

27. This Protective Order is without prejudice to the right of any entity to seek further relief from the Court, or modify the terms of this Order, upon good cause shown, with notice to the Trustee. The Trustee may agree to modify the times and dates set forth in this Order without the need to obtain consent of the Court.

2705103.1

28. The Court shall have and shall retain, after the closing of the Debtors' cases, exclusive jurisdiction over any matter arising under or related to this Protective Order.

| | |
|---|---|
| Dated: October 15, 2018<br>New York, New York | */s/ Sean H. Lane*<br>United States Bankruptcy Judge |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | Case No. 18-10509 (SHL) |
| Debtors. | Jointly Administered |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY**
**PROTECTIVE ORDER GOVERNING TRUSTEE DISCOVERY**

I, _____, under penalty of perjury, 28 U.S.C. §1746, declare as follows:

1. Information, including documents and things, designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as defined in the Protective Order Governing Trustee Discovery entered in the above-captioned action (the "Protective Order"), is being provided to me pursuant to the restrictions of the Protective Order.

2. I have been given a copy of and have read the Protective Order.

3. I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

4. I submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcement of the Protective Order.

5. I acknowledge that violation of the Protective Order may result in penalties for contempt of court.

6. I agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

Name: _____

Job Title: _____

Employer: _____

Signed this ____ day of _____, 20___.

2705103.1