Hearing Date and Time: February 28, 2019 at 11:00 a.m. EST
Objection Deadline: February 21, 2019 at 5:00 p.m. EST

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br>No. 18-10509 (SHL)<br>(Jointly Administered) |

<u>**NOTICE OF TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS**</u>

To the parties listed on the attached Service List:

PLEASE TAKE NOTICE that Richard Levin, not individually but as Chapter 11 Trustee (the "**Trustee**") for the bankruptcy estates of the Debtors in the above-captioned bankruptcy case, has filed his First Omnibus Objection to Claims (the "**Objection**"), which seeks to disallow claims that are duplicative of other claims.

**If you are a claimant, you should locate your name and claim(s) in Exhibit A to the Objection.**

PLEASE TAKE FURTHER NOTICE that any response to the Objection must be filed with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") not later than February 21, 2019, and served so as to be received by counsel for the Trustee at the following address not later than February 21, 2019: Marc Hankin, Jenner & Block LLP, 913 3rd Avenue, New York, NY 10022.

PLEASE TAKE FURTHER NOTICE that every response to the Objection must contain the following:

a.  the name of the claimant and description of the basis for the amount of the Claim;

b.  a concise statement setting forth the reasons why the Claim should not be modified or disallowed as requested by the Trustee in the Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Trustee's Objection;

c.  all documentation or other evidence of the Claim, to the extent not included with the proof of claim previously filed with the Court, upon which the claimant will rely in opposing the Trustee's Objection;

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

    d.      the address(es) to which the Trustee must return any reply to the claimant's response, if different from the address(es) presented in the Claim; and

    e.      The name, address, and telephone number of the person (which may be the claimant or the claimant's legal representative) possessing the ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the claimant.

PLEASE TAKE FURTHER NOTICE THAT A HEARING ON THE OBJECTION WILL BE HELD ON February 28, 2019 at 11:00 a.m. EST before the Honorable Sean H. Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 701, New York, NY 10004, or before any other judge who may be sitting in his place and stead.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE FIRST OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: February 7, 2019,
New York, New York

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ Marc Hankin
Marc Hankin
Carl Wedoff
913 3rd Avenue
New York, NY 10022
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)
353 N. Clark St.
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com

*Counsel for the Chapter 11 Trustee*

Hearing Date and Time: February 28, 2019 at 11:00 a.m. EST
Objection Deadline: February 21, 2019 at 5:00 p.m. EST

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | No. 18-10509 (SHL) |
| FIRESTAR DIAMOND, INC., *et al.* | (Jointly Administered) |
| Debtors.[2] | |

**FIRST OMNIBUS OBJECTION TO CLAIMS (DUPLICATE CLAIMS OBJECTION)**

Richard Levin, Chapter 11 Trustee (the "**Trustee**") in these chapter 11 cases (the "**Debtors**"), states:

**THIS IS A CLAIMS OBECTION SEEKING TO DISALLOW CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS IN EXHIBIT A ATTACHED TO THIS OBJECTION.**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this First Omnibus Objection to Claims (the "**Objection**") under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Trustee consents to the entry of a final order by this Court.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Objection is made pursuant to 11 U.S.C. §§ 105 and 502(b) and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

4. On February 26, 2018, the Debtors filed bankruptcy petitions under Chapter 11 in the U.S. Bankruptcy Court for the Southern District of New York. On March 9, 2018, this Court entered an Order directing that the Debtors' cases be jointly administered. (Dkt. 24.)

---

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

5.      On June 14, 2018, the United States Trustee for Region 2 appointed Richard Levin as the trustee in the Debtors' jointly administered cases. (Dkt. 222.)

6.      On October 5, 2018, this Court entered an order fixing December 11, 2018 as the deadline for the filing of proofs of claim by creditors. (Dkt. 482.)

7.      As of February 7, 2019, 96 claims have been filed against the Debtors.

8.      Based on the Trustee's review of the filed claims against the Debtors, some of the claims (the "**Duplicate Claims**") seek recovery on the basis of the same liabilities as other claims (the "**Surviving Claims**").

## RELIEF REQUESTED

9.      By this Objection, the Trustee objects to the Duplicate Claims identified on Exhibit A attached hereto, and respectfully requests that the Court enter an order disallowing the Duplicate Claims and granting such further relief as the Court deems just and proper.

## BASIS FOR RELIEF

10.     The Trustee has listed the Duplicate Claims to which he objects in Exhibit A. Exhibit A includes the name of the person or entity who filed each Duplicate Claim (a "**Claimant**"), the claim number, the amount of the filed Duplicate Claim, the classification of the Duplicate Claim as filed, information describing the particular Surviving Claim which is a duplicate of the Duplicate Claim, and a short description of the basis for the Trustee's objection to the Claim. The Trustee seeks the complete disallowance of all Duplicate Claims listed in Exhibit A.

11.     To the extent that a claim is duplicative of another claim filed by the same claimant, it is unenforceable and must be disallowed. *See In re Ideal Mortg. Bankers, Ltd.*, 539 B.R. 409, 425–26 (Bankr. E.D.N.Y. 2015), *aff'd sub nom. Holzer v. Barnard*, No. 15-CV-6277 (JFB), 2016

WL 4046767 (E.D.N.Y. July 27, 2016); *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993).

