Hearing Date and Time: **July 17, 2019 at 10:00 a.m.** Eastern Daylight Time
Objection Deadline: **July 10, 2019 at 5:00 p.m.** Eastern Daylight Time

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER**
**APPROVING SETTLEMENT WITH UOB REALTY (USA) LIMITED PARTNERSHIP**

On June 26, 2019, Chapter 11 Trustee Richard Levin (the "**Trustee**") filed the annexed *Chapter 11 Trustee's Motion for an Order Approving Settlement with UOB Realty (USA) Limited Partnership* (the "**Motion**").

A hearing on the Motion will be held before the Honorable Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York on **July 17, 2019 at 10:00 a.m. (Eastern Daylight Time)**, or as soon thereafter as counsel may be heard (the "**Hearing**"), in

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

Courtroom 701 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004.

Objections, if any, to approval of the Motion and entry of the proposed order must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the Bankruptcy Court (with a copy to the Judge's chambers); and (iv) be served upon (a) counsel to the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Richard Morrissey, Esq.); (b) counsel to the Trustee, Jenner & Block LLP, 919 Third Avenue, New York, New York 10022 (Attn: Carl Wedoff, Esq.); (c) counsel to the Debtors, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st St., 17th Floor, New York, NY 10036 (Attn: Ian Winters, Esq.); and (d) counsel to Punjab National Bank, Cleary, Gottlieb, Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean O'Neal) so as to be received by each of them no later than 5:00 p.m. (Eastern Daylight Time) on July 10, 2019 (the "**Objection Deadline**").

If no responses or objections are served by the Objection Deadline, the relief may be granted as requested in the Motion without further notice or a hearing. You need not appear at the Hearing if you do not object to the relief requested in the Motion. The Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

|  |  |
|---|---|
| Dated: June 26, 2019<br>New York, New York | Respectfully submitted,<br><br>**JENNER & BLOCK LLP**<br><br>By: /s/ Marc Hankin<br>Marc Hankin<br>Carl Wedoff<br>919 Third Avenue<br>New York, New York 10022<br>(212) 891-1600<br>mhankin@jenner.com<br>cwedoff@jenner.com<br><br>Angela Allen (admitted *pro hac vice*)<br>353 North Clark Street<br>Chicago, Illinois 60654<br>(312) 222-9350<br>aallen@jenner.com<br><br>*Counsel for the Chapter 11 Trustee* |

Hearing Date and Time: **July 17, 2019 at 10:00 a.m.** Eastern Daylight Time
Objection Deadline: **July 10, 2019 at 5:00 p.m.** Eastern Daylight Time

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

### CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER
### APPROVING SETTLEMENT WITH UOB REALTY (USA) LIMITED PARTNERSHIP

Richard Levin, not individually but solely in his capacity as chapter 11 trustee (the "**Trustee**") of the above-captioned debtors (the "**Debtors**"), respectfully submits this motion (the "**Motion**") under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order, substantially in the form attached as Exhibit A to this Motion (the "**Proposed Settlement Order**"), approving a settlement (the "**Settlement**"), substantially consistent with the terms of the settlement agreement attached as Exhibit B to this Motion (the "**Settlement Agreement**"), by and among the Trustee and UOB Realty (USA) Limited Partnership (the "**Landlord**"). In support of the Motion, the Trustee respectfully states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this Motion is Bankruptcy Rule 9019(a). The Trustee consents to this Court's entry of a final order on this Motion.

**BACKGROUND**

2. On February 26, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"). Until the appointment of the Trustee, the Debtors operated their businesses and managed their affairs as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

3. On March 9, 2018, the Court entered an Order directing that these cases be jointly administered. (Dkt. 24.) An Official Committee of Unsecured Creditors has not been appointed in these cases.

4. On June 14, 2018, the Court approved the Trustee's appointment. (Dkt. 227.)

5. As of the Petition Date, Debtor, Firestar Diamond, Inc. ("**Firestar**") was a lessee under an unexpired nonresidential real property lease, dated November 13, 2012 (the "**Lease**"), for certain premises located at 592 Fifth Avenue, Third Floor, New York, New York 10036 (the "**Premises**").

6. On June 25, 2018, the Court entered a Stipulation and Order under which the Parties agreed to extend the period within which the Trustee may assume or reject the Lease to September 24, 2018. (Dkt. 243.)

7. On September 24, 2018, the parties executed, and on September 28, 2018, the Court entered, a second Stipulation and Order between the Parties (the "**Lease Stipulation**") (Dkt. 455).

8. Among other things, the Lease Stipulation provided that:

   a. The Lease was to be rejected as of December 31, 2018.

   b. Firestar would surrender and vacate the Premises no later than December 31, 2018 at 11:59 p.m. Eastern Standard Time.

   c. Firestar would surrender and vacate the Premises in broom-clean condition.

   d. Firestar would remove its vault and any and all safes from the Premises.

   e. Firestar's failure to timely vacate and surrender the Premises in broom-clean condition would make Firestar's estate liable to pay, and the Landlord would have, an allowed administrative claim for, all amounts payable with respect to those obligations,

9. Firestar vacated the premises by December 31, 2018, but did not remove its vault or leave the Premises in broom-clean condition by December 31, 2018.

10. In January 2019, the Parties met and agreed that a vendor identified by the Landlord would remove the vault and any debris from the premises for a total cost of $32,000.

11. On January 31, 2019, the Landlord filed a proof of claim (the "**Proof of Claim**") seeking lease rejection damages of $244,076.96 arising from the Trustee's lease rejection (Firestar Claim No. 59).

