JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF
ORDER ESTABLISHING DEADLINES FOR FILING ADMINISTRATIVE
PROOFS OF CLAIM AND PROCEDURES RELATING THERETO
AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

On August 1, 2019, Chapter 11 Trustee Richard Levin (the "**Trustee**") filed the annexed *Chapter 11 Trustee's Motion For Entry Of Order Establishing Deadlines For Filing Administrative Proofs of Claim And Procedures Relating Thereto And Approving Form And Manner Of Notice Thereof* (the "**Administrative Bar Date Motion**").

A hearing on the Administrative Bar Date Motion will be held before the Honorable Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York on **August**

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. (f/k/a A. Jaffe, Inc.) (4756).

**22, 2019 at 11:00 a.m.** (Eastern Daylight Time), or as soon thereafter as counsel may be heard (the "**Hearing**"), in Courtroom 701 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004.

Objections, if any, to approval of the Administrative Bar Date Motion and entry of the proposed order must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the Bankruptcy Court (with a copy to the Judge's chambers); and (iv) be served upon (a) counsel to the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Richard Morrissey, Esq.); (b) counsel to the Trustee, Jenner & Block LLP, 919 Third Avenue, New York, New York 10022 (Attn: Carl Wedoff, Esq.); (c) counsel to the Debtors, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st St., 17th Floor, New York, NY 10036 (Attn: Ian Winters, Esq.); (d) counsel to Israel Discount Bank of New York, Troutman Sanders LLP, 875 Third Avenue, New York, New York 10022 (Attn: Brett D. Goodman, Esq.) and Troutman Sanders LLP, 600 Peachtree Street, NE., Suite 3000, Atlanta, Georgia (Attn: Harris B. Winsberg, Esq. and Matthew R. Brooks, Esq.); (e) counsel to HSBC Bank USA, National Association, Allen & Overy LLP 1221 Avenue of the Americas, New York, New York 10020 (Attn: Ken Coleman, Esq.); and (f) counsel to Punjab National Bank, Cleary, Gottlieb, Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean O'Neal) so as to be received by each of them no later than **August 15, 2019 at 5:00 p.m.** (Eastern Daylight Time) (the "**Objection Deadline**").

If no responses or objections are served by the Objection Deadline, the relief may be granted as requested in the Administrative Bar Date Motion without further notice or a hearing. You need not appear at the Hearing if you do not object to the relief requested in the Administrative Bar Date Motion. The Hearing may be continued or adjourned from time to time

without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

Dated: August 1, 2019  
       New York, New York

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ Marc Hankin  
Marc Hankin  
Carl Wedoff  
919 Third Avenue  
New York, New York 10022  
(212) 891-1600  
mhankin@jenner.com  
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)  
353 North Clark Street  
Chicago, Illinois 60654  
(312) 222-9350  
aallen@jenner.com

*Counsel for the Chapter 11 Trustee*

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF ORDER
ESTABLISHING DEADLINES FOR FILING ADMINISTRATIVE PROOFS
OF CLAIM AND PROCEDURES RELATING THERETO
AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

Richard Levin, not individually but solely as chapter 11 trustee (the "**Trustee**") for the above-captioned debtors (the "**Debtors**"), moves (the "**Motion**") under section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim, dated December 1,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. (f/k/a A. Jaffe, Inc.) (4756).

2015 (the "**Guidelines**"), for the entry of an order establishing a deadline (the "**Administrative Bar Date**") for filing claims for expenses of administration of the Debtors' estates allowable under Bankruptcy Code sections 503(b) or section 507(a)(2) other than administrative expenses defined as Excluded Claims below ("**Administrative Claims**"). In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION & VENUE

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2) in which the Court may constitutionally enter a final order, and the Trustee consents to the entry of a final order by the Court. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. This Motion is made under Bankruptcy Code section 105(a), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 3003-1.

## BACKGROUND

3. On February 26, 2018, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases.

4. On June 14, 2018, the Court entered an order approving the appointment of the Trustee. (Dkt. 227.) Since his appointment, the Trustee has managed the Debtors' estates in an effort to maximize recoveries for the Debtors' creditors.

