JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF CHAPTER 11 TRUSTEE'S APPLICATION FOR ORDER APPROVING**
**EXPANSION OF EMPLOYMENT OF WHITLEY PENN LLP AS ACCOUNTANT**
***NUNC PRO TUNC* AS OF JULY 22, 2019**

On August 8, 2019, Chapter 11 Trustee Richard Levin (the "**Trustee**") filed the annexed

*Chapter 11 Trustee's Application for an Order Approving Expansion of Employment of Whitley Penn LLP*

*as Accountant Nunc Pro Tunc as of July 22, 2019* (the "**Application**").

A hearing on the Application will be held before the Honorable Sean H. Lane of the United

States Bankruptcy Court for the Southern District of New York on **August 22, 2019 at 11:00 a.m.**

**(Eastern Time)**, or as soon thereafter as counsel may be heard (the "**Hearing**"), in Courtroom 701

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004.

Objections, if any, to approval of the Application and entry of the proposed order must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the Bankruptcy Court (with a copy to the Judge's chambers); and (iv) be served upon (a) counsel to the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Richard Morrissey, Esq.); (b) counsel to the Trustee, Jenner & Block LLP, 919 Third Avenue, New York, New York 10022 (Attn: Richard Levin, Esq.); (c) counsel to the Debtors, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st St., 17th Floor, New York, NY 10036 (Attn: Ian Winters, Esq.); and (d) counsel to Punjab National Bank, Cleary, Gottlieb, Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean O'Neal) so as to be received by each of them no later than 5:00 p.m. (Eastern Time) on August 15, 2019 the "**Objection Deadline**").

If no responses or objections are served by the Objection Deadline, the relief may be granted as requested in the Application without further notice or a hearing. You need not appear at the Hearing if you do not object to the relief requested in the Application. The Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

Dated: August 8, 2019
      New York, New York

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ Marc Hankin
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com

*Counsel for the Chapter 11 Trustee*

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------- | X | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| FIRESTAR DIAMOND INC., *et al.*,[1] | : | Case No. 18-10509 (SHL) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| ------------------------------------------------------------------- | X | |

**CHAPTER 11 TRUSTEE'S APPLICATION FOR AN ORDER**
**APPROVING EXPANSION OF EMPLOYMENT OF WHITLEY**
**PENN LLP AS ACCOUNTANT *NUNC PRO TUNC***
**AS OF JULY 22, 2019**

Richard Levin, not individually but solely in his capacity as chapter 11 trustee (the "**Trustee**") for the above-captioned debtors (the "**Debtors**"), applies (the "**Application**") for an order under section 327 of the Bankruptcy Code approving an expansion of his employment of Whitley Penn LLP ("**WP**") as his accountant, *nunc pro tunc* as of July 22, 2019. In support of this Application, the Trustee relies upon the Declaration of Terry Cosand (the "**Cosand Declaration**") attached to this Application as **Exhibit B**, and respectfully represents:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

**Jurisdiction, Venue and Authority**

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The relief requested in this Application is based on section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**").

**Background**

3. On February 26, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Until the appointment of the Trustee, the Debtors operated their businesses and managed their affairs as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

4. On March 9, 2018, the Court entered an Order directing that these cases be jointly administered. [ECF 24.] Due to lack of creditor interest, no Official Committee of Unsecured Creditors was appointed in these cases.

5. On June 14, 2018, the Court approved the Trustee's appointment. [Dkt. 227.]

6. On November 15, 2018, the Trustee requested approval of his employment of WP as his accountant. [Dkt. 580.] This request was supported by the *Declaration of Gary A. Scarborough in Support of the Application Authorizing the Employment of Whitley Penn LLP as Accountant for the Trustee, Nunc Pro Tunc to November 7, 2018* (the "**Scarborough Declaration**") [Dkt. 580, Ex. B].

7. On December 21, 2018, the Court approved the Trustee's employment of WP as his accountant *nunc pro tunc* to November 7, 2018 [Dkt. 644] (the "**WP Retention Order**"). The WP Retention Order authorized WP to provide the following services to the Trustee:

a.  Prepare subsidiary reporting for the 2017 Form 1120 (Consolidated) US Corporation Income Tax Return;

b.  Prepare the subsidiary reporting for the 2017 state income tax returns;

c.  If required, prepare Form 1042 & 1042-S Annual Witholding Tax Return for U.S. Source Income of Foreign Persons;

d.  Perform any other tax advisory services requested by the Trustee.

8.  Prior to the Petition Date, Firestar Diamond, Inc. sponsored a qualified 401(k) plan (the "**Plan**") under The Employee Retirement Income Security Act of 1974 ("**ERISA**"). Under 11 U.S.C. § 1106(a)(1) (incorporating by reference 11 U.S.C. § 704(a)(11)), the Trustee must continue performing Firestar's obligations as administrator of the Plan. To comply with those obligations, the U.S. Department of Labor requires the Trustee to have the Plan's financial statements for the calendar year 2018 audited.

9.  Since WP is already familiar with Firestar, the Trustee, and the circumstances surrounding these chapter 11 cases, the Trustee would like to employ WP to audit the Plan's financial statements. However, as the WP Retention Order does not contemplate such services, the Trustee now seeks to expand the scope of WP's employment.

