UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| | No. 18-10509 (SHL) |
| FIRESTAR DIAMOND, INC., *et al.* | (Jointly Administered) |
| Debtors.[1] | |

### ORDER (I) APPROVING THE DISCLOSURE STATEMENT, FORM OF BALLOTS, AND SOLICITATION PROCEDURES, AND (II) ESTABLISHING CONFIRMATION PROCEDURES

Upon consideration of the amended motion (the "**Motion**") [Dkt. 1108] for an order (the "**Order**") (a) approving the Disclosure Statement filed contemporaneously herewith, (b) establishing a record date, (c) approving the solicitation packages and solicitation procedures, (d) approving forms of ballots and procedures for tabulations of votes, (e) establishing confirmation procedures and (f) granting related relief, the Court finding that notice the Chapter 11 Trustee gave of the Motion is appropriate under the circumstances and that no other or further notice is necessary, and having determined that the relief requested in the Motion is appropriate and authorized by the Bankruptcy Code and the Bankruptcy Rules, it is hereby **ORDERED**:

1. The Motion is granted.

2. The Corrected Disclosure Statement filed on October 10, 2019 is approved as containing adequate information about the Plan.

3. October 10, 2019 is established as the Record Date for purposes of determining the creditors entitled to vote to accept or reject the Plan.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

1

4. The record holders of claims shall be determined based upon the records of the Chapter 11 Trustee as of the Record Date.

5. The proposed form of Ballots filed on October 10, 2019 [Dkt. 1130] are approved as substantially conforming to Official Form No. 14 and are appropriate for each class of claims entitled to vote to accept or reject the Plan.

6. The contents of the Solicitation Packages are approved. The Solicitation Packages shall contain:

    a. the Plan;

    b. the Disclosure Statement;

    c. the Order approving the Disclosure Statement and Solicitation Procedures;

    d. the Notice of Hearing at which Confirmation of the Plan will be considered; and,

    e. a Ballot or Ballots.

7. On or before October 16, 2019, the Chapter 11 Trustee shall distribute or cause to be distributed the Solicitation Packages to record holders of claims in impaired classes whose claims were scheduled or who have filed proofs of claim that have not been disallowed, expunged, or satisfied in full and to such other entities as the Chapter 11 Trustee may determine.

8. On or before October 16, 2019, the Chapter 11 Trustee shall distribute or cause to be distributed the Solicitation Packages without a Ballot to record holders of claims in classes that are unimpaired under the Plan and to such other entities as the Chapter 11 Trustee may determine.

9. On or before October 16, 2019, the Chapter 11 Trustee shall distribute or cause to be distributed the Solicitation Packages without a Ballot to record holders of claims or interests

in classes that are impaired under the Plan and are not entitled to receive any property under the Plan, and to such other entities as the Chapter 11 Trustee may determine.

10. To be counted, a Ballot must be properly executed and completed, and the original thereof shall be delivered to the Trustee's Administrative Advisor, Omni Agent Solutions ("**Omni**") (a) by mail to Firestar Diamond, Inc. Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or (b) by sending a scanned, signed copy of the ballot to firestarballoting@omnimgt.com no later than 5:00 P.M. (Eastern Time) on November 13, 2019 (the "**Voting Deadline**"). The following vote tabulation procedures are approved:

a. All votes to accept or reject the Plan must be cast by using the appropriate Ballot and in accordance with the voting instructions as set forth on the Ballot, and votes that are cast in any other manner shall not be counted.

b. Any Ballot that is returned unsigned or containing a non-original signature will not be counted.

c. If a claim is partially liquidated and partially unliquidated, the holder of such claim is allowed only the liquidated amount for voting purposes.

d. A holder of claims in more than one class must use a separate Ballot for each class of claims.

e. A holder of a claim shall be deemed to have voted the full amount of its claim in each class and will not be entitled to split its vote within a particular class.

f. Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that it is received on or before such deadline.

g. If a holder of a claim casts more than one Ballot voting the same claim before the Voting Deadline, only the last Ballot timely received shall be counted.

h. If more than one Ballot cast by a holder of a claim is received on the same day, but which are voted inconsistently, such Ballots will be deemed to constitute an acceptance of the Plan.

i. Any executed Ballot timely received that does not indicate either an acceptance or rejection of the Plan shall be deemed to constitute an acceptance of the Plan.

3

j. Any executed Ballot timely received that indicates both acceptance and rejection of the Plan shall be deemed to constitute an acceptance of the Plan.

k. The Chapter 11 Trustee will not accept any Ballot that is (i) illegible or contains insufficient information to permit identification of the claimant, (ii) cast by a person or entity that does not hold a claim in an impaired class or (iii) transmitted to the Chapter 11 Trustee by facsimile, telecopy transmission, or electronic mail; and,

l. The Chapter 11 Trustee and Omni shall make commercially reasonable efforts to find the correct address for any holder of a claim whose Solicitation Package is returned as undeliverable.

m. Neither the Chapter 11 Trustee nor Omni shall not have any duty to provide notification of defects or irregularities in received Ballots and shall not incur any liability for failure to provide such notification.

n. To the extent that a claim has been objected to, the applicable holder shall be entitled to vote in the reduced amount contained in the objection or the amount of $1.00, whichever is greater.

11. The Confirmation Hearing will be held at 11:00 a.m. (Eastern Standard Time) on November 18, 2019. The Confirmation Hearing may be adjourned from time to time by this Court or the Chapter 11 Trustee without further notice than an announcement in open court.

12. The Confirmation Hearing Notice substantially in the form annexed to the Motion as Exhibit C is approved as providing notice of the time, date, and location of the Confirmation Hearing.

13. Objections to the confirmation of the Plan must (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, (iii) set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, and (iv) be filed with the Office of the Clerk of the Court electronically by registered users of the Bankruptcy Court's case filing system and by all other parties in interest no later than the Objection Deadline and served upon (a) counsel to the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Richard Morrissey, Esq.); (b) counsel to the Chapter 11 Trustee, Jenner & Block LLP, 919 Third

4

Avenue, New York, New York 10022 (Attn: Carl Wedoff, Esq.); (c) counsel to the Debtors, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st St., 17th Floor, New York, NY 10036 (Attn: Ian Winters, Esq.); and (d) counsel to Punjab National Bank, Cleary, Gottlieb, Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean O'Neal) so as to be received by each of them no later than November 13, 2019 (the "**Objection Deadline**").

14. Any party to an executory contract or unexpired lease with the Chapter 11 Trustee that the Chapter 11 Trustee will assume under the Plan who asserts a right to a cure amount other than current payments owing under the contract or lease in the ordinary course of business must file proof of such cure amount claim with the Office of the Clerk of the Court no later than the Objection Deadline and serve it upon counsel for the Chapter 11 Trustee, Jenner & Block LLP, 919 Third Avenue, New York, New York 10022 (Attn: Carl Wedoff, Esq.) and counsel to Punjab National Bank, Cleary, Gottlieb, Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean O'Neal) so as to be received by the Objection Deadline.

15. The Chapter 11 Trustee is authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, the Ballots, the Confirmation Hearing Notice, and related documents without further order of the Court.

16. The Chapter 11 Trustee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

17. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      October 11, 2019

                                    */s/ Sean H. Lane*
                                    HONORABLE SEAN H. LANE
                                    UNITED STATES BANKRUPTCY JUDGE