UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NIRAV MODI, INC,

                            Plaintiff,        Case No.:

  -against-

                                            **NOTICE OF REMOVAL**

MALCA-AMIT USA, LLC,

                            Defendant.

------------------------------------------------------------------------x

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant Malca-Amit USA, LLC ("Defendant"), by and through its attorneys Clyde & Co U.S. LLP, hereby removes to this Court that certain civil action entitled *Nirav Modi, Inc. v. Malca-Amit USA, LLC*, bearing index number 655360/2019 which is currently pending in the Supreme Court of the State of New York, County of New York and is related to the Chapter 11 Bankruptcy of Firestar Diamond, Inc. pending in the Bankruptcy Court for the Southern District of New York (*In re Firestar Diamond, Inc.*, 18-10509-shl) (the "Bankruptcy Action"), in accordance with 28 U.S.C. §§ 1441, 1452 and Federal Rule of Bankruptcy Procedure 9027(a). In support of this Notice of Removal, Defendant states the following:

**The State Court Action**

1.      On September 16, 2019, Nirav Modi, Inc ("Plaintiff") filed a Summons with Complaint ("Complaint") against Defendant in the Supreme Court of the State of New York, County of New York, bearing Index no. 655360/2019 (the "State Court Action").

1

2.  On September 23, 2019, Plaintiff served Defendant with the Complaint in the State Court Action.

3.  As alleged in the Complaint, Plaintiff claims that it arranged for Defendant to ship goods from Plaintiff's store in Honolulu, Hawaii to Defendant's offices in New York, New York (the "Shipped Goods"). On February 26, 2018, Firestar Diamond, Inc. filed the Bankruptcy Action. At that time, the Shipped Goods were stored in the offices of the Defendant. Plaintiff alleges that those Defendants wrongfully did not return those good upon demand and seeks damages for the loss of those goods.

### Firestar Diamond, Inc.'s Bankruptcy

4.  On February 26, 2018, Firestar Diamond, Inc. filed the Bankruptcy Action.

5.  On June 7, 2018, a Chapter 11 Trustee (the "Trustee") was appointed in the Bankruptcy Action.

6.  On February 7, 2019, the Trustee filed a motion seeking a court order authorizing the Trustee to sell the Shipped Goods that were delivered to it pursuant to its demand.

7.  On March 5, 2019, the Bankruptcy Court entered an order authorizing the Trustee to sell the Shipped Goods and escrow the proceeds from the sale.

8.  On April 12, 2019, the Trustee filed a Notice of Presentment of Stipulation between the Plaintiff and the Trustee authorizing the Trustee to sell certain Shipped Goods.

9.  On May 7, 2019, the Bankruptcy Court entered the stipulation and order authorizing the Trustee to sell the Shipped Goods and escrow proceeds (the "Sale of Inventory").

2

## The Basis for Removal

10. Defendants seek removal of the State Court Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1452 on the ground that it is an action is related to and arising out of the Bankruptcy Action.

11. This is an action in which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 1452(a).

12. Defendant is removing this action because the Trustee requested delivery of the Shipped Goods, the sale of same was agreed to by Plaintiff and the Trustee in the Bankruptcy Action and was approved by that court, and it is believed that the bankruptcy estate claims ownership of the Shipped Goods.

13. Pursuant to 28 U.S.C. § 1452, "[a] party may remove any claim or causes of action...to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a); *see also* FED. R. BANKR. PROC. 9027. Section 1334 provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The District Court – and the Bankruptcy Court – have original jurisdiction over the State Court Action because it is "related to" and arising from the Bankruptcy Action.

14. "Litigation is related to a bankruptcy proceeding if the action's outcome might have any conceivable effect on the bankruptcy estate." *Post Investors LLC v. Gribble*, No. 12 Civ. 4479(ALC)(AJP), 2012 WL 4466619 (S.D.N.Y. Sept. 27, 2012) (quoting *Parmalat Capital Fin. ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011)).

3

15. The property at issue in the State Court Action has been sold by the Trustee pursuant to order of the Bankruptcy Court.

16. The State Court Action is related to the Bankruptcy Action since the outcome of the State Court Action will determine who is entitled to the proceeds of the Sale of Inventory and resolve all claims in the State Court Action.

17. This Notice of Removal is timely pursuant to Rule 9027(a)(3) of the Federal Rules of Bankruptcy as it is filed within thirty (30) days after Defendant were served by Plaintiff with the Complaint. FED. R. BANKR. PROC. 9027(a)(3).

