POLSINELLI PC
Jason A. Nagi
600 Third Avenue, 42nd Floor
New York, NY 10016
(212) 684-0199

David D. Ferguson
900 W. 48th Place, Suite 900
Kansas City, MO 64112
(816) 753-1000

*Counsel for Costco Wholesale Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al*. | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF COSTCO WHOLESALE CORPORATION'S MOTION TO COMPEL ARBITRATION

Costco Wholesale Corporation ("**Costco**") has filed its Motion to Compel Arbitration (the "**Motion**"), requesting that the Court enter an order enforcing the arbitration clause in the documents governing the relationship between Costco and Fantasy, Inc.

Any response to the Motion must be filed with the United States Bankruptcy Court for the Southern District of New York not later than November 26, 2019, and served so as to be received by counsel for Costco at the following address: David D. Ferguson, Polsinelli, PC, 900 W. 48th Place, Suite 900, Kansas City, MO 10016; dferguson@polsinelli.com.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

A hearing on the Motion will be held on December 3, 2019, or on the Court's next available date before the Honorable Sean H. Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 701, New York, NY 10004.

**THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING IF YOU FAIL TO RESPOND TO THE MOTION IN ACCORDANCE WITH THIS NOTICE.**

| | |
|---|---|
| Dated: New York, New York<br>November 11, 2019 | POLSINELLI PC<br><br>*/s/ Jason A. Nagi*<br>Jason A. Nagi<br>600 Third Avenue, 42nd Floor<br>New York, NY 10016<br>(212) 684-0199<br>jnagi@polsinelli.com<br><br>David D. Ferguson<br>900 W. 48th Place, Suite 900<br>Kansas City, MO 64112<br>(816) 753-1000<br>dferguson@polsinelli.com<br><br>*Attorneys for Costco Wholesale Corporation* |

Hearing Date: December 3, 2019 or at a time
determined by the Court
Response Deadline: November 26, 2019

POLSINELLI PC
Jason A. Nagi
600 Third Avenue, 42nd Floor
New York, NY 10016
(212) 684-0199

David D. Ferguson
900 W. 48th Place, Suite 900
Kansas City, MO 64112
(816) 753-1000

*Counsel for Costco Wholesale Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al*. | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

## COSTCO WHOLESALE CORPORATION'S
## MOTION TO COMPEL ARBITRATION

Costco Wholesale Corporation ("**Costco**"), for its Motion to Compel Arbitration, states:

### PRELIMINARY STATEMENT

In 2012, Costco began purchasing product from Fantasy Inc. ("**Fantasy**"), one of the debtors in the above-captioned jointly administered cases. The purchases are governed by a written contract between Costco and Fantasy. The contract contains a clause requiring arbitration of all disputes relating to the contract, its subject matter, interpretation, performance

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a. Jaffe, Inc. (4756).

or enforcement, or any other agreement, transaction or occurrence between Costco and Fantasy.

Costco and Fantasy have a dispute regarding the obligations of Costco and Fantasy under their contract. The parties' contract permits Costco to reduce payment obligations to Fantasy by deducting from those obligations the dollar amount of goods returned by Costco to Fantasy. Fantasy has demanded that Costco pay Fantasy for all products delivered to Costco. The dollar amount of products returned by Costco to Fantasy, however, exceeds the amount of Fantasy's demand, and provides Costco a complete defense to the payment demand of Fantasy. This dispute has resulted in the Trustee filing an objection to Costco's claim [ECF # 1152].

Arbitration of Costco's dispute with Fantasy is mandatory. The Court lacks discretion to deny arbitration because the dispute concerns issues that are non-core. Further, even if the Court were to find that the dispute concerned core issues, such issues are only procedurally core because they do not fundamentally or directly affect a core bankruptcy function. Accordingly, the Court should compel arbitration of Costco's dispute with Fantasy.

