**Hearing Date and Time:** January 22, 2020 at 2:00 p.m. ET
**Objection Deadline:** January 15, 2020 at 5:00 p.m. ET

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER
APPROVING SETTLEMENT WITH NON-DEBTOR U.S. AFFILIATES
(FIRESTAR NOS. 66, 67, & 68; JAFFE NOS. 23 & 24; FANTASY NO. 11)**

On December 31, 2019, Chapter 11 Trustee Richard Levin (the "**Trustee**") filed the annexed *Chapter 11 Trustee's Motion for an Order Approving Settlement with Non-Debtor U.S. Affiliates (Firestar Nos. 66, 67, & 68; Jaffe Nos. 23 & 24; Fantasy No. 11)* (the "**Motion**").

A hearing on the Motion will be held before the Honorable Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York on **January 22, 2020 at 2:00 p.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "**Hearing**"), in

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

Courtroom 701 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004.

Objections, if any, to approval of the Motion and entry of the proposed order must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the Bankruptcy Court (with a copy to the Judge's chambers); and (iv) be served upon (a) counsel to the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Richard Morrissey, Esq.); (b) counsel to the Trustee, Jenner & Block LLP, 919 Third Avenue, New York, New York 10022 (Attn: Carl Wedoff, Esq.); (c) counsel to the Debtors, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st St., 17th Floor, New York, NY 10036 (Attn: Ian Winters, Esq.); and (d) counsel to Punjab National Bank, Cleary, Gottlieb, Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean O'Neal) **so as to be received by each of them no later than 5:00 p.m. (Prevailing Eastern Time) on January 15, 2020 (the "Objection Deadline").**

If no responses or objections are served by the Objection Deadline, the relief may be granted as requested in the Motion without further notice or a hearing. You need not appear at the Hearing if you do not object to the relief requested in the Motion. The Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

*(Signature page follows.)*

| | |
|---|---|
| Dated: December 31, 2019<br>New York, New York | Respectfully submitted,<br><br>**JENNER & BLOCK LLP**<br><br>By: /s/ *Marc Hankin*<br>Marc Hankin<br>Carl Wedoff<br>919 Third Avenue<br>New York, New York 10022<br>(212) 891-1600<br>mhankin@jenner.com<br>cwedoff@jenner.com<br><br>Angela Allen (admitted *pro hac vice*)<br>353 North Clark Street<br>Chicago, Illinois 60654<br>(312) 222-9350<br>aallen@jenner.com<br><br>*Counsel for the Chapter 11 Trustee* |

**Hearing Date and Time:** January 22, 2020 at 2:00 p.m. ET
**Objection Deadline:** January 15, 2020 at 5:00 p.m. ET

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT
WITH NON-DEBTOR U.S. AFFILIATES (FIRESTAR CLAIM NOS. 66, 67, & 68;
JAFFE CLAIM NOS. 23 & 24; FANTASY CLAIM NO. 11)**

Richard Levin, not individually but solely in his capacity as chapter 11 trustee (the "**Trustee**") for the bankruptcy estates of Firestar Diamond, Inc. ("**Firestar**"), Old AJ, Inc. (f/k/a A. Jaffe, Inc.) ("**Jaffe**"), and Fantasy Inc. ("**Fantasy**", and, collectively with Firestar and Jaffe, the "**Debtors**"), respectfully submits this motion (the "**Motion**") under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order, substantially in the form attached as Exhibit A to this Motion (the "**Proposed Settlement Order**"), approving a settlement (the "**Settlement**"), substantially consistent with the terms of the settlement agreement attached

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

as Exhibit B to this Motion (the "**Settlement Agreement**"), by and among the Trustee and Synergies Corporation ("**Synergies**"), Firestar Group, Inc. ("**FGI**"), Firestar Diamond International, Inc. ("**FDII**"), Nirav Modi, Inc. ("**NMI**"), and AVD Trading, Inc. ("**AVD**" and, collectively, the "**U.S. Affiliates**"). In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter under 28 U.S.C. § 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this Motion is Bankruptcy Rule 9019(a). The Trustee consents to this Court's entry of a final order on this Motion.

## BACKGROUND

2.  On February 26, 2018, the Debtors filed petitions under chapter 11 in this Court. On March 9, 2018, this Court entered an Order directing that the Debtors' cases be jointly administered. (Dkt. 24.)

3.  On June 14, 2018, the United States Trustee for Region 2 appointed Richard Levin as the trustee of the Debtors' estates in these jointly administered chapter 11 cases. (Dkt. 222.)

