**Hearing Date and Time: March 19, 2020 at 11:00 a.m. EDT**
**Objection Deadline: March 12, 2020 at 5:00 p.m. EDT**

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AGREED ORDER
APPROVING STIPULATION REGARDING FINAL PROFIT SHARING
RECONCILIATION BETWEEN TRUSTEE AND KVS PARTIES**

On February 6, 2020, Chapter 11 Trustee Richard Levin (the "**Trustee**") filed the annexed

*Chapter 11 Trustee's Motion for Entry of Agreed Order Approving Stipulation Regarding Final Profit*

*Sharing Reconciliation Between Trustee and KVS Parties.* (the "**Motion**").

A hearing will be held before the Honorable Sean H. Lane of the United States Bankruptcy

Court for the Southern District of New York on **March 19, 2020 at 11:00 a.m. (Eastern Time)**, or

as soon thereafter as counsel may be heard (the "**Hearing**"), in Courtroom 701 of the United States

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004, to consider the Motion.

Objections, if any, to approval of the Motion and entry of the proposed order must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the Bankruptcy Court (with a copy to the Judge's chambers); and (iv) be served upon (a) counsel to the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Richard Morrissey, Esq.); (b) counsel to the Trustee, Jenner & Block LLP, 919 Third Avenue, New York, New York 10022 (Attn: Richard Levin, Esq.); (c) counsel to the Debtors, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st St., 17th Floor, New York, NY 10036 (Attn: Ian Winters, Esq.); and (d) counsel to Punjab National Bank, Cleary, Gottlieb, Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean O'Neal) so as to be received by each of them no later than 5:00 p.m. (Eastern Standard Time) on March 12, 2020 the "**Objection Deadline**").

If no responses or objections are served by the Objection Deadline, the relief may be granted as requested in the Motion without further notice or a hearing. You need not appear at the Hearing if you do not object to the relief requested in the Motion. The Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

| | |
|---|---|
| Dated: February 6, 2020<br>New York, New York | Respectfully submitted,<br><br>**JENNER & BLOCK LLP**<br><br>By: /s/ Marc Hankin<br>Marc Hankin<br>Carl Wedoff<br>919 Third Avenue<br>New York, New York 10022<br>(212) 891-1600<br>mhankin@jenner.com<br>cwedoff@jenner.com<br><br>Angela Allen (admitted *pro hac vice*)<br>353 North Clark Street<br>Chicago, Illinois 60654<br>(312) 222-9350<br>aallen@jenner.com<br><br>*Counsel for the Chapter 11 Trustee* |

Hearing Date and Time: March 19, 2020 at 11:00 a.m. EDT
Objection Deadline: March 12, 2020 at 5:00 p.m. EDT

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
                                                                 :
In re                                                            :    Chapter 11
                                                                 :
FIRESTAR DIAMOND INC., *et al.*,[1]                              :    Case No. 18-10509 (SHL)
                                                                 :
           Debtors.                                              :    Jointly Administered
                                                                 :
---------------------------------------------------------------- X

**CHAPTER 11 TRUSTEE'S MOTION FOR AGREED ORDER APPROVING STIPULATION
REGARDING FINAL PROFIT SHARING RECONCILIATION
BETWEEN TRUSTEE AND KVS PARTIES**

Richard Levin, not individually but solely in his capacity as chapter 11 trustee (the "**Trustee**") of the above-captioned debtors (the "**Debtors**"), respectfully submits this motion (the "**Motion**") under 11 U.S.C. § 363 and, to the extent applicable, Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of the agreed order attached as Exhibit A to this Motion (the "**Stipulation and Order**") approving a stipulation by and among the Trustee and KVS Designs LLC, Dhaval Mehta, Takshal Bhansali, and Nirav Mehta

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729) ("**Firestar**"), Fantasy, Inc. (1673) ("**Fantasy**"), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756) ("**Jaffe**").

(collectively, the "**KVS Parties**," together with the Trustee, the "**Parties**"). In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are 11 U.S.C. § 363 and, to the extent applicable, Bankruptcy Rule 9019(a). The Trustee consents to this Court's entry of a final order on this Motion.

## BACKGROUND

2. On February 26, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"). Until the appointment of the Trustee, the Debtors operated their businesses and managed their affairs as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

3. Before the Petition Date, each of the Debtors conducted business as wholesalers of fine jewelry. The Trustee is now managing the Debtors' estates to maximize recoveries for the Debtors' creditors.

4. Dhaval Mehta, Takshal Bhansali, and Nirav Mehta are former employees of the Firestar Fine Jewelry ("**FFJ**") division of Old AJ, Inc. f/k/a A. Jaffe, Inc. ("**Jaffe**") and are the principles of KVS Designs LLC. The FFJ division sold *A. Jaffe*-branded merchandise through the KVS Parties' previously established distribution channels.

5. When the KVS Parties joined Jaffe in 2015, they entered into a profit sharing arrangement (the "**Profit Sharing Arrangement**") with Jaffe under which the KVS Parties became entitled to a portion of the FFJ division's profits. The profit sharing arrangement provided for Jaffe to pay monthly advances to the KVS Parties. Although these advances were supposed to be

2

reconciled with FFJ's financial performance through a quarterly true-up process, no true-up payments ever occurred. In April 2018, the KVS Parties resigned from Jaffe to pursue new opportunities.

6.     In recent months, the Trustee and the KVS Parties have engaged in discussions regarding a final reconciliation of the amounts owed under the profit sharing arrangement. However, due to certain gaps and ambiguities in the available evidence, the Parties were not able to conclusively determine the final balance.

