Hearing Date and Time: March 19, 2020 at 11:00 a.m. EDT
**Objection Deadline:** March 12, 2020

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
William Williams (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER**
**APPROVING SETTLEMENT WITH THE CORINNE JEWELERS**

On February 26, 2020, Chapter 11 Trustee Richard Levin (the "**Trustee**") filed the annexed *Chapter 11 Trustee's Motion for an Order Approving Settlement with the Corinne Jewelers* (the "**Motion**").

A hearing on the Motion will be held before the Honorable Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York on **March 19, 2020 at 11:00 a.m. (Eastern Daylight Time)**, or as soon thereafter as counsel may be heard (the "**Hearing**"), in

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

Courtroom 701 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004.

Objections, if any, to approval of the Motion and entry of the proposed order must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the Bankruptcy Court (with a copy to the Judge's chambers); and (iv) be served upon (a) counsel to the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Richard Morrissey, Esq.); (b) counsel to the Trustee, Jenner & Block LLP, 919 Third Avenue, New York, New York 10022 (Attn: Carl Wedoff, Esq.); (c) counsel to the Debtors, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st St., 17th Floor, New York, NY 10036 (Attn: Ian Winters, Esq.); and (d) counsel to Punjab National Bank, Cleary, Gottlieb, Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean O'Neal) so as to be received by March 12, 2020 (the "**Objection Deadline**").

If no responses or objections are served by the Objection Deadline, the relief may be granted as requested in the Motion without further notice or a hearing. You need not appear at the Hearing if you do not object to the relief requested in the Motion. The Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

| | |
|---|---|
| Dated: February 26, 2020<br>New York, New York | Respectfully submitted,<br><br>**JENNER & BLOCK LLP**<br><br>By: /s/ Marc Hankin<br>Marc Hankin<br>Carl Wedoff<br>919 Third Avenue<br>New York, New York 10022<br>(212) 891-1600<br>mhankin@jenner.com<br>cwedoff@jenner.com<br><br>Angela Allen (admitted *pro hac vice*)<br>William Williams (admitted *pro hac vice*)<br>353 North Clark Street<br>Chicago, Illinois 60654<br>(312) 222-9350<br>aallen@jenner.com<br>wwilliams@jenner.com<br><br>*Counsel for the Chapter 11 Trustee* |

**Hearing Date and Time:** March 19, 2020 at 11:00 a.m. EDT
**Objection Deadline:** March 12, 2020

JENNER & BLOCK LLP
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
William Williams (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER**
**APPROVING SETTLEMENT WITH THE CORINNE JEWELERS**

Richard Levin, not individually but solely in his capacity as chapter 11 trustee (the "**Trustee**") of the above-captioned debtors (the "**Debtors**"), respectfully submits this motion (the "**Motion**") under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order, substantially in the form attached as Exhibit A to this Motion (the "**Proposed Settlement Order**"), approving a settlement (the "**Settlement**"), substantially consistent with the terms of the settlement agreement attached as Exhibit B to this Motion (the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

"**Settlement Agreement**"), by and among the Trustee and the Corinne Jewelers ("**Corinne**"). In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this Motion is Bankruptcy Rule 9019(a). The Trustee consents to this Court's entry of a final order on this Motion.

## BACKGROUND

2. On February 26, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"). Until the appointment of the Trustee, the Debtors operated their businesses and managed their affairs as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

3. On March 9, 2018, the Court entered an Order directing that these cases be jointly administered. (Dkt. 24.) An Official Committee of Unsecured Creditors has not been appointed in these cases.

4. On June 14, 2018, the Court approved the Trustee's appointment. (Dkt. 227.)

5. At the time of the Trustee's appointment, the Debtors' books and records reflected that Corinne owed Jaffe a total of $59,815.92.

6. Following arms' length and good faith negotiations, the Parties ultimately reached the Settlement reflected in the Settlement Agreement. Its principal terms are as follows:

    a. Corinne shall pay the sum total of $52,000 (the "**Settlement Amount**"), with the first payment being $10,200.00 due on February 28, 2020; and eleven additional

2

payments of $3,800.00 each payable on the last business day of each successive month thereafter.

b.  The parties will exchange mutual releases of all claims arising from or related to the Parties' rights, responsibilities, and obligations relating to claims arising from or related to the collection of accounts receivable.

7.  The releases provided for in section 6 of the Settlement Agreement are contingent upon: (i) the execution of the Settlement Agreement; (ii) the Court's approval of the Settlement on a final basis; and (iii) payment of the full Settlement Amount. An executed copy of the Settlement Agreement is attached as Exhibit B to this Motion.

