**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

In re

FIRESTAR DIAMOND, INC., *et al.,*[1]

Debtors.

-------------------------------------------------------------------x

Chapter 11

Case No. 18-10509 (SHL)

(Jointly Administered)

## ORDER (I) DISCHARGING THE EXAMINER; (II) RELIEVING THE EXAMINER AND HIS PROFESSIONALS FROM DISCOVERY OBLIGATIONS; (III) APPROVING THE DISPOSITION OF CERTAIN DOCUMENTS AND INFORMATION; AND (IV) EXCULPATING THE EXAMINER AND HIS PROFESSIONALS

Upon the motion of (the "Motion") of John J. Carney, the duly appointed examiner (the "Examiner"), for the jointly administered chapter 11 bankruptcy estates of Firestar Diamond, Inc., Old AJ, Inc. f/k/a A. Jaffe, Inc., and Fantasy, Inc. *et al*. (the "Debtors"), pursuant to 11 U.S.C. §§ 105(a), 1106(a)(3)–(4) & (b), and 1109(b), for entry of an order: (i) discharging the Examiner; (ii) relieving the Examiner, his counsel, Baker & Hostetler LLP ("BH"), and his forensic accountant, Alvarez & Marsal Disputes and Investigations, LLC ("A&M", and together with BH, "Professionals"), from discovery obligations in connection with the Investigation[2] and the Report; (iii) authorizing the retention or disposition of documents and information in the possession of the Examiner and his Professionals; (iv) exculpating the Examiner and his Professionals in connection with the Investigation and the Report; and (v) authorizing and directing the reimbursement of reasonable fees and costs incurred by the Examiner and his Professionals in the future (ECF No. 578); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334(b) and the Amended Standing Order of Reference M-

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and consideration, and for good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.      The Examiner is discharged from his duties and obligations under the Second Examiner Order effective as of the date of this Order, and his appointment as Examiner is hereby terminated. The discharge of the Examiner is without prejudice to: (i) the entry of an order in the future re-engaging the Examiner or his Professionals to provide such services as the Court determines are necessary and appropriate; or (ii) the continued cooperation with and assistance to government agencies, the U.S. Trustee, and the Trustee, as the Examiner in his discretion deems appropriate.

2.      The Examiner and his Professionals are relieved from any duty to respond, object to, or move for a protective order in response to any formal or informal discovery process, including any subpoenas, requests for production of documents, requests for admissions, interrogatories, requests for testimony (through subpoena, notice of deposition, request for Bankruptcy Rule 2004 examination, or otherwise), letters rogatory, or any other discovery of any kind related to the Report, the Investigation, the Investigative Record or the Chapter 11 Cases.

3.      The Examiner and his Professionals are authorized to dispose of all Confidential or Highly Confidential Discovery Material received and all copies thereof, in accordance with the protocol provided in the Protective Orders.

4.      The Examiner and his Professionals are authorized to discard any and all other documents and information in the Investigative Record not contemplated in the Protective Orders,

such that the continued maintenance of these materials shall be at the Examiner's discretion; provided, however, that the Examiner and his Professionals will maintain the materials for at least 60 days after receiving notice of entry of a final decree closing the Chapter 11 Cases.

5.      Neither the Examiner nor his Professionals shall have or incur any liability with respect to (i) any act or omission, (ii) any statement or representation arising out of, relating to, or involving in any way, the Investigation or the Report, or (iii) any other writing filed by the Examiner or his Professionals in connection with, related to, or arising out of the Chapter 11 Cases, including the Report. Nothing contained in this paragraph, however, shall be construed to limit the liability of the Examiner or his Professionals for any acts of willful misconduct or gross negligence or violations of any applicable disciplinary rule or code of professional responsibility.

6.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order

Dated: New York, New York
        April 1, 2020

                                        */s/ Sean H. Lane*
                                        The Honorable Sean H. Lane
                                        United States Bankruptcy Judge