**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**ORDER APPROVING AMENDMENTS**
**TO LIQUIDATING TRUST AGREEMENT**

Upon consideration of the *Trustee's Amended Motion For Order Approving Amendments To Liquidating Trust Agreement* [Dkt. 1595] (the "**Motion**") filed by Richard Levin in his capacity as Trustee of the three Debtors in these jointly administered cases (the "**Trustee**"), seeking entry of an order under section 11.1 of the Liquidating Trust Agreement approving amendments to the form of that Agreement; and appropriate notice under the circumstances having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that section 11.1 of the Liquidating Trust Agreement authorizes the proposed amendments to the Liquidating Trust Agreement, that circumstances warrant the proposed amendments, that the relief sought in the Motion that is granted hereby is in the best interests of the Debtors' estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the following amendments (new matter underlined) to the form of Liquidating Trust Agreement are approved:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

1

. . .

**2.3.   Retained Causes of Action.**

All Retained Causes of Action are retained, vested, and preserved by the Liquidating Trusts under Bankruptcy Code section 1123(b), including all Retained Causes of Action specified in the applicable schedule to the Plan Supplement.

From and after the Effective Date, all Retained Causes of Action shall be prosecuted, settled, or abandoned by the Liquidating Trustee.  To the extent any proceeding on a Cause of Action is already pending, the Liquidating Trustee, as successor to the Chapter 11 Trustee, shall continue the prosecution of such Cause of Action.

Any proceeds from the Causes of Action shall be deposited in the corresponding Liquidating Trust Account, except that if the Liquidating Trustee obtains financing for the purpose of funding litigation and other Liquidating Trust Operating Expenses, then any account and distribution methods established pursuant to or related to any such financing shall be implemented, and proceeds distributed pursuant thereto, prior to any deposit of proceeds in such Liquidating Trust Accounts.

. . .

**3.1. Authority of the Liquidating Trustee.**

The Liquidating Trustee is hereby empowered to take such actions as are necessary to implement, and are consistent with implementing, the Plan and is appointed as the representative of each of the Estates under Bankruptcy Code sections 1123(a)(5), (a)(7), and (b)(3)(B). The rights and powers of the Liquidating Trustee include:

….

(h) closing the Chapter 11 Cases; ~~and~~

(i) after obtaining consent from PNB, obtaining financing secured by liens on the Liquidating Trust Assets for the purpose of funding litigation and other Liquidating Trust Operating Expenses, as more fully described in section 3.7 hereof; and

(j) taking any and all other actions necessary or appropriate to implement or consummate the Plan.

. . .

**3.6.  Payment of Liquidating Trust Operating Expenses.**

The Liquidating Trustee shall disburse funds from Available Cash for purposes of paying the Liquidating Trust Operating Expenses for each Liquidating Trust without the need for any further order of the Bankruptcy Court.  The Liquidating Trustee may reserve a portion of Available Cash for the payment of Liquidating Trust Operating Expenses.

. . .

**(b) Post-Effective Date Fees.** The Liquidating Trustee and the professionals representing the Liquidating Trustee or PNB, shall be paid on a monthly basis at regular hourly rates, and professionals representing the Liquidating Trustee or PNB may negotiate and agree upon contingency fee <u>or hybrid contingency fee</u> arrangements in each case subject to the approval of the Liquidating Trustee and PNB, without further order of the Bankruptcy Court.

. . .

**<u>3.7.  Financing</u>**

<u>The Trustee, subject to consent of PNB, may obtain financing (secured by liens) for the expenses of litigation and other Litigation Trust Operating Expenses on any terms he deems appropriate in his discretion, without any further notice, and without any further action, order, or approval of the Bankruptcy Court. The Liquidating Trusts and the Trustee shall be bound by the terms of all agreements entered into in connection with such financing, notwithstanding anything herein to the contrary. The granting of any liens by the Trustee on behalf of the Liquidating Trust shall be sufficient and conclusive evidence of the validity, enforceability, perfection, and priority of such liens without the necessity of filing or recording any financing statement or other instrument or document which may otherwise be required under the law of any jurisdiction, or taking any other action to validate or perfect the liens or to entitle the liens to the priorities granted herein.</u>

**~~3.7~~ <u>3.8</u> Reporting Duties.**

. . .

**12.7 Relationship to the Plan.**

The principal purpose of this Agreement is to aid in the implementation of the Plan, and therefore this Agreement incorporates the provisions of the Plan. To that end, the Liquidating Trustee shall have full power and authority to take any action consistent with the purpose and provisions of the Plan and to seek any orders from the Court in furtherance of implementation of the Plan and this Agreement. If any provisions of the Plan of this Agreement are found to be inconsistent with the provisions of the Plan, the provisions of the Plan shall control; <u>provided, however, that notwithstanding the provisions of Article 9 of the Plan, the Liquidating</u>

> Trustee may agree that, in connection with any financing, the enforcement of any rights (including with respect to any liens), or the determination of any dispute, may be in a forum other than the Bankruptcy Court, including arbitration.

and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
August 26, 2020

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE