**GEM CERTIFICATION & ASSURANCE LAB, INC.**
Donald A. Palmieri
580 Fifth Avenue, Suite LL-05
New York, New York 10036
Telephone: (212) 869-8985
Facsimile: (212) 869-2315

*Appraiser to the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
                                                                        :
In re:                                                               :            Chapter 11
                                                                        :
FIRESTAR DIAMOND, INC., et al.              :            Case No. 18-10509 (SHL)
                                                                        :
Debtors. [1]                                                  :            (Jointly Administered)
                                                                        :
----------------------------------------------------------------X

**SUMMARY COVER SHEET TO THE FINAL FEE APPLICATION OF**
**GEM CERTIFICATION & ASSURANCE LAB, INC, AS APPRAISER TO THE CHAPTER 11**
**BANKRUPTCY TRUSTEE FOR COMPENSATION FOR SERVICES RENDERED**
**AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM**
<u>**JUNE 29, 2018 THROUGH JULY 31, 2020**</u>

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

| | |
|---|---|
| Name of Applicant: | GEM CERTIFICATION & ASSURANCE LAB |
| Authorized to Provide Professional Services to: | Richard Levin, Trustee |
| Effective Date of Retention: | June 29, 2018 |
| Time Period Covered By This Application: | May 1, 2020 through July 31, 2020 ("Seventh Interim Application Period"); June 29, 2018 through July 31, 2020 ("Final Application Period") |
| Compensation Sought as Actual, Reasonable and Necessary for Seventh Interim Application Period: | $ 4,512.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for the Seventh Interim Application Period: | $ 0.00 |
| Total Compensation and Expense Reimbursement Sought to be Allowed For the Seventh Interim Application Period: | $ 4,512.50 |
| Compensation Sought as Actual, Reasonable and Necessary for Final Application Period: | $529,465.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for Final Application Period: | $72,823.21 |
| Total Compensation and Expense Reimbursement Sought to be Allowed For the Final Application Period: | $602,288.71 |

Total Fees & Expenses Previously
Allowed & Paid Under Prior
Fee Applications:                          $598,045.20

Fees and Expenses
Previously Paid for the Seventh
Interim Application Period:                 $ 0.00

Holdback Amount (20% of Fees):              N/A

This is a(n):                               Final Application

Pursuant to Sections 330 and 331 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals [Dkt. 82] (the "Compensation Procedures Order"), Gem Certification & Assurance Lab, Inc., "GCAL" (the "Applicant" ) submits this final application (the "Final Fee Application") seeking allowance and payment of compensation for services rendered and reimbursement of actual and necessary expenses incurred as appraiser to the Chapter 11 Trustee during (i) the period May 1, 2020 through July 31, 2020 (the "Seventh Interim Application Period") on an interim basis; and (ii) , the period June 29, 2018 through July 31, 2020 (the "Final Application Period") on a final basis.   In support of this Final Fee Application, the Applicant respectfully states as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.     This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is core proceeding under 28 U.S.C. § 157(b).   Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief sought in this Fourth Interim Fee Application are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1.   This Final Fee Application has been prepared in accordance

with General Order M-447, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (as updated June 17, 2013) (the "Local Guidelines").  Attached hereto as **Exhibit A** is a certification regarding compliance with the Guidelines.

## BACKGROUND

3.      On February 26, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      On June 14, 2018, the Court entered an order approving the appointment of Richard Levin as chapter 11 trustee (the "Trustee") in these cases. [Dkt. 227.] Since his appointment, the Trustee has been managing the Debtors' estates in an effort to maximize recoveries for the Debtors' creditors.

5.      On July 26, 2018, the Court approved the Trustee's retention and employment of GCAL, Inc. as his Appraiser nunc pro tunc to June 29, 2018 (the "Retention Order"). A copy of the Retention Order is attached hereto as **Exhibit B**.

## PRIOR FEE APPLICATIONS

6.      On October 9, 2018, GCAL filed the *First Application of Gem Certification & Assurance Lab, Inc. as Appraiser to the Chapter 11 Trustee for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From June 29, 2018 Through and Including August 31, 2018* (Dkt. 495) (the "First Interim Fee Application"). The First Interim Fee Application requested approval and allowance of $74,468.75 in fees and $0.00 in reimbursable expenses for services rendered during the period from June 29, 2018 through August 31, 2018. On

October 31, 2018, the Court approved the First Interim Fee Application in the full amounts requested (Dkt. 562).

