JENNER & BLOCK LLP
Richard Levin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

Angela Allen (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for the Firestar Diamond Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br>No. 18-10509 (SHL)<br>(Jointly Administered)<br><br>**Related Dkts: 1121, 1157, 1158, 1161** |

**TRUSTEE'S STATEMENT**
**OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF TRUSTEE'S MOTION**
**FOR SUMMARY JUDGMENT ON HIS OBJECTIONS TO CLAIMS OF**
**BANK OF INDIA (BHARAT DIAMOND BOURSE BRANCH) [NO. 55], BANK OF**
**INDIA (ANTWERP BRANCH)/FIRESTAR DIAMOND BVBA [NO. 12], UNION**
**BANK OF INDIA [NO. 16], AND BANK OF INDIA (LONDON BRANCH) [NO. 17]**

Richard Levin, as liquidating trustee (the "**Trustee**") for the Firestar Diamond Liquidating Trust, respectfully submits, under Rule 7056-1(b) of the Local Bankruptcy Rules for the Southern District of New York, the following statement of undisputed materials facts in support of his motion for summary judgment on his objection to claims of Bank Of India (Bharat Diamond Bourse Branch) [No. 55], Bank Of India (Antwerp Branch)/Firestar

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

Diamond BVBA [No. 12], Union Bank Of India [No. 16], and Bank Of India (London Branch) [No. 17].[2]

## I. The Chapter 11 Case.

1. The chapter 11 debtor Firestar Diamond, Inc. ("**Firestar**") operated a wholesale jewelry business in New York. *Report of John J. Carney, Examiner* at 33, Dkt. 394 ("**Examiner Report**").[3]

2. With two other debtors (A. Jaffe, Inc. and Fantasy, Inc.), Firestar was part of the international diamond and jewelry business of Nirav Modi, who owned and controlled the debtors and numerous other affiliated diamond and jewelry businesses in the United States, India, Belgium, Hong Kong, the United Kingdom, and the United Arab Emirates. *Declaration of Mihir Bhansali* at 4-5, Dkt. 2.

3. The three debtors filed chapter 11 petitions in the Bankruptcy Court for this district on February 26, 2018. Dkt. 1, Case No. 18-10509; Dkt. 1, Case No. 18-10510; Dkt. 1, Case No. 18-10511.

4. These bankruptcy cases were filed in the shadows of an alleged massive fraud. Less than one month before the bankruptcies were filed, Punjab National Bank ("**PNB**") filed a complaint against Nirav Modi and several of his associated entities, alleging "the largest bank fraud in Indian history" against PNB and other banks in which Mr. Modi and his co-conspirators used fraudulently obtained Letters of Understanding ("**LOUs**") to perpetrate the alleged bank fraud. According to Indian authorities, the perpetrators used a series of entities that "posed as independent third parties in sham transactions to import gemstones

---

[2] After the completion of briefing, the Trustee will file and provide the Court with a hard copy of an appendix including all documents previously in the record and cited by the parties in their briefing.

[3] Unless otherwise noted, "Dkt." refers to docket entries in *In re Firestar Diamond, Inc.*, No. 18-10509 (SHL) (Bankr. S.D.N.Y.).

and other jewelry related goods valued at billions of dollars in order to obtain bank financing in the form of LOUs." Memorandum of Decision, *In re Firestar Diamond, Inc.*, 615 B.R. 161 (Bankr. S.D.N.Y. 2020) ("*Firestar I*"); Examiner Report at 4, 8–9.

5. The Indian Central Bureau of Investigation claims that Mr. Modi and his co-conspirators obtained approximately $4 billion from PNB through the fraudulently issued LOUs. *Firestar* I, 615 B.R. at 163.

6. Richard Levin was appointed Chapter 11 Trustee, and this Court approved the appointment, on June 14, 2018. *See* Dkts. 222, 227.

7. This Court confirmed the Trustee's Modified First Amended Plan, Dkt. 1539 (the "**Plan**"), by order entered July 17, 2020. Dkt. 1569. The Plan provided for the creation of the Firestar Diamond Liquidating Trust, Plan Art. V at 21–26, appointed Richard Levin as the Liquidating Trustee. *Id.* § I.1.60 at 5, and vested in the Liquidating Trustee all the Chapter 11 Trustee's rights and defenses with respect to disputed claims. *Id.* § 5.13.3 at 27.