12. Bankruptcy Rule 3007(d)(1) permits omnibus objections to duplicative claims.

13. The Trustee has determined that the Claimants impermissibly asserted duplicative claims against the Debtor. Some of the Duplicate Claims are identical to Surviving Claims, while others are substantially similar to Surviving Claims and are based on the same underlying debt. Therefore, the Trustee seeks disallowance of all Claims that are identified in Exhibit A as duplicative of other claims against the Debtor.

## **RESERVATION OF RIGHTS**

14. Nothing in this Objection should be construed as the Trustee conceding the validity of any other proof of claim filed against the Debtor. The Trustee's claims analysis is ongoing and this Objection is but one of several omnibus objections the Trustee anticipates filing. Therefore, the Trustee expressly reserves the right to further object to any or all of the claims filed against the Debtor's estate, including other claims brought by the Claimants listed in Exhibit A, on any basis whatsoever.

## **SEPARATE CONTESTED MATTERS**

15. Each Claim and the Trustee's objections thereto, as asserted in this First Omnibus Objection to Claims and as set forth in Exhibit A, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. The Trustee requests that any order entered by the Court with respect to an objection asserted in this Objection be deemed a separate order with respect to each Claim.

## NOTICE

16. The Trustee has provided notice of this Motion to: (a) the Office of the United States Trustee; (b) all parties who have formally requested notice in the Debtors' cases; and (c) each Claimant.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order substantially in the form of the attached proposed order and grant such other and further relief as this Court deems just and proper.

Dated: February 7, 2019,
      New York, New York        Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ Marc Hankin
Marc Hankin
Carl Wedoff
913 3rd Avenue
New York, NY 10022
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)
353 N. Clark St.
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com

*Counsel for the Chapter 11 Trustee*

# EXHIBIT A

| DUPLICATE CLAIM TO BE DISALLOWED | | | | | | PROPOSED SURVIVING CLAIM | | | | | | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Claimant | Date Filed | Case # | Claim # | Classification | Total Amount | Claimant | Date Filed | Case # | Claim # | Classification | Total Amount | |
| **Corporation Bank** | 12/12/2018 | 18-10509 | 63 | Secured | $5,546,254.00 | **Corporation Bank** | 11/30/2018 | 18-10509 | 50 | Secured | $5,546,254.00 | The proposed surviving claim is a duplicate of the claim to be disallowed. |
| **Costco Wholesale Corp.** | 12/11/2018 | 18-10511 | 9 | Administrative | $4,378,393.00 | **Costco Wholesale Corp.** | 12/11/2018 | 18-10511 | 10 | Priority | $4,378,393.00 | The proposed surviving claim is a duplicate of the claim to be disallowed. |
| **Saumil Diam, LLC** | 12/11/2018 | 18-10509 | 34 | Unsecured | $619,917.00 | **Saumil Diam, LLC** | 12/11/2018 | 18-10509 | 33 | Unsecured | $619,917.00 | The proposed surviving claim is a duplicate of the claim to be disallowed. |
| **Saumil Diam, LLC** | 12/11/2018 | 18-10509 | 35 | Unsecured | $619,917.00 | **Saumil Diam, LLC** | 12/11/2018 | 18-10509 | 33 | Unsecured | $619,917.00 | The proposed surviving claim is a duplicate of the claim to be disallowed. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.³ | (Jointly Administered) |

### [PROPOSED] ORDER GRANTING FIRST OMNIBUS OBJECTION TO CLAIMS

Upon consideration of the *First Omnibus Objection to Claims (Duplicate Claims Objection)* (the "**First Omnibus Objection**") filed by Richard Levin in his capacity as Trustee of the three Debtors in these jointly administered cases (the "**Trustee**"), seeking entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), disallowing and expunging the Duplicate Claims, as more fully described in the First Omnibus Objection; and due and proper notice of the First Omnibus Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the First Omnibus Objection that is granted hereby is in the best interests of the Debtors' estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the First Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the First Omnibus Objection is granted; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, the claims listed in Exhibit A to the First Omnibus Objection are disallowed in their entirety, with prejudice; and it is further

---

³ The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

**ORDERED** that with respect to any Duplicate Claim referenced and/or identified in the First Omnibus Objection that is not listed on Exhibit A thereto, this Order has no *res judicata*, estoppel, or other effect on its validity, allowance, or disallowance, and all rights to object to or defend on any basis such Duplicate Claim are expressly reserved; and it is further

**ORDERED** that with respect to any Surviving Claim, or any Duplicate Claim that is not resolved by this Order, all of the Debtors' rights to object to any such claim on any other basis are expressly reserved; and it is further

**ORDERED** that the Debtors, the Debtors' Claims and Noticing Agent (Omni Management Group), and the Clerk of this Court are authorized to take all actions necessary or appropriate to effectuate this Order; and it is further

**ORDERED** that this Order is deemed to be a separate order with respect to each claimant whose claim is disallowed hereby; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
_____ \_\_, 2019

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

2