12. The vendor completed removal of the vault and debris in March 2019.

13. Following arms' length and good faith negotiations, the Parties ultimately reached the Settlement reflected in the Settlement Agreement. Its principal terms are as follows:

   a. The Trustee will pay the Landlord $102,576.00 (the "**Payment**") — representing the amount of January 2019 rent, February 2019 rent, and vault and debris removal costs.

3

      b. The parties will exchange mutual releases of all claims arising from or related to the Parties' post-petition rights, responsibilities, and obligations, including but not limited to claims arising from or related to the Lease Stipulation.

      c. The parties' rights with respect to the Proof of Claim are not affected by the Settlement Agreement.

14.     The releases provided for in section 6 of the Settlement Agreement are contingent upon: (i) the execution of the Settlement Agreement; (ii) the Trustee's delivery of the Payment to the Landlord; and (iii) the Court's approval of the Settlement on a final basis. The parties intend to execute the Agreement in advance of the hearing on the Motion.

## RELIEF REQUESTED

15.     The Trustee requests that this Court enter the Proposed Settlement Order approving the Settlement under Bankruptcy Rule 9019(a).

16.     Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed R. Bankr. P. 9019(a). Rule 9019 empowers the Court to approve compromises and settlements if they are "fair, equitable, and in the best interests of the estate." *In re Residential Capital, LLC*, 497 B.R. 720, 749 (Bankr. S.D.N.Y. 2013); *see Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25 (1968). In determining whether a settlement is fair and equitable, a court does need not decide the numerous issues of law and fact involved; it need only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Residential Capital*, 497 B.R. at 749. "Rather than conducting a mini-trial, the Court only needs to be apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and

4

independent judgment." *Residential Capital*, 497 B.R. at 749 (internal citations and quotation marks omitted).

17. As a general matter, "'settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate.'" *Residential Capital*, 497 B.R. at 749 (quoting *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 641–642 (Bankr. S.D.N.Y. 2012)); *see Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 455 (2d Cir. 2007) (settlements "help clear a path for the efficient administration of the bankrupt estate"). "Although courts have discretion to approve settlements, the business judgment of the debtor in recommending the settlement should be factored into the court's analysis." *In re MF Global Inc.*, No. 11-2790 MG, 2012 WL 3242533, at *5 (Bankr. S.D.N.Y. Aug. 10, 2012). Courts may also rely upon the opinion of trustee, the parties, and their respective counsel. *Id.*

18. The Second Circuit has identified seven interrelated factors that courts should consider when evaluating whether settlements fall within the range of reasonableness under Bankruptcy Rule 9019(a):

   a. the balance between the litigation's possibility of success and the settlement's future benefits;

   b. the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment;

   c. "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;"

   d. whether other parties in interest support the settlement;

e. the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement;

f. "the nature and breadth of releases to be obtained by officers and directors[;]" and

g. "the extent to which the settlement is the product of arm's length bargaining."

*Residential Capital, LLC*, 497 B.R. at 750 (quoting *In Motorola, Inc. v. Official Committee of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007)). An analysis of the *Iridium* factors demonstrates that the Settlement is fair, reasonable and in the best interests of the Debtors' estates and creditors.

19. *First*, if the Trustee is required to litigate the amount of the Landlord's post-petition claims, there is no guarantee that the Debtors' estates will realize any greater—or even the same—net value represented by the Settlement.

20. *Second*, setting aside litigation risk, the cost to the Debtors' estates of litigating the Landlord's post-petition claims could exceed any benefit and materially diminish any recovery.

21. *Third*, the Settlement serves the interests of the Debtors' creditors. The Settlement will cap the Landlord's postpetition claim and prevent further diminution in amounts available for distribution to the Debtors' creditors through the Trustee's forthcoming chapter 11 plan.

22. *Fourth*, the Trustee is unaware of any opposition to the Settlement from any interested party.

23. *Fifth*, both Parties are represented by sophisticated counsel, and this Court is familiar with both the complexity of these chapter 11 cases and the types of issues that would arise in any litigation of claims of this nature.

24. *Sixth*, the scope of these releases provided to and received from the Landlord are appropriate in light of the benefit to the estates and the proposed Settlement.

25. *Seventh*, the Agreement was proposed, negotiated, and entered into by the Parties, without collusion, in good faith, and from arms' length bargaining positions.

26. Accordingly, the Trustee submits that the proposed Settlement is appropriate in light of the relevant factors, is fair and equitable, and should be approved.

## NOTICE

27. The Trustee is serving this Motion upon the U.S. Trustee, Landlord, and the 2002 Service List in accordance with the Order Establishing Notice and Case Management Procedures [Dkt. 530]. The Trustee submits that under the circumstances, no other or further notice need be provided.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an order approving the Settlement and granting such other relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: June 26, 2019<br>New York, New York | Respectfully Submitted,<br><br>**JENNER & BLOCK LLP**<br><br>By: /s/ Marc Hankin<br>Marc Hankin<br>Carl Wedoff<br>919 Third Avenue<br>New York, New York 10022<br>(212) 891-1600<br>mhankin@jenner.com<br>cwedoff@jenner.com<br><br>Angela Allen (admitted *pro hac vice*)<br>353 North Clark Street<br>Chicago, Illinois 60654<br>(312) 222-9350<br>aallen@jenner.com<br>*Counsel for the Chapter 11 Trustee* |

8