5. On October 5, 2018, the Court entered an order establishing December 11, 2018 as the deadline for filing proofs of claim (the "**First Bar Date Order**"). (Dkt. 482.) The First Bar Date Order did not set a deadline to file claims for expenses of administration of the Debtors' estates allowable under Bankruptcy Code sections 503(b) or section 507(a)(2). *Id.* ¶ 3(g).

**RELIEF REQUESTED AND BASIS FOR RELIEF**

6. In order to proceed with a chapter 11 plan and move toward a conclusion of the Debtors' chapter 11 cases, the Trustee must obtain complete and accurate information regarding the nature, validity, and amount of administrative expense claims. Accordingly, the Trustee seeks the entry of an order in substantially the form attached hereto as Exhibit A (the "**Proposed Administrative Bar Date Order**"): (a) establishing the Administrative Bar Date (as defined below) of October 31, 2019, at 5:00 P.M. Eastern Time (the "**Administrative Bar Date**") for claims that arose on or before August 31, 2019, and related claims procedures proposed herein; and (b) approving the form and manner of notice thereof.

**I. Establishment of the Administrative Bar Date**

7. The filing of proofs of claim in a chapter 11 case generally is governed by Bankruptcy Rule 3003(c)(3), which provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). The Court has the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

8. Fixing the Administrative Bar Date will enable the Trustee to receive, process, and analyze asserted Administrative Claims and to proceed with a plan of liquidation. Based on the procedures set forth below, the proposed Administrative Bar Date will give creditors ample opportunity to prepare and file Administrative Proofs of Claim.

**II. Administrative Proof of Claim Requirements**

9. The Trustee has prepared a proof of claim form for Administrative Claims tailored to these chapter 11 cases (the "**Administrative Proof of Claim Form**"). The Administrative Proof of Claim Form is attached to the Proposed Administrative Bar Date Order as Exhibit 2. The Trustee requests that the Court approve the Administrative Proof of Claim Form.

10. The Trustee proposes that the following procedures apply: proofs of Administrative Claims: (i) must conform substantially to the proposed Administrative Proof of Claim Form; (ii) must be filed by delivering (either by U.S. mail, overnight delivery, or hand delivery) the original proof of Administrative Claim to Firestar Diamond, Inc. Claims Processing, c/o Omni Management Group, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or by hand delivery to the Clerk of the Bankruptcy Court, One Bowling Green, New York, NY 10004; (iii) will be deemed filed only when actually received by Omni Management Group or the Clerk of the Bankruptcy Court; and (iv) must (a) be signed; (b) include supporting documentation or an explanation as to why documentation is not available; (c) be in the English language; (d) be denominated in United States currency; and (e) specify by name and case number the estate against which the claim is filed (if the holder asserts a claim against more than one estate or has claims against different estates, a separate proof of claim form must be filed with respect to each estate).

11. The proposed Administrative Bar Date Order provides that any claim allowable under section 503(b) and section 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates must be filed by the Administrative Bar Date other than the following (each an "**Excluded Claim**"):

   a. claims of professionals retained pursuant to sections 327, 328, and 330 of the Bankruptcy Code for professional fees and expenses;

   b. United States Trustee fees payable and unpaid under 28 U.S.C. § 1930;

   c. administrative expense claims that have been allowed by order of the Court;

   d. administrative expense claims held by a person or entity that has been paid in full under the Bankruptcy Code or in accordance with an order of the Court;

e. administrative expense claims held by a person or entity that has filed a motion requesting allowance of such administrative expense claim prior to the date of this Motion; and

   f. administrative expense claims that arise after August 31, 2019.

### III. Procedures for Providing Notice of the Administrative Bar Date

12. The Trustee proposes to serve, within five business days after entry of order establishing an administrative bar date, through Omni Management Group ("**Omni**"), a notice of the Administrative Bar Date (as fixed by the Court) substantially in the form attached as Exhibit 1 to the Proposed Administrative Bar Date Order (the "**Administrative Bar Date Notice**") and an individualized Administrative Proof of Claim Form (collectively, the "**Administrative Bar Date Notice Materials**") upon all known entities holding potential Administrative Claims; the United States Trustee; counsel for the Debtors; the Internal Revenue Service for the district in which the case is pending; the Securities and Exchange Commission; any other required governmental units; and such additional persons and entities as deemed appropriate by the Trustee. The date upon which the Trustee commences service of the Administrative Bar Date Notice and Administrative Proof of Claim Form is referred to herein as the "**Service Date**."