## Relief Requested

10.  By this Application, the Trustee requests entry of an order under section 327 of the Bankruptcy Code and in accordance with Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1 approving an expansion of WP's employment as the Trustee's accountant, under the terms of the engagement letter attached hereto as **Exhibit C**, to include an audit of the Plan's financial statements and related services. The Trustee seeks the approval *nunc pro tunc* to July 22, 2019, the date on which WP began rendering services to the Trustee in connection with the Plan.

**Expanded Retention of WP**

11.     The Trustee seeks authority to hire WP to assist him in connection with carrying out his duties under sections 1106(a)(1) and 704(a)(11) of the Bankruptcy Code, because WP has extensive experience auditing employee benefit plans and advising business on compliance with ERISA and other regulatory requirements.

12.     WP is a distinguished public accounting firm with 61 partners throughout offices located Austin, Dallas, Fort Worth, Houston, and Plano, Texas. In addition to its taxation expertise, WP has extensive experience advising companies on ERISA compliance and conducting employee benefit plan audits, consulting, and reporting. WP performs audits on approximately 270 employee benefit plans annually, ranging from small to large and both qualified and unqualified. Well over half of WP's auditors have at least three to five years of experience in employee benefit plan audits. WP regularly participates in peer reviews by the American Institute of Certified Public Accountants (AICPA) and the Public Company Accounting Oversight Board (PCAOB) and has never had a significant deficiency issue raised in such inspections.

13.     Through his employment of WP, the Trustee will have the benefit of the knowledge and experience of WP's auditors. The Trustee believes that WP is qualified to assist him in these cases in a cost-effective, efficient, and timely manner.

**Services to be Provided**

14.     The Trustee anticipates WP will provide him the following services, among others:

    a.  Conduct an audit of the Plan's financial statements, which comprise the statement of net assets available for benefits as of December 31, 2018, and the related statement of changes in net assets available for benefits for the year then ended, along with the related notes;

b. Prepare the Plan's financial statements in conformity with U.S. generally accepted accounting principles;

c. Review and analyze the effectiveness of the Plan's internal controls;

d. Analyze and advise the Trustee on the Plan's compliance with applicable Internal Revenue Code requirements for tax-exempt status;

e. Analyze and advise the Trustee on whether the Plan's financial statements comply with the U.S. Department of Labor's Rules and Regulations for Reporting and Disclosure under ERISA; and

f. Perform any other audit or advisory services requested by the Trustee in connection with the Plan.

**WP's Disinterestedness**

15. To the best of the Trustee's knowledge, information, and belief, other than as set forth in the Cosand Declaration and the Scarborough Declaration, WP: (i) has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee; (ii) does not hold any interest adverse to the Debtors' estates; and (iii) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code.

16. Accordingly, the Trustee believes that WP continues to be "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

17. In addition, as set forth in the Cosand Declaration, if any new material facts or relationships are discovered or arise, WP will provide the Court with a supplemental declaration.

**Professional Compensation**

18. As it has done for the tax-related services rendered to the Trustee, WP intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered to the Trustee in connection with the Plan. Subject to Court

approval and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the United States Trustee's Fee Guidelines (as amended, the "**UST Guidelines**"), WP intends (a) to charge for its accounting services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date the services are rendered and (b) to seek reimbursement of actual and necessary out-of-pocket expenses and other charges in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules any other applicable orders of this Court.

19.     Notwithstanding anything to the contrary in the Application, the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, or any other applicable orders of this Court, all of WP's personnel who provide billable services to or on behalf of the Trustee, with the exception of clerical staff, will keep contemporaneous records of the time spent on the services they perform. WP has agreed to accept as compensation such sums as may be allowed by the Court. WP understands that interim and final fee awards are subject to approval by the Court.

20.     WP will be paid by Firestar's estate for the services of WP professionals relating to the Plan at their customary billing rates as follows:

Audit Partners:     $445
Audit Sr. Managers: $325
Audit Managers:     $280
Audit Senior:       $220
Audit Staff:        $190
Administrative:     $135

21.     The Trustee believes that WP's rates are reasonable. The Trustee requests that all fees and related costs and expenses incurred by WP be paid as administrative expenses of the estates under and subject to sections 327, 330(a), 331, 503(b), and 507(a)(1) of the Bankruptcy Code, as the Plan has terminated and distributed all its assets to the beneficiaries and has no funds to pay for the legally required audit.

## Notice

22.     Notice of this Application has been provided to (a) the Office of the United States Trustee; (b) counsel to the Debtors; and (c) the 2002 Service List maintained by Omni Management Group in these chapter 11 Cases in accordance with the *Order Establishing Notice and Case Management Procedures* [Dkt. 530]. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be provided.

23.     The Trustee submits this Application subject to the understanding that supplemental declarations or revision of the proposed order might be necessary to accommodate any concerns the Court, the United States Trustee, or parties in interest might have.

24.     The Trustee has not made any previous request for the relief sought in this Application to this or any other Court.

WHEREFORE, the Trustee respectfully requests that this Court grant the Application and enter an order, substantially in the form attached hereto as **Exhibit A**, approving an expansion of his employment of WP as his accountant in these chapter 11 cases, *nunc pro tunc* to July 22, 2019, and granting the Trustee such other and further relief as the Court deems just and proper.

Dated: August 8, 2019              Respectfully Submitted,
New York, New York

**JENNER & BLOCK LLP**

By: /s/ *Marc Hankin*
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)
353 North Clark Street

Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com

*Counsel for the Chapter 11 Trustee*