18. In accordance with the requirements of Bankruptcy Rule 9027(a)(1), Defendant asserts that, upon removal, the causes of action asserted in the State Court Action are core proceedings pursuant to 28 U.S.C. §§ 157 and 1334. Moreover, to the extent that any claim asserted is deemed a non-core proceeding, Defendant consents to the entry of final orders or judgments by the Bankruptcy Court.

19. A copy of the Complaint is annexed hereto as Exhibit A.

20. Concurrently with the filing of this notice of removal and pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of this Notice of Removal to Plaintiff's counsel of record and will file a copy of this Notice of Removal with the clerk of the state court in which the NY State Court Action is pending.

4

Dated: New York, New York
October 11, 2019

                                      Respectfully submitted,

                                      CLYDE & CO US LLP

                                      By: _____

                                            Peter J. Rossi
                                    The Chrysler Building
                                    405 Lexington Avenue, 16th Floor
                                    New York, New York 10174
                                    Phone: (212) 710-3900
                                    Fax: (212) 710-3950
                                    Email: peter.rossi@clydeco.us


To:    VOZZOLO LLC
        Antonio Vozzolo
        499 NY-304
        New City, NY 10956

        THE BUZBEE LAW FIRM
        Anthony G. Buzbee
        Peter K. Taaffe
        JP Morgan Chase Tower
        600 Travis Street, Suite 7300
        Houston, TX 77002

# Exhibit A

**CT Corporation**

**Service of Process Transmittal**
09/23/2019
CT Log Number 536298672

| | |
|---|---|
| **TO:** | Aprille Wiggins<br>Malca-Amit Security Services, Inc.<br>580 Fifth Avenue<br>New York, NY 10036 |
| **RE:** | **Process Served in New York** |
| **FOR:** | MALCA-AMIT USA, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NIRAV MODI, INC, PLTF. vs. MALCA-AMIT USA, LLC, DFT. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice |
| **COURT/AGENCY:** | New York County: Supreme Court, NY<br>Case # 6553602019 |
| **NATURE OF ACTION:** | Breach of Contract |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/23/2019 at 14:54 |
| **JURISDICTION SERVED:** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service of this summons, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Antonio Vozzolo<br>VOZZOLO LLC<br>499 NY-304<br>New City, NY 10956<br>201-630-8820 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780116071790<br><br>Image SOP<br><br>Email Notification,  Aprille Wiggins  Aprille.nyc@malca-amit.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

Page 1 of  1 / SC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FILED: NEW YORK COUNTY CLERK 09/16/2019
NYSCEF DOC. NO. 1

18-10509-shl   Doc 1145   Filed 10/15/19   Entered 10/15/19 10:10:22   Main Document
Pg 8 of 17

INDEX NO. 654360/2019
RECEIVED NYSCEF: 09/16/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| NIRAV MODI, INC, <br><br> Plaintiff, <br><br> v. <br><br> MALCA-AMIT USA, LLC, <br><br> Defendant. | Index No.: <br><br> **SUMMONS** <br><br> Plaintiff designates New York County as the place of trial. Jurisdiction is proper in New York County pursuant to CPLR § 301 as defendant, among other things, is domiciled in the State of New York. <br><br> Venue is proper in the Supreme Court of the State of New York, New York County pursuant to CPLR § 503(a). |

TO THE ABOVE-NAMED DEFENDANT:

**MALCA-AMIT USA, LLC**
**580 5th Avenue #1**
**New York, NY 10036**

    **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

1

Dated: September 16, 2019
       New York, New York

Respectfully submitted,

**VOZZOLO LLC**

By: /s/ Antonio Vozzolo
    Antonio Vozzolo
499 NY-304
New City, NY 10956
Telephone: 201-630-8820
Facsimile: 201-604-8400
Email: avozzolo@vozzolo.com

**THE BUZBEE LAW FIRM**
Anthony G. Buzbee (to be admitted *pro hac vice*)
Peter K. Taaffe (to be admitted *pro hac vice*)
JP Morgan Chase Tower
600 Travis Street, Suite 7300
Houston, TX 77002
Telephone: 713-223-5393
Facsimile: 713-223-5909
Email: tbuzbee@txattorneys.com
        ptaaffe@txattorneys.com

*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| NIRAV MODI, INC, <br><br> Plaintiff, <br><br> v. <br><br> MALCA-AMIT USA, LLC, <br><br> Defendant. | Index No.: _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Nirav Modi, Inc. ("Nirav Modi" or "Plaintiff") as and for its Complaint against Defendant Malca-Amit USA, LLC ("Malca-Amit" or "Defendant"), alleges as follows:

## I. INTRODUCTION

1. Defendant Malca-Amit advertises that it "consists of an international team of experts, including logistics, security, customs house and special operations professionals, who work tirelessly to ensure smooth, expedient and professional service tailored to the precise specifications and needs of the global luxury goods industry and international banks."