## FACTUAL BACKGROUND

In December 2012, Costco and Fantasy entered into a contract titled Costco Wholesale Basic Vendor Agreement (the "**Vendor Agreement**"). *See* paragraph 4 of the Declaration of Jacqueline Bench (the "**Bench Declaration**"), filed contemporaneously with this Motion. As provided in Section A of the Vendor Agreement, the relationship between Costco and Fantasy is governed by that Vendor Agreement, the "Costco Wholesale Standard Terms United States (2004)" (the "**Standard Terms**"), and certain other agreements. The documents governing the relationship between Costco and Fantasy are defined collectively in the Vendor Agreement as

2

66528300.4

the "**Agreement Documents**." The Vendor Agreement, with the Standard Terms attached, is attached to the Bench Declaration as Exhibit 1.

Section 20 of the Standard Terms provides for mandatory arbitration of disputes between Costco and Fantasy relating to the Agreement Documents, stating:

> All claims and disputes that (1) are between [Fantasy] and Costco Wholesale or either's subsidiaries, parents, affiliates, officers, directors and/or employees, and (2) arise out of or relate to the Agreement Documents or their subject matter, interpretation, performance or enforcement, or any other agreement, transaction or occurrence between [Fantasy] and Costco Wholesale (including with limitation any tort or statutory claim) ("Dispute") shall be arbitrated under the Commercial Arbitration Rules of the American Arbitration Association ("AAA"), in English at Seattle, Washington, before one neutral arbitrator who may be a national of any party and who shall be a member of the AAA's Large Complex Case Panel.

The current dispute between Costco and Fantasy falls squarely within the ambit of the arbitration clause. Section A of the Vendor Agreement provides that "All sales and deliveries of all merchandise by [Fantasy] to Costco Wholesale …, and all purchase orders by Costco Wholesale … to [Fantasy], will be covered by and subject to the terms of [the Agreements Documents]."

Further, Section 14 of the Standard Terms provides Costco with the express right to reduce any amounts Costco may owe to Fantasy by the dollar amount of goods for which Costco rejects or revokes its acceptance. Fantasy has demanded payment for deliveries of merchandise by Fantasy to Costco. *See* Bench Declaration, paragraph 9. Costco's right to reductions in the amount owed on account of merchandise returns greatly exceeds the payment demand of the Trustee. *See* Bench Declaration, paragraph 10.

On October 17, 2019, the Trustee filed an objection to Costco's claim [ECF # 1152], asserting that Costco owes Fantasy for merchandise delivered to Costco.

3

The dispute here concerns Fantasy's demand for payment of goods delivered to Costco, as well as Costco's right to reduce its obligation to Fantasy on account of the return of products to Fantasy. The dispute between Fantasy and Costco clearly falls within the scope of the arbitration clause as stated in Section 20 of the Standard Terms, and the Agreement Documents just as clearly mandate arbitration of the parties' dispute.

## **ARGUMENT**

The Federal Arbitration Act (the "**FAA**") requires courts to enforce arbitration provisions. 9 U.S.C. §§ 1 *et seq.* The FAA establishes a "federal policy favoring arbitration agreements, and mandates the enforcement of contractual arbitration provisions." *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 107 (2d Cir. 2006) (internal citations omitted). The Supreme Court further confirmed this mandate in a recent opinion, instructing that "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, No. 17-1272, 2019 WL 122164, at *3 (U.S. Jan. 8, 2019) (rejecting the "wholly groundless" exception to compelling arbitration).

In bankruptcy proceedings, the FAA's mandate prevails unless there is a conflict between the Bankruptcy Code and the FAA. *Id.* at 108. Thus, "[b]ankruptcy courts generally do not have discretion to refuse to compel arbitration of 'non-core' bankruptcy matters, or matters that are simply 'related to' bankruptcy cases." *Id.* (citing *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 166 (2d Cir. 2000)).

Bankruptcy courts have more discretion to override arbitration agreements in core bankruptcy matters where the dispute involved implicates "more pressing bankruptcy concerns." *Id.*

> However, even as to core proceedings, the bankruptcy court will not have
> discretion to override an arbitration agreement unless it finds that the proceedings

are based on provisions of the Bankruptcy Code that 'inherently conflict' with the Arbitration Act or that arbitration of the claim would 'necessarily jeopardize' the objectives of the Bankruptcy Code.