4.  On April 15, 2019, the Trustee's claims and noticing agent received proofs of claim from each of the U.S. Affiliates, as follows:

    a.  FDII's Proof of Claim No. 23, claiming a priority claim in the amount of $25,000 and a general unsecured claim in the amount of $6,300,182.69 against Jaffe;

    b.  FDII's Proof of Claim No. 66, claiming a priority claim in the amount of $25,000 and a general unsecured claim in the amount of $234,044.14 against Firestar;

    c.  FDII's Proof of Claim No. 11, asserting a general unsecured claim in the amount of $75,000 against Fantasy;

    d.  Synergies' Proof of Claim No. 24, asserting a general unsecured claim in the amount of $11,886,064 against Jaffe;

    e. Synergies' Proof of Claim No. 68, asserting a general unsecured claim in the amount of $8,127,499 against Firestar; and

    f. FGI's Proof of Claim No. 67, asserting a general unsecured claim in the amount of $29,089.73 against Firestar (collectively, the "**Proofs of Claim**").

5. On August 12, 2019, counsel for the Trustee sent a demand letter (the "**Demand Letter**") to counsel for the U.S. Affiliates demanding that the U.S. Affiliates repay certain intercompany loans made by the Debtors; notifying the U.S. Affiliates of the Trustee's objections to their Proofs of Claim; and describing the Trustee's own claims against the U.S. Affiliates for actual and constructive fraudulent transfers by the Debtors, for aiding and abetting breaches of fiduciary duties, and for the recharacterization and equitable subordination of the U.S. Affiliates' Proofs of Claim. The Demand Letter sought $23,116,505 in damages and further demanded that the U.S. Affiliates withdraw their Proofs of Claim and waive any interests they might have in certain inventory held by the Trustee (or its proceeds).

6. The U.S. Affiliates denied liability for the various claims asserted by the Trustee, denied many of the allegations upon which such claims are premised and believe they have defenses to one or more of such claims. The U.S. Affiliates also represented that they had no remaining material assets to satisfy the Trustee's demands other than certain claims and causes of action.

7. Following arms' length and good faith negotiations, the Trustee and the U.S. Affiliates ultimately reached the Settlement reflected in the Settlement Agreement. Its principal terms are as follows:

    a. The U.S. Affiliates shall withdraw the Proofs of Claim.

    b. The U.S. Affiliates shall waive any interest in inventory held by the Trustee or its proceeds.

    c. The U.S. Affiliates shall assign any and all of their causes of action to the Trustee. After liquidating the assigned causes of action for the benefit of the Debtors' estates, the Trustee shall distribute 30% of any recovery (net after costs and expenses, including attorneys' fees) on account of such Assigned Causes of Action

3

    to the U.S. Affiliates or their designee on account of unpaid professional fees and expenses incurred through December 31, 2019 up to the lesser of $500,000 and the amount of such unpaid fees and expenses; plus, in addition to the foregoing, attorneys previously retained by the U.S. Affiliates to pursue Assigned Causes of Action on a contingency fee basis may submit claims for payment from any recovery from such Assigned Causes of Action any quantum-meruit based fees arising from those claims.

    d.  The Trustee shall commence an adversary proceeding against the U.S. Affiliates (the "**Adversary Proceeding**") in the Bankruptcy Court by filing the complaint in the form attached to the Settlement Agreement (the "**Complaint**"), which seeks the avoidance of all fraudulent transfers to or for the benefit of the U.S. Affiliates, turnover of certain accounts receivable, and entry of judgment in favor of the Trustee and against the U.S. Affiliates, jointly and severally, for $23,116,505. The Trustee shall then submit to the Court a stipulated judgment in the form attached to the Settlement Agreement (the "**Stipulated Judgment**"), which shall grant the Trustee all relief sought in the Complaint. The U.S. Affiliates shall consent to the entry of the Stipulated Judgment.

    e.  Based upon the U.S. Affiliates' representation and warranty that they have no remaining material assets other than the causes of action assigned to the Trustee, the Trustee shall refrain from any action to enforce the Stipulated Judgment directly against the U.S. Affiliates, and the U.S. Affiliates shall release the Trustee and the Debtors' estates for any and all claims.

8.    The parties' obligations under the Settlement Agreement are conditioned on, and shall be effective only upon, the Court's approval of the Settlement on a final basis.

### RELIEF REQUESTED

9.    The Trustee requests that this Court enter the Proposed Settlement Order approving the Settlement under Bankruptcy Rule 9019(a).

### BASIS FOR RELIEF

10.    Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Rule 9019 empowers the Court to approve compromises and settlements if they are "fair, equitable, and in the best interests of the estate." *In re Residential Capital, LLC*, 497 B.R. 720, 749 (Bankr. S.D.N.Y. 2013); *see Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25 (1968). In determining whether a settlement is fair and

equitable, a court is not required to decide the numerous issues of law and fact involved; it need only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Residential Capital*, 497 B.R. at 749. "Rather than conducting a mini-trial, the Court only needs to be apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and independent judgment." *Residential Capital*, 497 B.R. at 749 (internal citations and quotation marks omitted).