7.     Still, for the purposes of obtaining finality, the Parties have agreed, subject to the Court's approval, to a final reconciliation under the profit sharing agreement on the terms and conditions set forth in the Agreed Order (the "**Reconciliation**"). The Reconciliation involves the KVS Parties paying the Trustee $15,000 (the "**Reconciliation Amount**") and agreeing to cooperate in the Trustee's ongoing investigation and litigation efforts in exchange for full mutual releases.

## RELIEF REQUESTED

8.     The Trustee requests that this Court enter the Stipulation and Order and, to the extent applicable, approve the Reconciliation under Bankruptcy Rule 9019.

9.     Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed R. Bankr. P. 9019(a). Rule 9019 empowers the Court to approve compromises and settlements if they are "fair, equitable, and in the best interests of the estate." *In re Residential Capital, LLC*, 497 B.R. 720, 749 (Bankr. S.D.N.Y. 2013); *see Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25 (1968). In determining whether a settlement is fair and equitable, a court does need not decide the numerous issues of law and fact involved; it need only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Residential Capital*, 497 B.R.

3

at 749.  "Rather than conducting a mini-trial, the Court only needs to be apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and independent judgment."  *Residential Capital*, 497 B.R. at 749 (internal citations and quotation marks omitted).

10.     As a general matter, "'settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate.'"  *Residential Capital*, 497 B.R. at 749 (quoting *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 641–642 (Bankr. S.D.N.Y. 2012)); *see Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 455 (2d Cir. 2007) (settlements "help clear a path for the efficient administration of the bankrupt estate").  "Although courts have discretion to approve settlements, the business judgment of the debtor in recommending the settlement should be factored into the court's analysis."  *In re MF Global Inc.*, No. 11-2790 MG, 2012 WL 3242533, at *5 (Bankr. S.D.N.Y. Aug. 10, 2012).  Courts may also rely upon the opinion of trustee, the parties, and their respective counsel.  *Id.*

11.     The Second Circuit has identified seven interrelated factors that courts should consider when evaluating whether settlements fall within the range of reasonableness under Bankruptcy Rule 9019(a):

    A) the balance between the litigation's possibility of success and the settlement's future benefits;

    B) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment;

    C) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;"

    D) whether other parties in interest support the settlement;

4

E) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement;

F) "the nature and breadth of releases to be obtained by officers and directors[;]" and

G) "the extent to which the settlement is the product of arm's length bargaining."

*Residential Capital, LLC*, 497 B.R. at 750 (quoting *In Motorola, Inc. v. Official Committee of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007)). An analysis of the *Iridium* factors demonstrates that the Reconciliation is fair, reasonable and in the best interests of the Debtors' estates and creditors.

12.     *First*, if the Trustee is required to litigate any amounts owed under the Profit Sharing Arrangement to conclusion, there is no guarantee that the Debtors' estates will realize any greater—or even the same—net value represented by the Reconciliation. Having reviewed the available evidence, the Trustee is not confident he would prevail in any such litigation. Moreover, as the Trustee's release of his claims against the KVS Parties will not take effect until he receives the Reconciliation Amount, there is no collection risk. By contrast, even if the Trustee succeeded in litigation against the KVS Parties, the extent to which he would be able to collect on any judgment is less certain by default.

13.     *Second*, setting aside litigation and collection risk, the costs to the Debtors' estates of litigating against the KVS Parties could very well exceed the value of any recovery beyond the Reconciliation Amount. Litigating these claims to finality would require the Trustee's counsel to spend significant time on discovery and trial preparation, the cost of which would be borne by the Debtors' estates whether or not the Trustee prevails. Taking all of these facts into consideration, litigating with the KVS Parties poses a very real risk to the Debtors' estates that, even if successful, the costs of litigating the claims would materially diminish any recovery.

5

14. *Third*, the Reconciliation serves the interests of the Debtors' creditors. The Reconciliation will result in $15,000 being immediately available for distribution to the Debtors' creditors through the Trustee's chapter 11 plan.

15. *Fourth*, the Trustee is unaware of any opposition to the Settlement from any interested party.

16. *Fifth*, both Parties are sufficiently sophisticated, and this Court is familiar with both the complexity of these chapter 11 cases and the types of issues that would arise in any litigation of claims of this nature.

17. *Sixth*, the scope of these releases provided to and received from the KVS Parties are appropriate in light of the recovery for the estates.

18. *Seventh*, the Reconciliation was proposed, negotiated, and entered into by the Parties, without collusion, in good faith, and from arms' length bargaining positions.

19. Accordingly, the Trustee submits that the proposed Reconciliation is appropriate in light of the relevant factors, is fair and equitable, and should be approved.

## NOTICE

20. The Trustee is serving this Motion upon the U.S. Trustee, the KVS Parties, and the email service list in accordance with the Order Establishing Notice and Case Management Procedures [Dkt. 530]. The Trustee submits that under the circumstances, no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court issue an order approving the Reconciliation and granting such other relief as the Court may deem just and proper.

Dated: February 6, 2020  
     New York, New York

Respectfully Submitted,

**JENNER & BLOCK LLP**

By: /s/ Marc Hankin  
Marc Hankin  
Carl Wedoff  
919 Third Avenue  
New York, New York 10022  
(212) 891-1600  
mhankin@jenner.com  
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)  
353 North Clark Street  
Chicago, Illinois 60654  
(312) 222-9350  
aallen@jenner.com  
*Counsel for the Chapter 11 Trustee*

7