## RELIEF REQUESTED

8.  The Trustee requests that this Court enter the Proposed Settlement Order approving the Settlement under Bankruptcy Rule 9019(a).

9.  Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed R. Bankr. P. 9019(a). Rule 9019 empowers the Court to approve compromises and settlements if they are "fair, equitable, and in the best interests of the estate." *In re Residential Capital, LLC*, 497 B.R. 720, 749 (Bankr. S.D.N.Y. 2013); *see Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25 (1968). In determining whether a settlement is fair and equitable, a court does need not decide the numerous issues of law and fact involved; it need only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Residential Capital*, 497 B.R. at 749. "Rather than conducting a mini-trial, the Court only needs to be apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and

3

independent judgment." *Residential Capital*, 497 B.R. at 749 (internal citations and quotation marks omitted).

10. As a general matter, "'settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate.'" *Residential Capital*, 497 B.R. at 749 (quoting *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 641–642 (Bankr. S.D.N.Y. 2012)); *see Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 455 (2d Cir. 2007) (settlements "help clear a path for the efficient administration of the bankrupt estate"). "Although courts have discretion to approve settlements, the business judgment of the debtor in recommending the settlement should be factored into the court's analysis." *In re MF Global Inc.*, No. 11-2790 MG, 2012 WL 3242533, at *5 (Bankr. S.D.N.Y. Aug. 10, 2012). Courts may also rely upon the opinion of trustee, the parties, and their respective counsel. *Id.*

11. The Second Circuit has identified seven interrelated factors that courts should consider when evaluating whether settlements fall within the range of reasonableness under Bankruptcy Rule 9019(a):

   a. the balance between the litigation's possibility of success and the settlement's future benefits;

   b. the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment;

   c. "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;"

   d. whether other parties in interest support the settlement;

    e. the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement;

    f. "the nature and breadth of releases to be obtained by officers and directors[;]" and

    g. "the extent to which the settlement is the product of arm's length bargaining."

*Residential Capital, LLC*, 497 B.R. at 750 (quoting *In Motorola, Inc. v. Official Committee of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007)). An analysis of the *Iridium* factors demonstrates that the Settlement is fair, reasonable and in the best interests of the Debtors' estates and creditors.

12. *First*, if the Trustee is required to litigate the amount of Corinne's allowed claim, there is no guarantee that the Debtors' estates will realize any greater—or even the same—net value represented by the Settlement. The Trustee's maximum potential recovery from Corinne relating to or arising from the collection of accounts receivable is $59,815.92. The $52,000 Settlement Amount therefore represents an approximately 87% recovery. Bringing a lawsuit would not necessarily increase this recovery, and the Trustee might incur substantial time and expense in collecting any judgment. Moreover, as the Settlement Amount has already been delivered to Mr. Agusta, there is no collection risk. By contrast, even if the Trustee succeeded in litigation against CDC, the extent to which he would be able to collect on any judgment is less certain by default

13. *Second*, setting aside litigation risk, the cost to the Debtors' estates of litigating Corinne's post-petition claims could exceed any benefit and materially diminish any recovery. Litigating these claims to finality would require the Trustee's counsel spend significant time on discovery and trial preparation, the cost of which would be borne by the Debtors' estates whether or not the Trustee prevails.

14. *Third*, the Settlement serves the interests of the Debtors' creditors. The Settlement will result in funds being made available for distribution to the Debtors' creditors.

15. *Fourth*, the Trustee is unaware of any opposition to the Settlement from any interested party.

16. *Fifth*, both Parties are sufficiently sophisticated, and this Court is familiar with both the complexity of these chapter 11 cases and the types of issues that would arise in any litigation of claims of this nature.

17. *Sixth*, the scope of these releases provided to and received from Corinne are appropriate in light of the benefit to the estates and the proposed Settlement.

18. *Seventh*, the Agreement was proposed, negotiated, and entered into by the Parties, without collusion, in good faith, and from arms' length bargaining positions.

19. Accordingly, the Trustee submits that the proposed Settlement is appropriate in light of the relevant factors, is fair and equitable, and should be approved.

## **NOTICE**

20. The Trustee is serving this Motion upon the U.S. Trustee, Corinne, and the 2002 Service List in accordance with the Order Establishing Notice and Case Management Procedures [Dkt. 530]. The Trustee submits that under the circumstances, no other or further notice need be provided.

WHEREFORE, the Trustee respectfully requests that this Court enter an order approving the Settlement and granting such other relief as the Court may deem just and proper.

Dated: February 26, 2020
     New York, New York

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ Marc Hankin
Marc Hankin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)
William Williams (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com
wwilliams@jenner.com

*Counsel for the Chapter 11 Trustee*