7.    On March 7, 2019, GCAL filed the *Second Application of Gem Certification & Assurance Lab, Inc. as Appraiser to the Chapter 11 Trustee for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From September 1, 2018 Through and Including December 31, 2018* (Dkt. 732) (the "Second Interim Fee Application"). The Second Interim Fee Application requested approval and allowance of $163,099.50 in fees and $0.00 in reimbursable expenses for services rendered during the period from September 1, 2018 through December 31, 2018. On April 18, 2019, the Court approved the Second Interim Fee Application in the full amounts requested (Dkt. 825).

8.    On June 26, 2019, GCAL filed the *Third Application of Gem Certification & Assurance Lab, Inc. as Appraiser to the Chapter 11 Trustee for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From January 1, 2019 Through and Including April 30, 2019* (Dkt. 954) (the "Third Interim Fee Application"). The Third Interim Fee Application requested approval and allowance of $143,662.50 in fees and $0.00 in reimbursable expenses for services rendered during the period from January 1, 2019 through April 30, 2019. On July 31, 2019, the Court approved the Third Interim Fee Application in the full amounts requested (Dkt. 991).

9.    On October 28, 2019, GCAL filed the *Fourth Application of Gem Certification & Assurance Lab, Inc. as Appraiser to the Chapter 11 Trustee for Interim Allowance of*

*Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From May 1, 2019 Through and Including August 31, 2019* (Dkt. 1194) (the "Fourth Interim Fee Application"). The Fourth Interim Fee Application requested approval and allowance of $105,118.75 in fees and $72,823.21 in reimbursable expenses for services rendered during the period from May 1, 2019 through August 31, 2019. On November 26, 2019, the Court approved the Fourth Interim Fee Application in the full amounts requested (Dkt. 1281).

10.    On February 27, 2020, GCAL filed the *Fifth Application of Gem Certification & Assurance Lab, Inc. as Appraiser to the Chapter 11 Trustee for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From September 1, 2019 Through and Including December 31, 2019* (Dkt. 1424) (the "Fifth Interim Fee Application"). The Fifth Interim Fee Application requested approval and allowance of $26,878.75 in fees and $0.00 in reimbursable expenses for services rendered during the period from September 1, 2019 through December 31, 2019. On April 2, 2020, the Court approved the Fifth Interim Fee Application in the full amounts requested (Dkt. 1460).

11.    On June 2, 2020, GCAL filed the *Sixth Application of Gem Certification & Assurance Lab, Inc. as Appraiser to the Chapter 11 Trustee for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From January 1, 2020 Through and Including April 30, 2020* (Dkt. 1514) (the "Sixth Interim Fee Application"). The Sixth Interim Fee Application requested approval and allowance of $11,993.75 in fees and $0.00 in reimbursable expenses for

services rendered during the period from January 1, 2020 through April 30, 2020. On

July 20, 2020, the Court approved the Sixth Interim Fee Application in the full amounts

requested (Dkt. 1571).

## SUMMARY OF SERVICES RENDERED AND DISBURSEMENTS INCURRED

12.     This is the final fee application submitted by GCAL in this case.

13.     GCAL attaches the following in support of its Final Fee Application:

- **Exhibit C** is a summary of the compensation sought by GCAL by billing
  category/company for the Seventh Interim and Final Application Periods

- **Exhibit D** is a list of the professionals who have worked on this case during
  the Seventh Interim and Final Application Periods, the aggregate time
  invested by each individual, the applicable hourly billing rate, and the
  amount of fees attributable to each individual.

- **Exhibit E** is a summary of the actual and reasonable expenses incurred by
  GCAL during the Final Application Period.

### Narrative Summary of Services Rendered by Billing Category/Company

14.     The following is a brief description of the principal activities of GCAL's

professionals during the Final Application Period for each project category/company,

consistent with the requirements of section C(8)(c) of the U.S. Trustee Guidelines and

section A(4)(iii) of the Local Guidelines.