## II.    The Affiliates' Claims Against Firestar.

8. Among the entities that Firestar traded with were its affiliates Firestar Diamond International Private Limited, an Indian entity ("**FDIPL**"), Firestar Diamond BVBA, a Belgian entity ("**BVBA**"), and Firestar Diamond FZE, an Emirati entity ("**FZE**," collectively, the "**Affiliates**"). *See, e.g.,* BVBA Proof of Claim, Dkt. 1114-1 ("**BVBA POC**"); BOI-B Proof of Claim, Dkt. 1157-1 ("**BOI-B POC**"); BOI-Bharat Diamond Bourse Invoices, Dkt. 1209-1; Union Bank of India Commercial Documents, Dkt. 1215-3; Bank of India (London Branch) Commercial Documents, Dkt. 1217-5.

9. Firestar appears to have regularly purchased goods from and sold goods to FDIPL, BVBA, and FZE, who issued invoices to Firestar, some of which remained unpaid at the bankruptcy petition date. *See, e.g., id.*

10. In the six years before the bankruptcy, Firestar made numerous transfers of

3

millions of dollars of cash and merchandise to FDIPL, BVBA, and FZE in furtherance of the fraud. *See Objection to BVBA Claim* at 6-9, Dkt. 1114 ("**BVBA Objection**"); *Objection to BOI-B Claim* at 6-9, Dkt. 1157 ("**BOI-B Objection**"); *Objection to BOI-L Claim* at 5-8, Dkt. 1158 ("**BOI-L Objection**"). Many of the cash transfers within one year before the bankruptcy appeared to be in payment of invoices for merchandise FDIPL, BVBA, or FZE shipped to Firestar. *Id.*

11.     The Trustee has asserted that the transfers were avoidable under section 548(a)(1)(A) of the Bankruptcy Code, 11 U.S.C. § 548(a)(1)(A), or section 273 of the New York Debtor Creditor Law as transfers made with actual intent to hinder, delay, or defraud creditors. BVBA Objection at 7-9; BOI-B Objection at 7-9; BOI-L Objection at 8-9. In addition, the Trustee has asserted that any transfers made within one year before the bankruptcy petition are avoidable under section 547, 11 U.S.C. § 547, of the Bankruptcy Code as insider preferences. *Id.*

12.     The Trustee brought actions against FDIPL and BVBA to avoid those transfers and recover the amounts or their value under section 550(a) of the Bankruptcy Code, Adv. Proc. 20-01053-SHL (Bankr. S.D.N.Y. Feb. 25, 2020), and has asserted the voidability of the transfers to FZE in the objection to BOI-L's proof of claim. BOI-L Objection at 6-7.

13.     None of the Affiliates has paid or returned any of the money or property that is recoverable from them under section 550. BVBA Objection at 9; BOI-B Objection at 8; BOI-L Objection at 9.

14.     This Court has found that in the Banks' responses to the Trustee's Objections, "[t]he Banks have not presented any evidence or argument to contradict the Trustee on these points." *Firestar I*, 615 B.R. at 169.

4

### III. The Affiliates' Transactions With The Banks.

15. As set forth in more detail in paragraphs 16 through 23, *infra*, each of the Affiliates financed their accounts receivable, including their rewceivables from Firestar, with one or more of the Banks. The financing relationships and the amounts claimed by each of the Banks as of the bankruptcy petition date on account of the unpaid financed receivables for each of the Affiliates were:

| Affiliate | Bank | Amount |
|---|---|---|
| FDIPL | BOI-B | $723,900.00 |
| BVBA | UBI | $3,168,074.63 |
| BVBA | BOI-A | $945,984.40 |
| FZE | BOI-L | $367,124.60 |

*See* BOI-B POC, BVBA POC; *Bank of India (London Branch) Proof of Claim*, Dkt. 1158-1 ("**BOI-L POC**"); *Union Bank of India Proof of Claim*, Dkt. 1161-1 ("**UBI POC**").[4]

#### A. FZE and Bank of India (London Branch).

16. FZE financed its accounts receivables, including those from Firestar, with Bank of India (London Branch) ("**BOI-L**"). *See BOI-L Credit Facility*, Dkt. 1217-1; *BOI-L Amended Credit Facility*, Dkt. 1217-2; *BOI-L Credit Facility Renewal Terms*, Dkt. 1217-3; *BOI-L Deed of Hypothecation*, Dkt. 1217-4.