13. Actual notice is required for known creditors—those whose names and addresses are reasonably ascertainable. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 (1983); *In re Motors Liquidation Co.*, 529 B.R. 510, 524 (Bankr. S.D.N.Y. 2015). A creditor's claim is only "reasonably ascertainable" if the claim can be identified with "due diligence," without resorting to "impracticable and extended searches." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also In re Credit-Based Asset Servicing & Securitization LLC*, No. 10-16040, 2014 WL 7177629, at *2 (Bankr. S.D.N.Y. Dec. 9, 2014). The reasonably diligent search should focus "on the debtor's own books and records … [e]fforts beyond a careful examination of these documents

are generally not required." *In re XO Commc'ns., Inc.*, 301 B.R. 782, 793 (Bankr. S.D.N.Y. 2003) (quoting *Chemetron Corp. v. Jones*, 72 F.3d 341, 347 (3d Cir. 1995)) (internal quotations omitted).

14. The Trustee submits that the proposed procedures for providing notice of the Administrative Bar Date to known or potential holders of Administrative Claims comply with Bankruptcy Rule 2002(a)(7) and the Guidelines and are calculated to give actual notice of the Administrative Bar Date to all such persons and entities. Accordingly, the Trustee requests that this Court find such notice to be appropriate notice under the circumstances of this case.

**IV.    Effect of the Failure to File a Proof of Claim by the Applicable Bar Date**

15. The Trustee proposes that any holder of an Administrative Claim to which the Administrative Bar Date applies that fails to file a proof of Administrative Claim by the Administrative Claims Bar Date shall be barred from participating in any distribution on account of such Administrative Claim under any plan confirmed in these chapter 11 cases.

16. The Trustee submits that the proposed Administrative Bar Date will provide holders of Administrative Claims in these chapter 11 cases an adequate amount of time after the Service Date to prepare and file proofs of claim. The Trustee also submits that the Administrative Bar Date Notice, substantially in the form and manner as proposed in this Motion, is fair and reasonable and will provide sufficient notice to all holders of Administrative Claims and other parties in interest of the deadlines for filing Administrative Claims they may assert against in these chapter 11 cases. Further, the Trustee submits that approval of the procedures concerning the filing of proofs of Administrative Claim will enable him to administer these cases expeditiously and will benefit the respective estates and creditors.

**V.    Compliance with Local Rule 3003-1 and the Guidelines**

17. The Trustee believes that the Motion, the Administrative Bar Date Notice, the Proposed Administrative Bar Date Order, and all exhibits and attachments thereto, comply with

Local Rule 3003-1 and the Guidelines. The Administrative Bar Date Notice and the Proposed Administrative Bar Date Order were modeled on the forms attached to the Guidelines. The Trustee submits that the alterations to these forms are appropriate and generally have been limited to those instances where such deviations: (a) are necessary or appropriate to tailor the Administrative Bar Date Notice and the Proposed Administrative Bar Date Order for use in these chapter 11 cases; (b) adopt changes that are expressly contemplated by the Guidelines; or (c) provide additional information for the benefit of potential parties in interest.

## **NOTICE**

The Trustee has provided notice of this Motion to: (a) the U.S. Trustee; (b) counsel to the Debtors; (c) counsel to the Debtors' prepetition lenders; (d) all parties that have requested notice in this proceeding pursuant to Bankruptcy Rule 2002; and (e) all parties entitled to notice pursuant to Local Rule 9013-1(b). In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

WHEREFORE, the Trustee respectfully requests that this Court enter the Proposed Administrative Bar Date Order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: August 1, 2019
      New York, New York

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Marc Hankin*
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com

*Counsel for the Chapter 11 Trustee*