2. On February 27, 2018, Plaintiff arranged for Defendant to ship jewelry and other items (valued at $7 million) from Plaintiff's Honolulu, Hawaii, store to Defendant's offices in New York. These items were owned by Plaintiff. The unsigned shipping document designated Nirav Modi, Inc. as the shipper and Firestar Diamond, Inc. as the consignee.

3. There was not a signed shipping document associated with the shipment.

4. Firestar Diamond, Inc. filed for bankruptcy in New York on February 26, 2018.

5. After delivery, the subject Honolulu inventory remained at Defendant's offices in New York and was not delivered to Firestar Diamond, Inc. or the bankruptcy trustee, nor was it returned to Plaintiff, the owner of the inventory.

1

FILED: NEW YORK COUNTY CLERK 09/16/2019 06:39 PM INDEX NO. 655360/2019
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 09/16/2019

18-10509-shl    Doc 1145    Filed 10/15/19    Entered 10/15/19 10:10:22    Main Document
                                        Pg 11 of 17
Case 1:19-cv-08188-RA   Document 21-5   Filed 10/21/19   Page 6 of 12

6. In May 2018, Ms. Rochelle Miller was appointed as CEO of Plaintiff Nirav Modi, Inc., along with several other related entities.

7. On September 5, 2018, Ms. Miller went to Defendant's New York office for the purpose of identifying, cataloging and taking possession of jewelry and other valuable goods owned by Plaintiff and other entities in which she served as CEO. Ms. Miller was there for several weeks and worked directly with a Defendant's representative to accomplish this task.

8. During these meetings, Defendant did not advise Ms. Miller that it was also holding the subject Honolulu store inventory, which was owned by Plaintiff. Had it done so, Ms. Miller would have retrieved the inventory from Defendant at that time. When Ms. Miller asked about the subject inventory, Defendant advised that this inventory was actually owned by Firestar Diamond, Inc., a different entity of which Ms. Miller was not affiliated and which was in bankruptcy proceedings. In response, Ms. Miller stated that she was not affiliated with Firestar Diamond, Inc. and thus, she was not asking to recover that inventory from Defendant. Thus, this Honolulu inventory remained in Defendant's custody.

9. Subsequent to those meetings, in late March 2019, Defendant delivered this Honolulu inventory to the bankruptcy trustee for Firestar Diamond, Inc. At the time, this Honolulu inventory amounted to approximately 316 pieces of jewelry valued at $3,140,177.56. Again, Defendant did not advise Plaintiff, the owner of the jewelry, that it was holding this jewelry or that it intended to provide this jewelry to this trustee.

## II. JURISDICTION AND VENUE

10. The Court has jurisdiction over Defendant pursuant to CPLR §§ 301 and 302(a) because the Defendant has its principal place of business and/or regularly transacts business in the

FILED: NEW YORK COUNTY CLERK 09/16/2019 05:36 PM INDEX NO. 654360/2019
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 09/16/2019

18-10509-shl Doc 1145 Filed 10/15/19 Entered 10/15/19 10:10:22 Main Document
Pg 12 of 17

Case 1:19-cv-09468-ER Document 1-1 Filed 10/15/19 Page 7 of 12

State of New York, Defendant has committed tortious acts within the State of New York or outside New York, causing injury in this State and resulting in the claims herein.

11. Venue is proper under CPLR §§ 501 and 503 because Defendant has its principal place of business in New York County.

### III. PARTIES

12. Plaintiff Nirav Modi, Inc., is a Delaware corporation, whose principal place of business is, and was at all relevant times, located in Austin, Travis County, Texas.

13. Defendant Malca-Amit USA, LLC, is a Delaware limited liability company, with its principal place of business at 580 Fifth Ave, Lobby 1 New York, New York 10036. It may be served via its registered agent for service in New York, CT Corporation System, 28 Liberty Street, New York, New York 10005.

### IV. CAUSES OF ACTION

#### AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract/Breach of Bailment)

14. Plaintiff repeats the allegations of the preceding paragraphs as if fully set forth herein.

15. Plaintiff and Defendant Malca-Amit entered into an agreement whereby Plaintiff paid Defendant Malca-Amit, and Defendant Malca-Amit agreed to transport Plaintiff's inventory from Plaintiff's store in Hawaii to Plaintiff's other offices.