*Id.* "The relevant bankruptcy objectives include the goal of centralized resolution of purely bankruptcy issues, the need to protect creditors and reorganizing debtors from piecemeal litigation, and the undisputed power of a bankruptcy court to enforce its own orders." *In re TexStyle, LLC*, No. 11-11686 SMB, 2012 WL 1345646, at *8 (Bankr. S.D.N.Y. Apr. 17, 2012) (internal citations and quotation marks omitted).

Accordingly, determining whether a bankruptcy court should compel arbitration is a two-step process:

> First, the court must determine whether it has discretion to refuse arbitration. Second, if the Bankruptcy Court determines that it does have such discretion, the question with respect to the exercise of that discretion is whether any underlying purpose of the Bankruptcy Code would be adversely affected by enforcing the arbitration clause.

*In re Winimo Realty Corp.*, 270 B.R. 108, 118 (S.D.N.Y. 2001) (internal citations and quotation marks omitted).

I. **The Court does not have discretion to refuse enforcement of the arbitration clause because the dispute between Costco and Fantasy involves only non-core proceedings.**

Bankruptcy courts do not have discretion to decline arbitration when the parties' disputes involve non-core proceedings. *See Crysen/Montenay Energy Co.*, 226 F.3d at 166 ("[T]he presumption in favor of arbitration generally will trump the lesser interest of bankruptcy courts in adjudicating non-core proceedings that could otherwise be arbitrated. . . . [B]ankruptcy courts generally *do not* have discretion to *decline* to stay *non-core* proceedings in favor of arbitration . . . ." (emphasis in original)).

Assessing whether a matter is a core proceeding requires determining "(1) whether the contract is antecedent to the reorganization petition; and (2) the degree to which the proceeding

is independent of the reorganization." *In re Winimo Realty Corp.*, 270 B.R. at 119 (citing *In re U.S. Lines, Inc.*, 197 F.3d 631, 637 (2d Cir. 1999)). A claim is non-core if it "does not depend on bankruptcy laws for its existence and . . . could proceed in a court that lacks federal bankruptcy jurisdiction." *In re N. Am. Energy Conservation, Inc.*, No. 00-2276, 2000 WL 1514614, at *2 (S.D.N.Y. Oct. 12, 2000). Claims based on a pre-petition contract are non-core because "the text of the Bankruptcy Code embodies the principle that pre-petition contract rights are enforceable in a bankruptcy proceeding except to the extent the Code specifically provides otherwise. . . ." *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1157 (3d Cir. 1989) (adopted by the Second Circuit in *In re U.S. Lines*, 197 F.3d at 640).

Here, the inquiry ends at step one. The dispute between Costco and Fantasy involves a non-core proceeding, and thus the Court does not have discretion to refuse arbitration. Costco's refund rights are based on a pre-petition contract between Costco and Fantasy. Further, Costco's right to a reduction of the amounts due Fantasy relate to garden variety state law contract rights which would exist independently and without regard to whether Fantasy's filed for bankruptcy relief. In such circumstances an arbitration clause must be enforced. *See In re Lenders Abstract & Settlement Serv. Inc.*, 493 B.R. 385, 394 (E.D.N.Y. 2013) ("[R]ather than relying on bankruptcy laws for its existence, the claim is a state common law contract claim that could proceed in a court without federal bankruptcy jurisdiction. As such, the Court finds that the Adversary Proceeding at issue is a non-core matter."); *In re EMS Fin. Servs., LLC*, 491 B.R. 196, 203 (E.D.N.Y. 2013). The dispute between Costco and Fantasy could, and would, proceed in state court (absent the arbitration clause in the parties' Agreement Documents), independent of the Bankruptcy Code or federal bankruptcy jurisdiction. Because Costco's claims are non-core proceedings, the Court does not have discretion to refuse arbitration.
66528300.4

**II. Even if the Court determines that the dispute involves a procedurally core matter, the Court should nevertheless compel arbitration because arbitration of the dispute would not affect a core bankruptcy function.**

Even if this Court determines that the disputes present in the case involve core proceedings, arbitration of the dispute between Fantasy and Costco is nevertheless mandatory because "The core nature of a proceeding is not determinative of whether the bankruptcy court has discretion to refuse to compel arbitration pursuant to an otherwise valid agreement." *Id*. This is because "not all bankruptcy proceedings are premised on provisions of the Code that 'inherently conflict' with the Federal Arbitration Act; nor would arbitration of such proceedings necessarily jeopardize the objectives of the Bankruptcy Code." *In re Winimo Realty Corp.*, 270 B.R. at 118 (S.D.N.Y. 2001) (quoting *In re U.S. Lines*, 197 F.3d at 640).