11. As a general matter, "'settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate.'" *Residential Capital*, 497 B.R. at 749 (quoting *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 641–642 (Bankr. S.D.N.Y. 2012)); *see Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 455 (2d Cir. 2007) (settlements "help clear a path for the efficient administration of the bankrupt estate"). "Although courts have discretion to approve settlements, the business judgment of the debtor in recommending the settlement should be factored into the court's analysis." *In re MF Global Inc.*, No. 11-2790 MG, 2012 WL 3242533, at *5 (Bankr. S.D.N.Y. Aug. 10, 2012). Courts may also rely upon the opinion of trustee, the parties, and their respective counsel. *Id.*

12. The Second Circuit has identified seven interrelated factors that courts should consider when evaluating whether settlements fall within the range of reasonableness under Bankruptcy Rule 9019(a):

   a. the balance between the litigation's possibility of success and the settlement's future benefits;
   b. the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment;

5

    c. "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;"

    d. whether other parties in interest support the settlement;

    e. the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement;

    f. "the nature and breadth of releases to be obtained by officers and directors[;]" and

    g. "the extent to which the settlement is the product of arm's length bargaining."

*Residential Capital, LLC*, 497 B.R. at 750 (quoting *In re Iridium*, 478 F.3d at 462). An analysis of the *Iridium* factors demonstrates that the Settlement is fair, reasonable, and in the best interests of the Debtors' estates and creditors.

    13.    *First*, if the Trustee is required to litigate the claims raised in the Demand Letter to the U.S. Affiliates to finality, there is no guarantee that the Debtors' estates will realize any greater—or even the same—net value represented by the Settlement. Instead, continued litigation poses the risk that the U.S. Affiliates will raise one or more successful defenses to some or all of the Trustee's claims, resulting in a recovery less than the value of the Settlement. Indeed, by this Settlement the Trustee is accomplishing all that he could by litigation – entry of a sizeable judgment against entities who have represented that they have no material remaining assets other than the causes of action to be assigned to the estates by the Settlement. Further, if the U.S. Affiliates' Proofs of Claim, which assert amounts in excess of $23 million, are not withdrawn per the terms of the Settlement, they could delay the effectiveness of the Trustee's confirmed chapter 11 plan, which is contingent upon the aggregate amount of allowed claims being below a certain amount. (*See* Dkt. 1106, at § 7.2.3.) By contrast, the Settlement resolves the competing claims between the parties now, promoting the Trustee's efforts to consummate the plan and begin distributions to creditors. The Settlement is therefore more beneficial to the Debtors' estates and creditors than continued litigation.

14. *Second*, putting aside litigation risk, the cost to the Debtors' estates of continued litigation could materially impact the value of a successful result. The Trustee's professionals have already incurred substantial fees investigating and pursuing the claims in the Demand Letter. If the Trustee were to litigate these claims against the U.S. Affiliates, an evidentiary hearing will likely be necessary, requiring the Trustee's professionals to spend additional and significant amounts of time on discovery and hearing preparation. The Debtors' estates will bear these costs regardless of whether the Trustee prevails. As a result, the costs of continued litigation could significantly reduce the value to the Debtors' estates of any claims the Trustee holds against the U.S. Affiliates.

15. *Third*, the Settlement serves the interests of the Debtors' creditors. The Settlement will avoid substantial fraudulent transfers, permitting the Trustee to seek recovery under 11 U.S.C. § 550 from the U.S. Affiliates' subsequent transferees. The Settlement also requires the withdrawal of the Proofs of Claim of more than $23 million and assigns the U.S. Affiliates' causes of action to the Trustee, which offer additional sources of recovery for the Debtors' estates. The Settlement could therefore increase the amounts available for distribution to the Debtors' creditors and expedite creditor distributions by moving the Debtors' chapter 11 plan closer to satisfying the conditions to the plan's Effective Date.

16. *Fourth*, the Trustee is unaware of any opposition to the Settlement from any interested party.

17. *Fifth*, the Trustee and the U.S. Affiliates are both represented by sophisticated counsel. This Court is also familiar with both the complexity of the facts and circumstances underlying these chapter 11 cases and the types of issues that would arise in any litigation concerning claims of this nature.

18. *Sixth*, the releases do not release officers or directors of any entities.

19.     *Seventh*, the Agreement was proposed, negotiated, and entered into by the parties without collusion, in good faith, and from arms' length bargaining positions.

20.     Accordingly, the Trustee submits that the proposed Settlement is appropriate in light of the relevant factors, is fair and equitable, and should be approved.

## NOTICE

21.     The Trustee is serving this Motion upon the U.S. Trustee, each U.S. Affiliate, and the 2002 Service List in accordance with the Order Establishing Notice and Case Management Procedures (Dkt. 530). The Trustee submits that under the circumstances, no other or further notice need be provided.

WHEREFORE, the Trustee respectfully requests that this Court enter an order approving the Settlement and granting such other relief as the Court may deem just and proper.

Dated: December 31, 2019　　　　　　　　Respectfully Submitted,
　　　　　New York, New York

**JENNER & BLOCK LLP**

By: /s/ *Marc Hankin*
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com
*Counsel for the Chapter 11 Trustee*