15.     During the Final Application Period, GCAL professionals assisted the

Trustee with, among other things, preparation of in-house inventory and consigned

inventory in support of monthly operating report preparation, arbitration support,

valuation of the various debtors, preparation and inspection of inventory, conducting and organizing auction sales, litigation support, memo reconciliation, inventory valuation, and communication with the trustee and his colleagues. During the Final Application Period, GCAL, Inc. professionals spent a total of 2,317.75 hours on the foregoing services, having a lodestar value of $529,465.50.  During the Seventh Interim Application Period, GCAL, Inc. professionals spent a total of 22.75 hours on the foregoing services, having a lodestar value of $4,512.50.

## EVALUATING THE APPLICANT'S SERVICES

16.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 of the Bankruptcy Code to govern the Bankruptcy Court's award of such compensation. Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered … and reimbursement for actual, necessary expenses." Section 330 also sets forth the criteria for the award of such compensation and reimbursement.

17.    In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

    a.    the time spent on such services;

    b.    the rates charged for such services;

c.       whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

d.       whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

e.       whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

18.    GCAL respectfully submits that its request for allowance of compensation is reasonable and appropriate.  The services rendered by GCAL were appropriate in light of GCAL's role as the Trustee's appraiser in this case.

## <u>CONCLUSION</u>

WHEREFORE, GCAL respectfully requests that this Court enter an order substantially in the form of **<u>Exhibit F</u>** (a) approving an interim allowance of appraiser fees in the amount of $4,512.50 for services rendered and expenses incurred during the Seventh Interim Application Period; (b) approving a final allowance of appraiser fees in the amount of $529,465.50 and reimbursement of reasonable and actual expenses in the amount of $72,823.21 for services rendered during the Final Application Period; (c) authorizing the Trustee to pay GCAL all allowed fees and allowed expenses that have not previously been paid; and (d) granting such other and further relief as may be just and proper.

Dated: September 2, 2020
      New York, NY

**GEM CERTIFICATION & ASSURANCE LAB, INC**

By: _____

Donald A. Palmieri
580 Fifth Avenue, Suite LL-05
New York, New York 10036
Telephone: (212) 869-8985
Facsimile: (212) 869-2315
Email: iso@gemfacts.com
Appraiser to the Chapter 11 Trustee

## EXHIBIT A

**(Certification of Angelo W. Palmieri)**

**GEM CERTIFICATION & ASSURANCE LAB, INC.**
Donald A. Palmieri
580 Fifth Avenue, Suite LL-05
New York, New York 10036
Telephone: (212) 869-8985
Facsimile: (212) 869-2315

*Appraiser to the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
                                                              :
In re:                                                        :          Chapter 11
                                                              :
FIRESTAR DIAMOND, INC., et al.                                :          Case No. 18-10509 (SHL)
                                                              :
Debtors. [2]                                                  :          (Jointly Administered)
                                                              :
---------------------------------------------------------------X


**CERTIFICATION OF ANGELO W. PALMIERI OF THE FINAL FEE APPLICATION OF**
**GEM CERTIFICATION & ASSURANCE LAB, INC. AS APPRAISER TO THE CHAPTER 11**
**BANKRUPTCY TRUSTEE FOR COMPENSATION FOR SERVICES RENDERED**
**AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM**
**JUNE 29, 2018 THROUGH JULY 31, 2020**

I, Angelo W. Palmieri, hereby certify that:

1.      I am a partner of the company Gem Certification & Assurance Lab, Inc.. By

Order of the Court, dated July 26, 2018, the Trustee was authorized to retain and employ

GCAL, Inc. as his appraiser nunc pro tunc to June 29, 2018.

2.      I am the professional designated by GCAL, Inc. with the responsibility for

compliance with the Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases (as updated June 17, 2013) (the "Local Guidelines"), adopted by the Executive Office for the United States Trustee (the "UST Guidelines", and together with the Local Guidelines, the "Guidelines") and the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and

3.    Local Rule 2016-1 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals [Dkt. 82] (the "Interim Compensation Order").