17. BOI-L's Claim arises from one transaction between Firestar and FZE. BOI-L provided a credit facility to FZE under a "Facility Agreement" dated as of July 2, 2012, Dkt. 1217-1, amended and restated as of July 31, 2013, Dkt. 1217-2, and continued and extended

---

[4] The record is unclear whether the amounts are the amounts owing under the Banks' credit facilities or the amounts of outstanding invoices from the Affiliates. *Compare* BOI-B POC, BVBA POC, BOI-L POC, and UBI POC *with* Dkt. 1209 (the "**BOI-B Response**"); Dkt. 1215 (the "**UBI Response**"); Dkt. 1216 (the "**BOI-A Response**"); Dkt. 1217 (the "**BOI-L Response**," and together with the BOI-B Response, UBI Response, BOI-A Response, and BOI-L Response, the "**Responses**"). This Court's Memorandum of Decision lists a different amount for the claims of the Receivers on behalf of BOI-A and UBI. *See Firestar I*, 615 B.R. at 164. The differences are not material for purposes of this Motion.

5

as of April 4, 2016, Dkt. 1217-3. It provides a borrowing limit, *id.*, interest on borrowings, *id.*, cash collateral, Dkt. 1217-1 at 2, a Deed of Hypothecation to secure the borrowings under the facility, Dkt. 1217-4, guarantees of the amounts owing by Nirav Modi and two affiliates, Dkt. 1217-1 at 3-4, and repayment terms, *id.* at 10. The Facility Agreement is governed by English law. *Id.* at 31. Nowhere do the agreements provide for the purchase by BOI-L from FZE of any accounts receivable or Firestar's express agreement to a direct obligation to BOI-L. *See* Dkt. 1217-1, 1217-2, 1217-3, 1217-4. The commercial invoices that FZE issued to Firestar direct Firestar to pay BOI-L, but for "Ultimate Beneficiary Firestar Diamond FZE." *BOI-L Commercial Documents*, Dkt. 1217-5

### B. BVBA and Bank of India (Antwerp Branch).

18.  BVBA financed its accounts receivable, including those from Firestar, with Bank of India (Antwerp Branch) ("**BOI-A**"). *See BVBA Pledge of Receivables*, Dkt. 1216-1; *BOI-A Credit Agreements*, Dkt. 1216-2.

19.  BOI-A's Claim arises from three transactions between Firestar and BVBA. BOI-A provided a "Credit Line" to BVBA, Dkt. 1216-2, which was renewed and extended from time to time, with the last iteration dated January 30, 2017, *id.* at 27-31. The Credit Line was governed by a cover letter specifying the major terms, *id.*, and by "General Credit Conditions." Dkt. 1216-3. The cover letter provides a borrowing limit, Dkt. 1216-2 at 27, security for the borrowings, including a margin or by which pledged receivables must exceed the borrowed amounts, *id.* at 27-30, pledge of receivables, *id.* at 28, interest on borrowings, *id.* at 29-30, cash collateral, *id.* at 29, and guarantees of the amounts owing by Nirav Modi, Neeshal Modi, and two affiliates, *id.* The General Credit Conditions provide repayment terms, Dkt. 1216-3 at 7-9, and enforcement of security interests, *id.* at 9-10, and is governed by Belgian law, *id.* at 12. Nowhere do the agreements provide for the purchase by BOI-A from BVBA of any accounts receivable or Firestar's express agreement to a direct obligation to

6

BOI-A. *See* Dkt. 1216-1, 1216-2, 1216-3. The commercial invoices that BVBA issued to Firestar direct Firestar to pay BOI-A, but for "Ultimate Credit to [account no. …] of Firestar Diamond BVBA." *See, e.g.*, Dkt. 1216-4 at 2, Dkt. 1216-5 at 2, Dkt. 1216-6 at 2, Dkt. 1216-8 at 2, Dkt. 1216-9 at 2; Dkt. 1216-10 at 2.