16. Defendant breached this agreement by failing to return the inventory to Plaintiff.

17. Further, Plaintiff delivered the inventory to Defendant Malca-Amit for a specific purpose. Defendant Malca-Amit accepted the inventory; the parties had an agreement that the purpose of Malca transporting the inventory to Plaintiff would be fulfilled; and there was an understanding that the inventory would be returned to Plaintiff. This created a bailment for the

FILED: NEW YORK COUNTY CLERK 09/16/2019    INDEX NO. 655360/2019
NYSCEF DOC. NO. 1                           RECEIVED NYSCEF: 09/16/2019

18-10509-shl  Doc 1145  Filed 10/15/19  Entered 10/15/19 10:10:22  Main Document
Case 1:19-cv-03353-ER  Document 21-5  Filed 10/15/19  Page 8 of 12
Pg 13 of 17

mutual benefit of the parties, and thus Defendant Malca-Amit was obligated to protect the inventory and return it to the owner. As noted above, Defendant Malca-Amit failed to return the inventory to Plaintiff, which was a breach of the contract and the bailment.

18.     As a direct and proximate result of Defendant Malca-Amit's breach of contract and breach of bailment, Plaintiff has suffered damages, as set out below.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Negligence/Bailment)

19.     Plaintiff repeats the allegations of the preceding paragraphs as if fully set forth herein.

20.     Defendant Malca-Amit owed Plaintiff a duty of care to safeguard Plaintiff's inventory and to deliver it to Plaintiff. Defendant breached these duties and fell below the standard of care by failing to return the inventory to Plaintiff.

21.     Further, Plaintiff delivered the inventory to Defendant Malca-Amit for a specific purpose; Defendant Malca accepted the inventory; the parties had an agreement that the purpose of Malca-Amit transporting the inventory to Plaintiff would be fulfilled; and there was an understanding that the inventory would be returned to the Plaintiff. This created a bailment for the mutual benefit of the parties, and thus Defendant Malca-Amit owed Plaintiff an ordinary or reasonable degree of care over Plaintiff's inventory. As noted above, Defendant Malca-Amit failed to return the inventory to Plaintiff, which results in a presumption of negligence on the party of Defendant Malca.

22.     As a result of Defendant's breach, Plaintiff suffered damages, as set out below.

4

FILED: NEW YORK COUNTY CLERK 09/16/2019 12:57 PM INDEX NO. 156360/2019
NYSCEF DOC. NO. 1                                                                    RECEIVED NYSCEF: 09/16/2019

## V. DAMAGES

23. As set forth above, as a result of Defendant's acts and omissions, Plaintiff has suffered actual damages for the loss of their inventory, valued at $3,140,177.56. Plaintiff seeks a judgment for compensatory damages along with interest and attorneys' fees.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant, as follows:

A. For monetary damages in an amount to be determined at trial;

B. That Plaintiff be awarded all pre-judgment interest allowable by law;

C. That Plaintiff be awarded their costs of suit as allowable by law; and

D. For such further relief as the Court may deem just and proper.

## PRAYER FOR RELIEF

Plaintiff hereby demands a trial by jury.

Dated: September 16, 2019  
New York, New York

Respectfully submitted,

**VOZZOLO LLC**

By: /s/ Antonio Vozzolo  
Antonio Vozzolo  
499 NY-304  
New City, NY 10956  
Telephone: 201-630-8820  
Facsimile: 201-604-8400  
Email: avozzolo@vozzolo.com

**THE BUZBEE LAW FIRM**  
Anthony G. Buzbee (to be admitted *pro hac vice*)  
Peter K. Taaffe (to be admitted *pro hac vice*)  
JP Morgan Chase Tower  
600 Travis Street, Suite 7300  
Houston, TX 77002  
Telephone: 713-223-5393  
Facsimile: 713-223-5909  
Email: tbuzbee@txattorneys.com  
        ptaaffe@txattorneys.com

*Attorneys for Plaintiff*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF**
-----------------------------------------------------------------x
NIRAV MODI, INC,

                            Plaintiff/Petitioner,

      - against -                               Index No. 655360/2019

MALCA-AMIT USA, LLC,

                            Defendant/Respondent.
-----------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

    If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

    The **benefits of participating in e-filing** include:

        • serving and filing your documents electronically

        • free access to view and print your e-filed documents

        • limiting your number of trips to the courthouse

        • paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 09/19/2019

**Antonio Vozzolo**
Name

VOZZOLO LLC
Firm Name

499 NY-304

New City, NY 10956
Address

201-630-8820
Phone

avozzolo@vozzolo.com
E-Mail

To: MALCA-AMIT USA, LLC

580 5th Avenue #1

6/6/18

Index #     Page 2 of 2     EFM-1