Some matters may be superficially core, but do not jeopardize the Bankruptcy Code's objectives. As noted by this Court in *In re Hagerstown Fiber Ltd. Partnership*:

> [m]any proceedings are procedurally core; they are garden variety pre-petition contract disputes dubbed core because of how the dispute arises or gets resolved. **Objections to proofs of claim and counterclaims asserted by the estate . . . exemplify this type of matter**. The arbitration of a procedurally core dispute rarely conflicts with any policy of the Bankruptcy Code unless the resolution of the dispute fundamentally and directly affects a core bankruptcy function.

277 B.R. 181, 203 (Bankr. S.D.N.Y. 2002). (Emphasis added).

Here, if the Court were to characterize the dispute between Costco and Fantasy as involving core matters, arbitration is nonetheless required because resolution of the dispute does not affect a core bankruptcy function. The dispute between Costco and Fantasy involves determination of the amount owed for the delivery of goods to Costco by Fantasy and the amount by which Costco is entitled to reduce the amounts owed for such deliveries. The parties' dispute is subject to resolution entirely by reference to the terms of the parties' contract and state law

governing that contract. Accordingly, the dispute between Fantasy and Costco involves only garden variety contract issues.

The dispute between Costco and Fantasy could be characterized as superficially core in that the dispute relates to Fantasy's assertion of the amounts owed to Fantasy. But Fantasy's demand for payment, and Costco's assertion of its rights under the parties' contract, are not rights created by or under the Bankruptcy Code. The dispute between the parties does not rest on any claims created under the Bankruptcy Code, and Costco's rights would exist without regard to Fantasy's bankruptcy case. Arbitrating Costco's claims will have no effect on the core bankruptcy functions in Fantasy's bankruptcy case.

The propriety of arbitration in such circumstances is supported by the court's ruling in *In re Singer Co*, 2001 WL 984678 at *1 (S.D.N.Y. Aug 27, 2001). In *Singer*, the debtor and defendant were parties to a pre-petition exclusive distributorship agreement containing an arbitration clause. The defendant filed a proof of claim arising from the agreement and debtor filed an adversary proceeding seeking rescission of the contract and damages. *Id.* The bankruptcy court denied the defendant's motion to compel arbitration, citing the core nature of the dispute. *Id.* at *2. The district court reversed, noting that the issues raised by defendant were rooted in the parties' pre-petition contractual relationship rather than rights arising under the Bankruptcy Code. *Id.* at *6. Thus, the District Court concluded that arbitrating the parties' disputes would not affect the allocation of the debtor's assets or its ability to reorganize. *Id.*; *see also In re Winimo Realty Corp.*, 270 B.R. at 126 (holding that arbitration was required for pre-petition leases and payment in lieu of tax agreement).

Here, as in the *Singer* case, Costco's rights, and the parties' dispute, stem from a pre-petition contract, and the underlying claims are state and common law contract claims. Thus,

even if the dispute involved could be classified as involving procedurally core matters (Costco maintains that they cannot), the issues arise out of a pre-petition contract. Therefore, the Court must compel arbitration of Costco's claims because they do not fundamentally or directly affect a core bankruptcy function.

## CONCLUSION

WHEREFORE, Costco respectfully requests that the Court enter an order enforcing the arbitration clause in the parties' Agreement Documents.

Dated: New York, New York
November 11, 2019

POLSINELLI PC

*/s/ Jason A. Nagi*
Jason A. Nagi
600 Third Avenue, 42nd Floor
New York, NY 10016
(212) 684-0199
jnagi@polsinelli.com

David D. Ferguson
900 W. 48th Place, Suite 900
Kansas City, MO 64112
(816) 753-1000
dferguson@polsinelli.com

*Attorneys for Costco Wholesale Corporation*