4.    This Certification is made in support of GCAL's Final application (the "Final Fee Application") for the allowance of compensation for services rendered and reimbursement of expenses incurred for the period from June 29, 2018 through and including July 31, 2020.

5.    I have reviewed the Final Fee Application.

6.    To the best of my knowledge, information and belief formed after reasonable inquiry of GCAL Inc.'s accounting personnel, the Final Fee Application complies with the mandatory guidelines set forth in the Guidelines.

7.    The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by GCAL, Inc. and generally accepted by GCAL Inc.'s clients.

8.    To the best of my knowledge, information and belief formed after reasonable inquiry of GCAL Inc.'s personnel, GCAL, Inc. does not make a profit in connection with any disbursements sought in the Final Fee Application.

9.    To the best of my knowledge, information and belief formed after reasonable inquiry of GCAL Inc.'s accounting personnel, GCAL, Inc. does not include in the amount of any disbursements the amortization of the cost of any investment, equipment or capital outlay.

10.     GCAL, Inc. maintains supporting documentation for each item for which reimbursement is sought and such documentation is available for review on request by the Court or the United States Trustee.

11.     GCAL, Inc. has complied with the provisions requiring it to provide the United States Trustee for the Southern District of New York and the Debtors with a statement of the Applicant's fees and expenses.

12.     The Notice Parties (as defined in the Interim Compensation Order) will each be provided with a copy of the Final Fee Application.

Dated: September 2, 2020
        New York, NY

By: _____
Angelo W. Palmieri
580 Fifth Avenue, Suite LL-05
New York, New York 10036
Telephone: (212) 869-8985
Facsimile: (212) 869-2315
Email: iso@gemfacts.com
Appraiser to the Chapter 11 Trustee

## EXHIBIT B

**(Retention Order)**

**EXHIBIT C**

**TIME SUMMARY BY CATEGORY**
For the Period of May 1, 2020 through July 31, 2020

| Billing Category/Company | Blended | Hours | Total |
|---|---|---|---|
| Firestar/Fantasy/A. Jaffe | $206.25 | 17.00 | $3,506.25 |
| Nirav Modi Inc. | $175.00 | 5.75 | $1,006.25 |
| **TOTAL** | | **22.75** | **$4,512.50** |

**TIME SUMMARY BY CATEGORY**
For the Period of June 29, 2018 through July 31, 2020

| Billing Category/Company | Hours | Hourly Rate | Total Compensation |
|---|---|---|---|
| Firestar/Fantasy | 1,420.50 | Mixed | $371,824.25 |
| FDI Loose Diamonds | 226.50 | Mixed | $45,768.75 |
| A. Jaffe | 89.00 | Mixed | $17,812.50 |
| NMI Jewelry | 581.75 | Mixed | $94,060.00 |
| **TOTAL** | **2,317.75** | | **$529,465.50** |

## **EXHIBIT D**

## **TIME SUMMARY BY PROFESSIONAL**
For the Period of May 1, 2020 through July 31, 2020

| Name | Position | Hourly | Hours | Total |
|------|----------|--------|-------|-------|
| Angelo W. Palmieri | Chief Operating | $175 | 18.50 | $3,237.50 |
| Donald A. Palmieri | President | $300 | 4.25 | $1,275.00 |
| | | | | |
| **TOTAL** | | | **22.75** | **$4,512.50** |

## **TIME SUMMARY BY PROFESSIONAL**
For professional services rendered June 29, 2018 through July 31, 2020

| Name | Position | Hours | Hourly Rate | Total Compensation |
|------|----------|-------|-------------|--------------------|
| Angelo W. Palmieri | Chief Operating Office | 1,195.75 | $175 | $208,115.50 |
| Donald A. Palmieri | President | 1,027.50 | $300 | $308,025.00 |
| Christy Rawlings | Senior Diamond Grader | 15.00 | $150 | $2,250.00 |
| Erick Castille | Laboratory Technician | 12.00 | $100 | $1,200.00 |
| Joseph Waldeck | Laboratory Technician | 20.00 | $100 | $2,000.00 |
| Sharrie Woodring | Senior Research Gemologist | 25.00 | $175 | $4,375.00 |
| Halina Kaban | Laboratory Director | 5.00 | $175 | $875.00 |
| Karen Leow | Senior Diamond Grader | 17.50 | $150 | $2,625.00 |
| **TOTAL** | | **2,317.75** | | **$529,465.50** |