### C. BVBA and Union Bank of India.

20. BVBA also financed its accounts receivable, including those from Firestar, with Union Bank of India ("**UBI**"). *See BVBA Pledge of Receivables*, Dkt. 1216-1; *BOI-A Credit Agreements*, Dkt. 1216-2.

21. UBI's Claim arises from three transactions between Firestar and BVBA. BVBA and UBI entered into a "Pledge of Receivables Agreement," dated as of October 16, 2014. Dkt. 1215-1 ("**UBI Pledge**"). The UBI Pledge refers to "a facility agreement dated 16 October 2014 pursuant to which [UBI] has granted to [BVBA] an on demand invoice discounting facility in the maximum principal amount of USD 9,000,000." *Id.* at 4. The Agreement provides that BVBA "hereby grants to the [UBI] a right of pledge" over all its receivables to secure payment of liabilities under the facility agreement. *Id.* at 5. Although the Agreement permits UBI to notify BVBA's account debtors whose accounts are overdue to pay UBI directly, the Agreement otherwise permits BVBA to collect its own receivables. *Id.* ¶ 4 at 6. The Agreement, which is governed by Belgian law, *id.* ¶ 17 at 11, permits UBI to exercise all remedies it is authorized to exercise under Belgian law if any of the secured liabilities became due and payable but remain unpaid. *Id.* ¶ 8 at 9. Nowhere does the Pledge of Receivables Agreement provide for the purchase by UBI from BVBA of any accounts receivable or Firestar's express agreement to a direct obligation to UBI. *See generally* Dkt. 1216-1. The commercial invoices that BVBA issued to Firestar direct Firestar to pay "to the credit of" UBI, but for "further credit to [account no. …] of Firestar Diamond BVBA." Dkt. 1215-2 at 2-4; Dkt. 1215-3 at 2; Dkt. 1215-4 at 2; Dkt. 1215-5 at 2.

### D. FDIPL and Bank of India (Bharat Diamond Bourse Branch).

22.    FDIPL financed its accounts receivable, including those from Firestar with Bank of India (Bharat Diamond Bourse Branch) ("**BOI-B**," together with BOI-L, BOI-A, and UBI, the "**Banks**"). *See* BOI-B POC at 5, 13, 22, 28, 33, 47, 52.

23.    BOI-B's Claim arises from seven transactions between Firestar and FDIPL. The record does not contain a credit or pledge agreement governing the relationship between BOI-B and FDIPL, only eight "bills," drawn by FDIPL on BOI-B. *See id.* Each bill provides that FDIPL "enclose[s] the following bill for Collection / Purchase / Negotiation with recourse to us [FDIPL]. Please purchase/negotiate / Discount under PSCFC/NON-PSCFC/FCFDB/Rupee Advance Scheme," specifying the bill amount and the tenor (maturity). *Id.* Each bill is "subject to the conditions printed on the back hereof," but the back is not included in the record. *Id.* Nowhere do the bills provide for the purchase by BOI-B from FDIPL of any accounts receivable or Firestar's express agreement to a direct obligation to BOI-B. *See id.* Each bill attaches an invoice from FDIPL to Firestar, which requests that Firestar pay BOI-B through a correspondent bank in New York for "further credit to our [FDIPL's] A/C [number] with Bharat Diamond Bourse Branch." *Id.* at 6-8, 14-17, 23 [partially obscured], 29, 34, 39-43, 48, 53.

### IV.    The Banks' Claims Against Firestar.

24.    The Banks' Proofs of Claim and the supporting materials the Banks provided in response to the Trustee's Objections to their Claims are described above and contain all of the documents governing the transactions between the Affiliates and Firestar and between the Affiliates and the Banks. *See generally* BVBA POC, BOI-B POC, UBI POC, BOI-L POC.

8

25. The Proofs of Claim and the supporting materials do not contain any documents evidencing transactions directly between Firestar and any of the Banks. *See id.*

Dated: June 30, 2021
New York, New York

Respectfully submitted,

**JENNER & BLOCK LLP**

By: */s/ Richard Levin*
Richard Levin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
rlevin@jenner.com
cwedoff@jenner.com

Angela Allen (admitted *pro hac vice*)
353 N. Clark St.
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com

*Counsel for the Firestar Diamond Liquidating Trustee*