## EXHIBIT E

### Expense Summary
For Reimbursed Expenses for June 29, 2018 through July 31, 2020

| Summary of Expense Reimbursement | Total Expense |
|---|---|
| Payment of Firestar Staff | $65,000.00 |
| Jewelry Repair | $6,545.00 |
| Malca-Amit Shipping | $580.00 |
| Showcase Rental (JCK) | $698.21 |
| **TOTAL** | $72,823.21 |

**<u>EXHIBIT F</u>**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                    :
In re:                                              :          Chapter 11
                                                    :
FIRESTAR DIAMOND, INC., et al.                      :          Case No. 18-10509 (SHL)
                                                    :
Debtors.[1]                                         :          (Jointly Administered)
                                                    :
-----------------------------------------------------------------X


**[PROPOSED] ORDER GRANTING FINAL APPLICATION OF GEM CERTIFICATION &
ASSURANCE LAB, INC. AS APPRAISER TO THE CHAPTER 11 TRUSTEE FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED FOR THE PERIOD FROM MAY 1, 2020 THROUGH JULY 31, 2020**

Gem Certification & Assurance Lab, Inc., appraiser to Chapter 11 Trustee Richard

Levin (the "Trustee"), has filed an application (the "Application") for an order approving

GCAL, Inc. requested compensation and reimbursement of expenses for the period from May

1, 2020 through July 31, 2020 (the "Application Period") under sections 330 and 331 of title 11

of the United States Code, 11 U.S.C. § 101 – 1532 (the "Bankruptcy Code"), Rule 2016 of the

Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Local Rule 2016-1 of the

Local Bankruptcy Rules of the Southern District of New York (the "Local Rules"), and the

Court's Order Pursuant to Sections 105(A) and 331 of the Bankruptcy Code, Bankruptcy Rule

2016 and Local Rule 2016-1 Establishing Procedures for Monthly Compensation and

Reimbursement of Expenses of Professionals [Dkt. 82] (the "Compensation Procedures

Order"). The Court has reviewed the Application and has heard statements in support of the

---

[1] The Debtors in these jointly administered chapter 11 cases and the last four digits of each Debtor's federal tax
identification number are:  (i) Firestar Diamond, Inc. ("Firestar") (2729); (ii) Old AJ, Inc. f/k/a A. Jaffe ("Jaffe"),
Inc. (4756); and (iii) Fantasy, Inc. ("Fantasy") (1673).

Application at a hearing held before the Court (the "Hearing") and any objections to the relief requested in the Application. The Court finds it has jurisdiction and authority over this matter under 28 U.S.C. § 157 and 1334, the Application is a core proceeding under 28 U.S.C. § 157(b)(2), and venue of this proceeding and the Application in this district is proper under 28 U.S.C. § 1409. GCAL, Inc. has provided appropriate notice of the Application under the circumstances and no other or further notice is required. Any objections to the relief requested in the Application having been withdrawn or overruled on the merits, and after due deliberation, it is ORDERED:

1.    The Application is granted.

2.    Gem Certification & Assurance Lab, Inc. is allowed on an interim basis compensation in the amount of $4,512.50 for services rendered incurred during the Seventh Interim Application Period.

3.    Gem Certification & Assurance Lab, Inc. is allowed on a final basis compensation in the amount of $529,465.50 in fees and $72,823.21 in reasonable and actual expenses for services rendered during the Final Application Period.

3.    The Trustee is authorized to pay GCAL, Inc. all allowed fees and expenses that have not previously been paid.

4.    The Trustee and GCAL, Inc. may take all actions necessary to effect the relief granted in this Order.

5.    To the extent there is any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

6.    This Court shall have exclusive jurisdiction to hear and determine all matters

arising from or relating to this Order and its implementation.

7.      This Order shall be effective and enforceable immediately upon its entry.


                                         _____

The Honorable Sean H. Lane
United States Bankruptcy Judge